**FILED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAY 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Michael West, )
P.O. Box 1935, )
St. Charles, MO 63302, )
No phone, )
          Petitioner, )
v. )  Ca
)
Margaret Spellings, )
Secretary of the United States Department )
Of Education, )
Headquarters, FOB-6, )
400 Maryland Avenue, SW, )
Washington, DC 20202 )
)
          Respondent. )

CASE NUMBER   1:06CV01012

JUDGE: Rosemary M. Collyer

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 06/01/2006

## COMPLAINT

COMES Now the petitioner Michael West, pro se, and as and for his complaint states:

1. This action is brought pursuant to the Freedom of Information Act. as amended, 5 USC § 552, referred to as "FOIA", to require public disclosure of all records specifically and previously requested, contained in the U.S. Department of Education ("DOE") files.

2. This court has jurisdiction of this action pursuant to the Freedom of Information Act, as amended , 5 USC § 552(a)(4)(B); the Administrative Procedure Act, 5 USC §§ 701 et seq.; and the All Writs Act, 28 USC § 1651.

3. Petitioner Michael West is a natural born citizen and concerned private individual, with his principle residence within the St. Louis Metropolitan area located in the State of Missouri.

4. As a proximate and direct result of the respondent's unfair practices, petitioner has been repeatedly subjected to homelessness over the past two years because of DOE's discriminatory practices in violation of the "programs and activities" provisions pertaining to: (1) persons with physical disabilities, (2) the "homeless", or (3) failing to take appropriate agency enforcement and compliance action with respect to retaliation proviso under federal statutes – failure to investigate. See Executive Order 12892; 34 CFR Part 105; & 28 CFR Part 35.

5. Respondent DOE is a federal administrative agency of the United States created pursuant to 20 USC 3402 et seq., with its principle offices located at 400 Maryland Avenue, SW, Washington, DC 20202.



**RECEIVED**

MAY 1 2 2006

SUPERIOR COURT

2

6.  Respondent DOE and its agents constitute an "agency" within the meaninf of FOIA., 5 USC § 552(e), and is conducting business within the meaning of FOIA, 5 USC 552(e), and is conducting business within this federal judicial district.  And respondent, Margaret Spellings, is the Secretary of that agency.

*****

## First Cause of Action - FOIA

## COUNT ONE

ORIGINAL FOIA AGENCY REQUEST

7.  On or about November 25, 2006, petitioner, and pursuant to the FOIA, 5 USC § 552(a), requested by correspondence that the respondent produce copies of all records and other materials:

"First, upon receipt of this email, please compile all of the retaliation and discrimination allegations made against Webster University that you have received or aware.

Second, after you compile all of these allegations against Webster University above, please then make a separate list of those allegations that have not been investigated by this federal agency."

8.  By agency inaction, the respondent did not comply and denied petitioner's requests for information and materials with respect to this specific request, above, involving petitioner in their possession.

9.  No control number was assigned to this request.

10. No statutory exceptions apply for the agency's withholding of information and materials.

FOIA AGENCY APPEAL

11. On or about March 1, 2006, petitioner appealed the denial pursuant to applicable procedure, and requested that the denied documents be made available.

12. No control number was assigned to this FOIA appeal.

13. More than twenty working days had passed since respondent DOE"s receipt of petitioner's FOIA request.

14. DOE has not notified petitioner as to whether it will fully comply with petitioner's requests.

2

15. Thus, under 5 USC § 552(a)(6)(A) and 5 USC § 552(a)(6)(C), petitioner has exhausted all of his administrative remedies in attempting to obtain the materials requested under the FOIA.

16. On information and belief, all of the information sought by petitioner is within the provisions of the FOIA, 5 USC § 552(a) (3), and is required to be disclosed by respondents.

17. Respondent's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures petitioner by depriving him of public information to which he is entitled access.

## Second Cause of Action - FOIA

## COUNT TWO

ORIGINAL FOIA AGENCY REQUEST

18. On or about November 25, 2006, petitioner, and pursuant to the FOIA, 5 USC § 552(a), requested by correspondence that the respondent produce copies of all records and other materials:

"All information and materials that are responsive or pertain to a letter provided to this specific branch of the U.S. Dept. of Education Office for "Reconsideration for 07052031" dated October 3, 2005."

19. By agency inaction, the respondent did not comply and denied petitioner's requests for information and materials with respect to this specific request, above, involving petitioner in their possession.

20. No control number was assigned to this request.

21. No statutory exceptions apply for the agency's withholding of information and materials.


FOIA AGENCY APPEAL

22. On or about February 10, 2006, petitioner appealed the denial pursuant to applicable procedure, and requested that the denied documents be made available.

23. No control number was assigned to this FOIA appeal.

24. More than twenty working days had passed since respondent DOE's receipt of petitioner's FOIA request.

25. DOE has not notified petitioner as to whether it will fully comply with petitioner's requests.

3

26. Thus, under 5 USC § 552(a)(6)(A) and 5 USC § 552(a)(6)(C), petitioner has exhausted all of his administrative remedies in attempting to obtain the materials requested under the FOIA.

27. On information and belief, all of the information sought by petitioner is within the provisions of the FOIA, 5 USC § 552(a) (3), and is required to be disclosed by respondents.

28. Respondent's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures petitioner by depriving him of public information to which he is entitled access.


## RELIEF REQUESTED

WHEREFORE, for all of the foregoing reasons, petitioner requests that this court:

29. Deem the information sought by petitioner to constitute public information within the meaning of the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B);

30. Enjoin respondent from withholding the requested information and materials from petitioner;

31. Expedite the proceedings in this action as provided for in 5 USC 552(a)(4)(B);

32. Award petitioner his costs and/or reasonable attorney fees in this action, in the amount of not less than $10,000.00 (ten-thousand dollars) pursuant to 5 USC § 552(a)(4)(E);

33. Issue a written finding, pursuant to 5 USC § 552(a)(4)(F), that the circumstances surrounding the withholding raise a question to whether agency personnel acted arbitrary or capriciously with respect to the withholding; and

34. Grant petitioner such other and further relief as the court deems just and proper.

*****

### Third Cause of Action -

### Action to compel an officer of
### the United States to perform his duty

## COUNT THREE

35. On May 18, 2005, DOE received complaint and allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

36. To date, no reasonable action has been taken by DOE to protect petitioner from the continuing retaliation committed against him by Webster University.

4

37. This action is brought pursuant to the 28 USC § 1361, action to compel an officer of the United States to perform his duty.[1]

38. This court has jurisdiction of this action pursuant to 28 USC § 1361; the Administrative Procedure Act, 5 USC §§ 701 et seq.; and the All Writs Act, 28 USC § 1651.  Venue may be proper under 28 USC § 1391(e).

39. Petitioner respectfully requests the court to issue a writ of mandamus to compel the DOE to comply with 28 CFR Part 35, and as grounds, shows the court:

40. DOE has a non-discretionary, ministerial duty to take all necessary steps to achieve and assure enforcement and compliance action is taken against Webster University for its discrimination or retaliation.

41. To date, no reasonable agency action has been taken in this matter.

42. Similar to above, to date, the Secretary has not indicated that she needs more time.  34 CFR § 105.41(l)

43. Here, petitioner has a clear right to and for DOE's prompt investigation and compliance action in this matter under controlling federal statues and regulations, i.e., 34 CFR Part 105.41, 28 CFR Part 35, Section 504 of the Rehabilitation Act, and Title II.

44. Under 28 CFR Part 35, DOE is a "designated" agency.  28 CFR Part 35.190.

45. As a designated agency, § 35.172 provides in relevant part:

> (a) The designated agency *shall* investigate each complete complaint, attempt informal resolution, and, if resolution is not achieved, issue to the complainant and the public entity a Letter of Findings that shall include –
>
> (1) Findings of fact and conclusions of law;
>
> (2) A description of a remedy for each violation found; and
>
> (3) Notice of the rights available under paragraph (b) of this section.

Id.  Emphasis added.

---

[1] Heckler v. Chaney, 470 U.S. 821, 833 (1985) (presumption that agency decisions are unreviewable is rebutted where statute provides guidelines for enforcement); Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954) (once an agency exercises its discretion and creates the procedural rules under which it desires to have its action judged, the agency denies itself the right to violate those rules even if under them it can later chose not to grant requested relief); Yellin v. United States, 374 U.S. 109, 121-124 (1963) (petitioner entitled to have House committee follow its own rules); Mendez v. INS, 563 F.2d 956, 959 (9th Cir. 1977) (courts look with disfavor upon actions taken by agencies that violate their own regulations and will invalidate such actions).

46. The legislature's explicit use of term "shall" indicates that this is a nondiscretionary function.

47. Furthermore, when read together with DOE's own regulation, 34 CFR Part 105.41 in relevant part provides:

> (g) *Within 180 days* of the receipt of a complete complaint for which it has jurisdiction, the Department shall notify the complainant of the results of the investigation in a letter containing—
>
> (1) Findings of fact and conclusions of law;
>
> (2) A description of a remedy for each violation found; and
>
> (3) A notice of the right to appeal.

Id. Emphasis added.


48. As provided for by these controlling statutes, the respondent has a clear duty to perform the act(s) in question.

49. A violation of a governmental agency's own regulations can be the basis for § 1361 jurisdiction.

50. From personal experience, no timely relief is forthcoming by DOE and its nondiscretionary duty to adjudicate retaliation claims.

51. In contrast, Section 555(b) of the APA requires the government to act within a reasonable amount of time and petitioner's rights may be prejudiced.

52. Here, it is anticipated that the respondent will raise defense of failure to exhaust administrative "reconsideration" remedy.

53. However, requiring the exhausting of this administrative reconsideration remedy causes prejudice, due to unreasonable delay or an "indefinite time frame for administrative action."

54. For example, petitioner filed a reconsideration action over two years ago.

55. To date, with respect to immediately above, the petitioner had not received any fair action and response for this reconsideration matter of two plus years ago.

56. It is further believed that this agency lacks the ability or competence to resolve the issue or grant the relief requested.

57. Notwithstanding, appealing through the administrative process would be futile because the agency is biased or has predetermined the issue, as demonstrated above.

58. In contrast, not only is petitioner's livelihood at stake, but the agency's prejudicial delays are detrimental to health and welfare.

59. Petitioner has no other timely and adequate remedy available.

60. In light the above, serious constitutional issues are raised with respect to this agency's continuing violations of administrative due process under the Fourteenth Amendment. See Matthews v. Eldridge, 424 U.S. 319 (1976).

61. In sum, petitioner has shown a clear procedural right to protect his interest from being discriminated against by the university and to ensure that DOE comply with its rules, and petitioner does not have adequate remedy at law where petitioner would suffer irreparable harm if retaliation against him is not eliminated and petitioner receives protection provided under both 28 CFR Part 35 and 34 CFR Part 105. The agency is required to act pursuant to or by statutory deadlines explicitly provided for by federal law.

### Fourth Cause of Action –

#### Action to compel an officer of
#### the United States to perform his duty

## COUNT FOUR

62. On May 31, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner. 28 CFR Part 35.134.

63. To date, no reasonable agency action has been taken in this matter.

64. Petitioner restates and realleges paragraphs 37 through 61 above.

### Fifth Cause of Action –

#### Action to compel an officer of
#### the United States to perform his duty

## COUNT FIVE

65. On June 2, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner. 28 CFR Part 35.134.

66. To date, no reasonable agency action has been taken in this matter.

67. Petitioner restates and realleges paragraphs 37 through 61 above.

## Sixth Cause of Action –

### Action to compel an officer of
### the United States to perform his duty

## COUNT SIX

68. On April 20, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

69. To date, no reasonable agency action has been taken in this matter.

70. Petitioner restates and realleges paragraphs 37 through 61 above.

## Seventh Cause of Action –

### Action to compel an officer of
### the United States to perform his duty

## COUNT SEVEN

71. On April 17, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

72. To date, no reasonable agency action has been taken in this matter.

73. Petitioner restates and realleges paragraphs 37 through 61 above.

## Eighth Cause of Action –

### Action to compel an officer of
### the United States to perform his duty

## COUNT EIGHT

74. On April 4, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

75. To date, no reasonable agency action has been taken in this matter.

76. Petitioner restates and realleges paragraphs 37 through 61 above.

## Ninth Cause of Action –

### Action to compel an officer of
### the United States to perform his duty

## COUNT NINE

78. On March 24, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

79. To date, no reasonable agency action has been taken in this matter.

80. Petitioner restates and realleges paragraphs 37 through 61 above.

### Tenth Cause of Action –

**Action to compel an officer of
the United States to perform his duty**

**COUNT TEN**

81. On  March 8, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

82. To date, no reasonable agency action has been taken in this matter.

83. Petitioner restates and realleges paragraphs 37 through 61 above.

### Eleventh Cause of Action –

**Action to compel an officer of
the United States to perform his duty**

**COUNT ELEVEN**

84. February 22, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

85. To date, no reasonable agency action has been taken in this matter.

86. Petitioner restates and realleges paragraphs 37 through 61 above.

### Twelfth Cause of Action –

**Action to compel an officer of
the United States to perform his duty**

**COUNT TWELVE**

87. On May 31, 2005, DOE received complaint and separate allegations of retaliation committed by Webster University and against petitioner.  28 CFR Part 35.134.

88. To date, no reasonable agency action has been taken in this matter.

89. Petitioner restates and realleges paragraphs 37 through 61 above.

*****

## RELIEF REQUESTED

WHEREFORE, for all of the foregoing reasons, petitioner requests that this court:

90. This court issues its order of Mandamus to require or compel the Secretary to perform her specific duties owed to petitioner under federal law.

91. Deem the action (or inaction in this case) that DOE's enforcement, compliance, and protection policy afforded under applicable federal statutes from retaliation committed by University against this petitioner constitute a non-discretionary, ministerial duty within the meaning of the Mandamus, 28 USC § 1361; the Administrative Procedure Act, 5 USC §§ 701 et seq.; and the All Writs Act, 28 USC § 1651;

92. Enjoin respondent from withholding the requested duty of enforcement, compliance, and protection of 28 CFR Part 35 *et seq.* and 34 CFR Part 105 *et seq.* from petitioner;

93. Expedite the proceedings in this action;

94. Award petitioner his costs and/or reasonable attorney fees in this action;

95. Issue a written finding that the circumstances surrounding the Secretary's action and practice of failing to perform ministerial duties raise a question to whether agency personnel acted arbitrary or capriciously with respect to her failures;

96. Issue a written finding that by granting this extraordinary relief, it will not cause undue hardship to defendant or public, and

97. Grant petitioner such other and further relief as the court deems just and proper.

Dated this 4ᵗʰ day of May 2006.

Respectfully submitted,

Michael West, pro se
P.O. Box 1935
St. Charles, MO 63302
No phone