# EXHIBIT 7



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE FOR CIVIL RIGHTS - REGION VII

September 2, 2005

Michael West
P.O. Box 1935
St. Charles, Missouri 63302

                        Re:  OCR Docket #07052031

Dear Mr. West:

On March 9, 2005, the U.S. Department of Education (Department), Office for Civil Rights (OCR), received your complaint against Webster University (University), St. Louis, Missouri, alleging discrimination on the basis of retaliation. This letter is to inform you that OCR has completed its investigation and reached a determination regarding the complaint.

Specifically, you alleged:

1. University officials failed to provide you prompt disbursement of Federal student financial aid because you filed a disability complaint with OCR; and

2. a teacher would not let you take the final test in a class you attended in January 2005, because you filed a disability complaint with OCR.

OCR is responsible for enforcing:

- Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 United States Code (U.S.C.) § 794, and its implementing regulation, 34 Code of Federal Regulations (C.F.R.) Part 104. Section 504 prohibits discrimination on the basis of disability by recipients of Federal financial assistance (FFA).

- The regulation implementing Title VI of the Civil Rights Act of 1964, 34 C.F.R. § 100.7(e), prohibits retaliation for engaging in a protected activity. This regulation is incorporated by reference into the regulation implementing Section 504.

As a recipient of FFA from the Department, the University is subject to Section 504 and Title VI.

Page 2 – Michael West – 07052051

During our investigation, OCR considered information provided by you in your complaint and facsimiles from you on August 1 and August 26, 2005. OCR obtained information provided by the University in documents and written submissions received by OCR on June 14 and August 23, 2005. OCR carefully considered all of the information obtained and, based on this information, determined the following:

## Allegation 1

University officials failed to provide you prompt disbursement of Federal student financial aid because you filed a disability complaint with OCR.

## Legal Standard

The Title VI regulation at 34 C.F.R. 100.7(e) states that no recipient shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing. This regulation is incorporated by reference into the Section 504 regulations.

When OCR investigates a retaliation allegation, it uses a four part *prima facie* analysis. A *prima facie* case of retaliation is established by showing that: (1) an individual participated in a protected activity; (2) the recipient was aware of the protected activity; (3) the recipient took adverse action against the individual contemporaneously with or subsequent to the individual's participation in the protected activity; and (4) there was an inferable causal relationship between the adverse action and the individual's participation in the protected activity. Once OCR has established a *prima facie* case of retaliation, the recipient must articulate a legitimate, non-retaliatory reason for its action. Then OCR analyzes the evidence to determine whether the recipient's proffered reasons are a pretext for retaliation.

## Findings of Fact

Our investigation established the following:

- For the Spring I 2005 term, you registered for LEGL 5480 – Criminal Actions (Advanced Topics in Criminal Law).

- The course syllabus states that the first class session was Thursday, January 13, 2005, and the final exam would be Thursday, March 10, 2005.

- You applied for financial aid and signed the 2004-2005 Graduate Financial Aid Form on Friday, February 4, 2005.

Page 3 – Michael West – 070520

- You sent a letter dated February 10, 2005, to the University's Director of Financial Aid. In that letter, you stated you had "not received any or all awarded financial aid for the present Spring term… Respectfully, I am requesting that you *immediately* issue a refund check so that I can return to classes." You also requested the check be promptly sent to your attention via U.S. mail to your address.

- The Director of Financial Aid sent a letter to you dated February 14, 2005, acknowledging receipt of the February 10, 2005, letter from you. The Director of Financial Aid stated the financial aid form was received on Friday, February 4, 2005, and an award letter for you was prepared on Tuesday, February 8, 2005. The letter further stated the student loan funds had not been received by the University and, therefore, could not be sent to you at that time.

- You sent a second letter dated February 15, 2005, to the Director of Financial Aid, again demanding that immediate financial aid be sent to you. You asked, "Why is this university biased or prejudiced against me? Please explain."

- The Director of Financial Aid sent a letter to you dated February 17, 2005, acknowledging receipt of the February 15, 2005, letter from you. The Director of Financial Aid stated the financial aid form was received on Friday, February 4, 2005, and an award letter for you was prepared on Tuesday, February 8, 2005. A loan certification was electronically transmitted to the guarantor on that same date. The letter further stated that the student loan funds had not been received by the University and could not be sent to you at that time.

- You sent a third letter dated February 22, 2005, to the Director of Financial Aid, again demanding that financial aid be sent to you. You acknowledged receipt of the February 14 and 17, 2005, letters from the University. Your letter stated, "Respectfully, I am requesting that you *immediately* issue a refund check."

- The Director of Financial Aid sent a letter to you on February 23, 2005, giving you an update as to the status of your loan funds. The letter stated the guarantor notified the University the funds were ready to be released to the University. The Financial Aid Office requested the funds be released on that same day. The letter stated the University received the funds Tuesday, February 22, 2005, and "the Business Office posted these funds to your account with the university on that same day."

- University officials stated a refund check payable to you was issued to you on Wednesday, February 23, 2005. The University's business practice is not to reflect the date a refund is mailed to a student, but under normal practice, a refund check generated on Wednesday, February 23, 2005, would most likely have been mailed on Friday, February 25, 2005.

Page 4 – Michael West – 07052031

- You received the funds via US mail on Wednesday, March 2, 2005, at your post office box.

## Legal Analysis and Conclusion

OCR reviewed the evidence to determine if you participated in a protected activity. On December 10, 2004, OCR received a complaint from you against Webster University (Docket # 07052011). The Letters of Evaluation opening the complaint for investigation were mailed to you and to the Webster University President on January 19, 2005. The letter to the University also included a request for information. You registered for LEGL 5480 – Criminal Actions (Advanced Topics in Criminal Law) and the first class began on January 13, 2005. Thus, OCR determined that the filing of a complaint with our office was a protected activity and the University had notice of the protected activity. Elements one and two of the four-part analysis have been met.

The third element in analyzing a retaliation allegation is to determine if the recipient took an adverse action against the individual contemporaneously with or subsequent to the individual's participation in the protected activity. OCR determined that the University's actions could be construed as an adverse action because the failure to provide financial aid in a timely manner could impact you and, therefore, could be considered an adverse action. Element three of the four-part analysis has been met.

The fourth element in analyzing a retaliation allegation is to determine if there was an inferable causal relationship between the adverse action and the individual's participation in the protected activity. According to the evidence, you filed a complaint with OCR on December 10, 2004 (Docket # 07052011); the University was advised of a complaint having been filed in a letter dated January 19, 2005. You filed for financial assistance on February 4, 2005, and did not receive your student loan until March 2, 2005. OCR determined that based on the closeness in time of the adverse action and your participation in the protected activity, the fourth element of the retaliation analysis has been met. Since all four elements have been met, a *prima facie* case of retaliation has been made.

Once OCR has established a *prima facie* case of retaliation, the recipient must articulate a legitimate, non-retaliatory reason for its action. Then OCR analyzes the evidence to determine whether the recipient's proffered reasons are a pretext for retaliation. The University's proffered reason is that officials received your application for financial aid on Friday, February 4, 2005. On the following Tuesday, February 8, 2005, the University prepared an award letter and electronically transmitted the loan certification to the guarantor. The Director of Financial Aid sent letters dated February 14, 2005, and February 17, 2005 responding to your letters dated February 10, 2005 and February 14, 2005, regarding your request for financial aid. A letter dated February 23, 2005, advised you the University had received your loan funds on February 22, 2005, and generated a refund check payable to you

Page 5 – Michael West – 07052031

on February 23, 2005. The check was mailed on Friday, February 25, 2005. You received the check on the following Wednesday, March 2, 2005, when you retrieved your mail from your post office box.

OCR determined that the University's proffered reason for the time required for you to receive your loan was not a pretext for retaliation. You filed an application for a loan on February 4, 2005; the University submitted the application on February 8, 2005. The University received the funds on February 22, 2005, prepared a check on February 23, 2005, and mailed it to you on February 25, 2005. There is insufficient information to support your allegation that the University intentionally delayed processing the loan application because you had filed an OCR complaint.

The University has articulated a legitimate, non-retaliatory reason for the time it took to process your loan application; therefore, Allegation 1 is closed effective the date of this letter.

## Allegation 2

You alleged a teacher would not let you take the final test in a class you attended in January 2005, because you filed a disability complaint with OCR.

## Legal Standard

The Title VI regulation at 34 C.F.R. § 100.7(e) states that no recipient shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing. This regulation is incorporated by reference into the Section 504 regulations.

When OCR investigates a retaliation allegation, it uses a four part *prima facie* analysis. A *prima facie* case of retaliation is established by showing that: (1) an individual participated in a protected activity; (2) the recipient was aware of the protected activity; (3) the recipient took adverse action against the individual contemporaneously with or subsequent to the individual's participation in the protected activity; and (4) there was an inferable causal relationship between the adverse action and the individual's participation in the protected activity. Once OCR has established a *prima facie* case of retaliation, the recipient must articulate a legitimate, non-retaliatory reason for its action. Then OCR analyzes the evidence to determine whether the recipient's proffered reasons are a pretext for retaliation.

## Findings of Fact

Our investigation showed the following:

- For the Spring I 2005 term you registered for LEGL 5480 – Criminal Actions (Advanced Topics in Criminal Law).

- The course syllabus states that January 13, 2005 was the first class and the final exam would be given on March, 2005. The course consists of nine class sessions. The course syllabus states that class attendance is mandatory.

- You attended the first three class sessions, beginning on January 13, 2005.

- The instructor stated you missed the next six class sessions. The instructor also stated that one week before the scheduled final exam, you requested to take the mid-term exam at the same time other students were taking the final exam. The instructor stated you also requested additional time to take the final exam and to complete a term paper. The requests were denied because you had missed several classes.

- You stated in an email to OCR, dated August 21, 2005, that you missed the classes because you had not received your financial aid. You stated that the University is directly and solely responsible for the missed classes.

- You received your financial aid check on March 2, 2005. The Criminal Actions class met on Thursday, March 3, 2005, which you did not attend.

## Legal Analysis and Conclusion

OCR determined that you did participate in a protected activity since you did file a complaint with OCR. The University also had notice of the protected activity. The third element in a retaliation claim is whether the recipient took adverse action against the individual contemporaneously with subsequent to the individual's participation in the protected activity. OCR determines the University's actions could be construed as an adverse action because you were not allowed to take the final exam.

The fourth element in analyzing a retaliation allegation is to determine if there was an inferable casual relationship between the adverse action and the individual's participation in the protected activity. According to the evidence, a complaint was filed with OCR on December 10, 2004 (Docket # 0705-11); the University was advised of a complaint having been filed in a letter dated January 1, 2005. The class you were enrolled in was held from January 13 through March 10, 2005. OCR determined that based on the closeness in time of

Page 7 – Michael West – 07052031

the adverse action and your participation in the protected activity, the fourth element has been met. Since all four elements have been met, a *prima facie* case of retaliation has been established.

Once OCR has established a *prima facie* case of retaliation, the University is given an opportunity to articulate a legitimate, non-retaliatory reason for not allowing you to take the final exam. OCR analyzed the University's reason to determine whether the University's proffered reason is a pretext for retaliation. The University's proffered reason for not allowing you to take the final exam is that the course syllabus states class attendance is mandatory. You missed the last six classes and were not allowed to take the final exam. In your email to OCR dated August 21, 2005, you stated you missed the classes because you had not received the financial aid. OCR determined that the University has provided a legitimate, nondiscriminatory reason for not allowing you to take the final exam and, therefore, the reason given by the University is not a pretext for retaliation.

There is insufficient evidence to establish the University retaliated against you for filing a complaint with OCR. Therefore, Allegation 2 and this complaint are closed effective the date of this letter.

OCR is committed to a high quality resolution of every case. If you have any questions or concerns about OCR's case determination, you may contact James D. Weston at (816) 268-0592, 1-800-437-0833 (telecommunication device for the deaf), or james.weston@ed.gov. If you still have concerns, you may send a request for reconsideration to the Office Director within 60 days of the date of this letter. Contacting Mr. Weston neither stops the running of the 60-day timeline for filing a request for reconsideration, nor is it a prerequisite to filing a request for reconsideration with the Office Director. If you choose to request reconsideration, please be as specific as possible, focusing on factual or legal concerns that could change the disposition of the case.

Sincerely,

John E. Nigro
Supervisory Equal Opportunity Specialist