UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary, )<br>U.S. Department of Education, )<br>)<br>    Respondent. )<br>_____) | Civil Action No. 06-1012 (RMC) |

**RESPONDENT'S OPPOSITION TO PETITIONER'S RULE 56 (f) MOTION**

Respondent, through counsel, the United States Attorney for the District of Columbia, respectfully submits this opposition memorandum to *Pro se* Petitioner's Rule 56 (f) Motion.

**I.   Introduction**

Respondent filed his Motion to Dismiss on September 19, 2006. [Dkt. #13]. On October 3, 2006, this Court ordered that Petitioner shall respond to the Respondent's motion to dismiss by November 3, 2006. [Dkt. #14]. In that order, the Court cautioned the Petitioner that "the Court may treat the motion as conceded and dismiss the case" if he failed to respond to Respondent's Motion to dismiss by November 3, 2006.

On November 6, 2006, Petitioner filed "Plaintiff Memorandum in Support of His Rule 56(F) Motion" (hereinafte Plff. Rule 56(f) Mot."). [Dkt. #15]. In the memorandum, Plaintiff stated that he was not "waiving his right to oppose defendants' motion for summary judgment on the merits at a later time" but rather he was "request[ing] leave of Court to conduct the limited discovery that is necessary to [sic] the adjudication of his claims." Plff. Rule 56(f) Mot. at 1.

Petitioner's Rule 56(f) motion should be dismissed. Petitioner's Motion both fails to respond to Defendant's Motion to Dismiss and is procedurally improper at this stage of the proceedings.

## II. Governing Legal Standards

### A. Motions to Dismiss under Rules 12(b)(1) and 12(b)(6)

In assessing a motion to dismiss under Rule 12(b)(6), Petitioner's factual allegations must be presumed true and should be liberally construed in his favor. See Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); Alexander v. FBI, 971 F. Supp. 603, 607 (D.D.C. 1997). Petitioner must be given every favorable inference that may be drawn from his allegations of fact. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint should be dismissed if it appears beyond doubt that no set of facts proffered in support of Petitioner's claims would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45 46 (1957); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir.1987). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff[s'] legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A court may appropriately dispose of a case under Rule 12(b)(1) on standing grounds, but the Petitioner's complaint must be construed liberally and should receive the benefit of all favorable inferences that can be drawn from the alleged facts. Petitioner, however, still has the burden of proving subject matter jurisdiction by a preponderance of the evidence. Wiggins v. Powell, 2005 U.S. Dist. LEXIS3984 (D.D.C. March 7, 2005).

Specifically, Petitioner's burden of production on standing is "the same as that of a plaintiff moving for summary judgment in the district court: it must support each element of its claim to standing 'by affidavit or other evidence,'" Sierra Club v. EPA, 292 F. 3d 895, 899 (D.C. Cir. 2002), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (hereinafter "Defenders of Wildlife"), and must thereby "show a 'substantial probability' that it has been injured, that the defendant caused its injury, and that the court could redress that injury." Id., quoting Am. Petroleum Inst. v. EPA, 216 F.3d 50, 63 (D.C. Cir. 2000). To satisfy this burden the proponent of the suit "must either identify in [the] record evidence sufficient to support its standing . . . or, if there is none . . . submit additional evidence. ..." Id.

The Supreme Court has made clear that "it is the responsibility of the complainant to clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Renne v. Geary, 501 U.S. 312, 316 (1991). In analyzing a motion to dismiss, the court must presume that "general allegations embrace those specific facts which are necessary to support the claim," Defenders of Wildlife, 504 U.S. at 561, but it is not required "to fill in critical lacunae in plaintiffs' allegations." National Wrestling Coaches Association ("NWCA") v. U.S. Department of Education, 263 F. Supp. 2d 82, 108 (D.D.C. 2003), aff'd on appeal, 366 F.3d 930 (D.C. Cir. May 14, 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 2537 (2005). Because the facts are uniquely within Petitioner's knowledge, his "failure to allege them with sufficient specificity to provide notice of the precise basis for standing to maintain this suit cannot be overlooked." Id.

**B.     Rule 56(f)**

Rule 56(f) provides that a court "may refuse the application for **[summary] judgment** or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, if it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Messina v. Krakower, 439 F.3d 755, 762 (D.C. Cir. 2006). (Emphasis added). "A party making a Rule 56(f) request must state concretely why additional discovery is needed to oppose a motion for **summary judgment**." Id. (citing Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C.Cir.1989)) (internal quotations omitted). (Emphasis added). "In order to claim that a motion for summary judgment is premature, a plaintiff must, under Federal Rule of Civil Procedure 56(f), 'file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Vento & Co. of New York v. Metromedia, 1999 WL 147732 ( S.D.N.Y. Mar. 18, 1999). A District Court's refusal to grant a Rule 56(f) request is reviewed under an abuse of discretion standard. See Messina, 439 F.3d at 762 (citing Novecon Ltd. v. Bulgarian-American Enter. Fund, 190 F.3d 556, 570 (D.C.Cir.1999)).

### III.   Discussion

The legal standards for motions to dismiss brought pursuant to Rules 12(b)(1) and (6) are markedly different from those applicable to summary judgment motions under Rule 56. For that reason, Rule 56(f) is inapplicable here.

Rule 56(f) applies only to motions for summary judgment, not motions to dismiss. Motions to dismiss differ both substantively and procedurally from motions for summary judgment. See Alternative Concepts, Inc. v. Synopsis, Inc., 374 F.3d 23, 26 (1st Cir. 2004) (The factual averments contained in the plaintiff's complaint supply the template for review of a decision granting a Rule 12(b)(6) motion to dismiss while the evidence of record supplies the template for review of a decision granting a Rule 56 motion for summary judgment). (internal citations omitted). See also Bell v. Fur Breeders Agricultural Co-op. 348 F.3d 1224, 1230 (10th Cir. 2003) ("[T]he court must consider the conduct alleged in the complaint in deciding a motion to dismiss, while it must look beyond the pleadings to the evidence before it when deciding a motion for summary judgment.") (citing Behrens v. Pelletier, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).

Petitioner makes a vague reference to a motion for summary judgment but Respondent has filed no such motion. See Plaintiff's Rule 56 motion at 18 ("[T]he Court should grant plaintiff the opportunity for discovery in support of his claims and stay defendant's motion for dismissal/summary judgment pending the completion of discovery."). Petitioner has attempted to rename Respondent's motion and/or anticipate an upcoming motion for summary judgment by the Respondent in order to "shoe horn" his request to meet the Rule 56(f)'s requirement of a pending motion for summary judgment. A motion for summary judgment is unnecessary to the extent that Plaintiff's claims are not actionable. Petitioner must wait for the Court to resolve Respondent's motion to dismiss and determine that his claims are actionable before assuming that summary judgment is at issue. Of course, a motion for summary judgment must have been filed and be pending before the opposing party may interpose a Rule 56(f) motion.

Petitioner admits that he has not fully responded to Respondent's motion to dismiss in accordance with this Court's order of October 3, 2006.  See Pl Rule 56(f) Mot. at 1, n.1 ("Accordingly, plaintiff does not address here defendants' arguments on the merits, except to the limited extent necessary to show that there are colorable issues for which discovery is necessary."). Petitioner is trying to force discovery before the Court rules on Respondent's motion to dismiss. Petitioner's Rule 56 (f) Motion ignores both the Court's order of October 3, 2006, and the nature of Respondent's motion to dismiss. Accordingly, the Court should treat Respondent's motion to dismiss as conceded, consistent with its order of October 3, 2006, and deny Petitioner's Rule 56 (f) motion as moot.

### IV.   CONCLUSION

WHEREFORE, Respondent respectfully submits that *Pro se* Petitioner's Rule 56(f) Motion should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

November 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2006, the accompanying was served upon Petitioner, *Pro se*, Respondent's Opposition to Petitioner's Rule 56(f) Motion by the Electronic Court Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

Michael West
P.O. Box 1935
St. Charles, MO 63302

                                                   /s/
                              OLIVER W. MCDANIEL, D.C. Bar No. 377-360
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              (202) 616-0739