RECEIVED
JAN 0 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
|        Petitioner, | ) |
| v. | ) Civil Case No. 06-1012(RMC) |
| MARGARET SPELLINGS, | ) |
|        Respondent. | ) |

## PLAINTIFF'S DECLARATION AND REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S RULE 56(f) MOTION

Petitioner Michael West, *pro se*, respectfully submits this declaration and reply to respondent's opposition to petitioner's Rule 56(f) motion. Petitioner West hereby declares as follows:

1. September 19, 2006 Respondent filed a motion to dismiss allegedly under Rule 12(b)(1) and (6), and attached several exhibits outside of the pleadings.

2. Rule 12(b), FED. R. CIV. PRO., provides in pertinent part that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.*

3. Here, as one example, the Respondent moved to matters outside of the pleadings by attaching Exhibit 1 a list "comprising a two-page list of all allegations against Webster University received by OCR since October 10, 1993, a one-page document explaining the numeric resolution codes on the list of allegations, and a one-page document explaining the numeric resolution types included on the list of allegations." R's MTD, p.5.

4. On October 31, 2006 Petitioner filed Rule 56(f) declaration and memorandum in support of his Rule 56(f) motion because of the clear language of Rule 12(b) above, the fact that Respondent relied on matters outside of the pleadings, and the fact of several well established theories for this court to maintain subject matter jurisdiction remain, as further illustrated below.

1

5. On November 20, 2006 Respondent filed respondent's opposition to petitioner's Rule 56(f) motion.

6. As a preliminary matter, first, the "committed to agency discretion" exception does not shield the agency from all forms of judicial review with respect to Respondent's claim that petitioner does not have a private right of action against the department under Section 504. D's MTD, p.11. *See* Doe v. Webster, 486 U.S. 592, 605 (1988). Specifically, it does not shield an agency from review of constitutional claims. *Id.*

7. Here, the instant Complaint raises constitutional claims against this Respondent's agency with respect to: (1) its discriminatory practices – an equal protection of law claim under the Fourteenth amendment, (2) agency's failure to follow mandatory fact-finding procedure, (3) agency's failure to follow its own policies and procedures – a due process claim under the Fourteenth amendment, (4) agency's failure to provide a full and fair investigation under 28 CFR Part 35 – a due process claim under the Fourteenth amendment, or (5) agency's failure to consider substantial evidence in support of findings of fact and conclusions of law – a due process claim under the Fourteenth amendment. *See* P's support memo for Rule 56(f), pp. 14-17.

8. Remarkably, as briefly discussed in Petitioner's motion for Rule 56(f) discovery, the Respondent may have been directly responsible for Petitioner's claim of disability discrimination by this Respondent withholding or failing to disburse federal student financial aid in a timely fashion. *See* P's support memo for Rule 56(f), pp. 2-3, 7.

9. This court may "redress that injury" caused by this proper Respondent "where Secretary of Education decision to terminate student's participation in master's degree program...." is unprecedented and not authorized by federal law. *See* P's support memo for Rule 56(f), pp. 2-3, 13.

10. Second, under APA, there remains governing standards of "law to apply", which does not preclude judicial review except in rare cases. *See* Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (quoting legislative history of § 701(a)(2)). Here, this is not a rare case where the governing statute is so broad that there is no meaningful law to guide the court's decision. Accordingly, 28 CFR Part 35 provides guidance and standards to follow. However, this agency fails to follow this governing statute upon receiving a verified disability discrimination complaint. A copy of this controlling statute was provided to this court as an attachment to Petitioner's Rule 56(f) declaration, motion, and memo in support.

11. Notwithstanding, the Respondent's agency arbitrary and capricious practices of the "knowing use perjured or otherwise false evidence" to close its investigations may be more than remarkable. In contrast, the agency's failure to follow mandatory fact-finding procedures under Part 35 may state a due process claim under the Fourteenth amendment.

12. On the basis of the Complaint and available facts, these are colorable, if not compelling claims. Even the current record suggest reason to believe the Respondent engaged in bad faith or improper conduct by improperly changing the charges against Webster University during its

investigation pertinent to retaliation complaint proceedings guided by 28 CFR Part 35.  *See P's* support memo for Rule 56(f), pp. 3-4. ("After initiation of the OCR proceeding, the defendant then changed the charges in the course of the proceedings. The plaintiff believes that the additional charges were improperly removed.")

13. Additionally, Respondent's failure to provide its findings of fact with respect to each of the retaliation allegations comprising the underlying administrative Complaint is highly problematic. Similarly, the Respondent's failure to provide separate and complete records for each is just as problematic. For example, the court cannot determine what the Respondent did at the original OCR proceedings, and assess the legitimacy and adequacy of their handling of that proceeding, if it cannot determine which materials were made part of that proceeding. Likewise, the Respondent failed to provide this court with any of the infamous "reconsideration" materials.

14. Third, as illustrated immediately above or below, this court has a colorable claim in the present action to compel an officer of the United States to perform his/her duty under 28 U.S.C. § 1361. The Respondent failed to provide any casual connection of its Section 504 defense to: mandamus, injunctive relief by compliance with statutory duties, disability discrimination practice, failure to investigate practice, or the like.

15. Simply, it was the Respondent that asserted Section 504 into a defense for these civil proceedings. *See* R's MTD, p. 2. In contrast, however, the proffered Section 504 defense may not be applicable to the Respondent's own disability discrimination practices. *See* ¶¶ 8-9, above.

16. Significantly, this Petitioner may rely on other primary authorities and legal theories to advance and support this matter for this court's judicial review, as partially demonstrated above. *See also* P's decl. & support memo for Rule 56(f). Petitioner believes that discovery is needed in this case to better illustrate these facts. *Id.*

17. Fourth, the Freedom of Information Act (FOIA) is a well recognized statutory claim. 5 U.S.C. § 552. Here, conversely, the Respondent fails to provide a casual connection to any substantiated, credible facts that reasonably demonstrates that Congress abolished this Act. FOIA states a colorable claim. Moreover, here there are several allegations of retaliation that appear to be left abandoned or not investigated by Respondent's agency. Why? The materials submitted by the Respondent do not address this question. Why, again?

18. As a matter of its own custom or practice, this agency regularly documents the incoming complaints pertaining to discriminatory action taken against protected individuals within the meaning of federal disability law. *See* OCR Case Resolution and Investigation Manual.

19. Section 103 provides, in relevant part that:

> Upon receipt by the appropriate OCR Office, OCR assigns the incoming complaint a case number.

*****

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was placed in the U.S. mail, postage prepaid, first class this 27th day of December 2006, to:

Oliver McDaniel
AUSA, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

_____