# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1012 (RMC)** |
| | ) | |
| **MARGARET SPELLINGS, Secretary,** | ) | |
| **U.S. Department of Education,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER ON PLAINTIFF'S RULE 56(f) MOTION

Michael West, proceeding *pro se*, sued Margaret Spellings, Secretary of the U.S. Department of Education ("DOEd"), in her official capacity. Counts 1 and 2 of the complaint allege violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Counts 3 through 12 seek to compel DOEd under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, the All Writs Act, 28 U.S.C. § 1691, and Mandamus, 28 U.S.C. § 1361, to use its enforcement authority in a manner favorable to Mr. West under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; 34 C.F.R. Part 104, and the Fourteenth Amendment to the U.S. Constitution.

The factual basis for Mr. West's complaint is his dissatisfaction with DOEd's investigation of his complaints of disability discrimination and retaliation allegedly committed by Webster University. DOEd filed a motion to dismiss [Dkt. #13], in response to which Mr. West filed a motion to take limited discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure [Dkt. #15]. The Court will deny Mr. West's motion for discovery and will again order him to respond to the motion to dismiss on a timely basis, *i.e.*, no later than February 12, 2007, or the Court

will consider the motion conceded and dismiss the case.

The factual background of the underlying suit is not relevant to disposition of the pending motion. DOEd's motion to dismiss, filed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), appended documents relating primarily to FOIA, Counts 1 and 2 of the Complaint. In response to DOEd's motion, Mr. West filed a motion to take limited discovery under Federal Rule of Civil Procedure 56(f).[1] DOEd resists Mr. West's motion on the basis that it did not file its motion under Rule 56.

The Court will deny Mr. West's motion because discovery is not appropriate at this time. DOEd's motion to dismiss the non-FOIA allegations, Counts 3 through 12 of the Complaint, is premised on arguments of law and accepts the facts as presented by Mr. West in his Complaint. Mr. West must first respond to those legal arguments before the Court can determine whether, or the extent to which, DOEd's motion to dismiss might be granted.

The appended documents altered the motion to dismiss with regard to Counts 1 and 2 such that the Court will treat DOEd's motion, as it relates to Counts 1 and 2, as one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b)(6) (where matters outside the pleadings are presented in a motion to dismiss, courts treat the motion as one for summary judgment under Rule 56).

---

[1] Rule 56(f) provides:

> **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Court will rule on DOEd's motion, taking into consideration the facts proffered by Mr. West in his Complaint, along with his response or opposition to the motion, and the entire record of the case. Mr. West should note that, with regard to DOEd's motion for summary judgment on Counts 1 and 2, any factual assertions in DOEd's affidavits will be accepted as true unless Mr. West submits his own affidavits or other documentary evidence contradicting the assertions. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (citing *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Mr. West, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

If Mr. West fails to file a response to DOEd's motion, the Court may assume that the motion is conceded and may grant the motion and dismiss the case. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988); see also LCvR 7(b). Accordingly, it is hereby

**ORDERED** that Mr. West's Rule 56(f) motion [Dkt. #15] is **DENIED**; and it is

**FURTHER ORDERED** that Mr. West **shall file a response** no later than **February 12, 2007,** to the Defendant's motion to dismiss Counts 3 through 12 of the Complaint (the non-FOIA allegations) and for summary judgment regarding Counts 1 and 2 (the FOIA allegations) [Dkt. #13]. If Mr. West does not respond by that date, the Court may treat Defendant's motion as conceded and dismiss the case.

**SO ORDERED.**


DATE:  January 11, 2007                    _____/s/_____
                                          ROSEMARY M. COLLYER
                                          United States District Judge