## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                              )
                                          )
          Petitioner,                      )
v.                                         )     Civil Case No. 06-1012(RMC)
                                          )
MARGARET SPELLINGS,                        )
                                          )
          Respondent.                      )

RECEIVED

9 - 2007

JOY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PETITIONER'S ANSWER TO
## RESPONDENT'S MOTION TO DISMISS

COMES NOW Petitioner, Michael West, *pro se*, and gives answer to the Respondent's

Motion to Dismiss September 19, 2006. On October 31, 2006 Petitioner filed P.'s Mem. in Supp.

Of Rule 56(f) Mot. for Discovery. ("P.'s Mem.")  On January 11, 2007 the Court denied

Petitioner's request for Rule 56(f) discovery and stated that the Petitioner shall file a response no

later than February 12, 2007 … or the Court may treat Defendant's motion as conceded and

dismiss the case.  Order at 4.  In support of denying Resp.'s mot. to dismiss, the following is

provided:

Resp.'s mot. to dismiss is based on two main arguments.  First, the Respondent spends the

majority of its open brief arguing that Petitioner's claims must be dismissed because this Court

lacks jurisdiction and failure to state an actionable claim.  *See* Resp.'s Mem. of Points and Auth.

In Supp. of Mot. to Dismiss.  ("Resp.'s Memo") at 1.

In opposition, the Petitioner states with regards to Counts 1-2 that this Court has jurisdiction

under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Administrative Procedure Act

("APA"), 5 U.S.C. § 702; the Mandamus Act, 28 U.S.C. § 1361; *Declatory Judgment Act*, 28

U.S.C. § 2201 *et seq*.; Federal Question, 28 U.S.C. § 1331; and the Fourteenth Amendment to

the United States Constitution ("Fourteenth Amendment").

The Court has taken proper notice that the Respondent's "appended documents altered the motion to dismiss with regards to Counts 1 and 2 such that the Court will treat DOEd'd motion … as one for summary judgment under Federal Rule of Civil Procedure 56." Order at 2.

## COUNTS 1-2

With regards to Counts 1 and 2, Petitioner renews requests for Rule 56(f) discovery for the reasons stated within said motion, and incorporates this motion as if fully written.

Briefly, it is disputed that the materials appended to the Resp.'s motion to dismiss constitute the complete administrative record proceedings below. *See* P.'s Memo. at 8-9. The D.C. Circuit has held that, "[i]f a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). P.'s Mem. at 8. "To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case." *Id.* Typically, ""[t]he administrative record includes all materials 'compiled' by the agency that were 'before the agency at the time the decision was made." *Madison*, 82 F.3d at 1095 (citations omitted). P.'s Mem. at 8-9 (additionally, discovery may be warranted where "background information" is necessary).

Here it remains undisputed that the Respondent maintains a policy of recording all incoming or referred allegations of discrimination or retaliation. *See* Section 103, OCR Compliance Manual ("Manual"). Conversely, the Respondent also records the allegations of discrimination or retaliation that have been "closed." *See* Section 110, Manual. Section 110 of Manual provides that "OCR will notify the complainant and, where appropriate, whether OCR will proceed…." *Id.* Under these facts, it may be reasonable to conclude that the Respondent

maintains a record of identifiable allegations of discrimination and retaliation that have not been fully and fairly investigated. *See* West's FOIA Request. Simply stated, this would reasonably consist of a match-up of the Respondent's records that identify all incoming or referred allegations to those in which a "closing" letter has not been issued. Upon information and belief, there are no new records created because the Respondent maintains a computerized database with regards to 28 C.F.R. Part 35 investigations to record this federal agency's business activities, as all complaint allegations are logged-in, according to Respondent's OCR personnel. *See* West's Decl. at 2. To date, the Respondent remains recalcitrant to complying with FOIA and release the allegation of discrimination or retaliation that remain un-investigated. *See* West's Original FOIA Request and Appeals ("Complaint").

Petitioner incorporates as if fully written Plaintiff's Declaration and Reply to Respondent's Opposition to Petitioner's Rule 56(f) Motion ("P's Reply to Resp.'s Opp.") Moreover, within West's Complaint, several allegations that were filed with the Respondent's OCR office have "disappeared" without administrative due process. Complaint, Counts 3-12; West's Decl. at 1, 3-4. 28 C.F.R. Part 35 provides in relevant part a non-discretionary obligation of this Respondent, the Respondent is a "Designated agency." 28 C.F.R. § 35.104. West's Decl. at 4. "The term 'designated agency' is used to refer to the Federal agency designated under subpart G of this rule as responsible for carrying out the administrative enforcement responsibilities established by subpart F of the rule." 28 C.F.R. § 35.104. "As with section 504, these Federal agencies, including the Department of Justice, *will* receive, investigate, and where possible, resolve complaints of discrimination (emphasis added). 28 C.F.R. § 35.164, "Subpart F." "Whenever an agency receives a complaint over which it has jurisdiction under section 504, it *will* process the complaint under its section 504 procedures (emphasis added). West's Decl. at 3-

4.  It is reasonable to infer that the definitive use of the term "will" does not provide the support that this is a discretionary act "committed to agency discretion" that the Respondent claims. Resp.'s Memo. at 2.

"The scope of title II's coverage of public entities is comparable to the coverage of Federal Executive agencies under the 1978 amendment to section 504, which extended section 504's application to all programs and activities 'conducted by" Federal Executive agencies...." 28 C.F.R. § 35.102. The Respondent "United States Department of Education" is clearly a Federal Executive agency.  In light of these facts, the Respondent failed to follow mandatory fact-finding procedures, which were not left to agency discretion to violate the rules proscribed under 28 C.F.R. Part 35.  *See* P's Reply to Resp.'s Opp. at 2-4.

The Court and Court of Appeals for the District of Columbia have recently reviewed cases with regards to Federal agency's "failure-to- investigate" claims.  Garcia v. Johanns, 444 F.3d 625 (D.C. Cir. 2006); Love v. Johanns, 439 F.3d 723 (D.C. Cir. 2006); In re Veneman, 309 F.3d 789 (D.C. Cir. 2002); ***** *See also* Heckler v. Chaney, 470 U.S. 821 (1985); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402 (1971); Dunlop v. Bachowski, 421 U.S. 560 (1975).

In Garcia, the court dismissed the failure-to-investigate claim, concluding that the appellants failed to state a claim under ECOA because the investigation of a discrimination complaint is not a "credit transaction" within the meaning of ECOA. JA 97-98. It further held that the claim was not cognizable under the APA because ECOA provides "an adequate remedy."

The present case is distinguished from Garcia.  After a careful and exhaustive review of 28 C.F.R. Part 35, Part 35 does not provide an adequate remedy for U.S. Department of Education's discriminatory failure-to-investigate practice.  The gravaman of the Department's argument is

that if the Petitioner was not satisfied with the findings of fact and conclusions of law derived

from the two allegations of retaliation that were investigated…that he could file a Section 504

suit against the University…"does not contemplate a private right of action for declatory and

injunctive relief against a federal funding agency for termination of funding assistance to an

allegedly discriminatory entity or program receiving funds from that agency." Resp.'s Mem. at

11-16. The instant complaint of the Department's discriminatory, and arbitrary and capricious

practices do not rests on these premises. To date, the Department has not provided one iota of

evidence that the Petitioner is an "entity or program receiving funds from that agency."

Additionally, here the Department's failure to provide timely Federal student financial aid to an

"otherwise qualified individual" is not based on the fact "that there were no funds available" in

violation of 29 U.S.C. § 794(a).

Likewise, [t]he Department's regulations implementing Section 504 authorize the

Department to investigate allegations of discrimination…." do not override the DOJ's mandatory

fact-finding investigations proviso brought under 28 C.F.R. Part 35. Resp.'s Mem. at 12.

Additionally, the Department's suggestion to pursue only those discriminatory acts committed by

the University's under Section 504 unreasonably invades the province of Petitioner's right to

"choice of remedies." As a matter of significance, here "[t]he Department retaliated against me

because I engaged in a protected activity." West's Decl. at 4.

In Heckler, the Supreme Court stated:

The APA's comprehensive provisions for judicial review of "agency actions" are
contained in 5 U.S.C. 701-706. Any person "adversely affected or aggrieved" by agency
action, see 702, including a "failure to act," is entitled to "judicial review thereof," as long
as the action is a "final agency action for which there is no other adequate remedy in a
court," see 704. The standards to be applied on review are governed by the provisions of
706. But before any review at all may be had, a party must first clear the hurdle of 701(a).
That section provides that the chapter on judicial review "applies, according to the
provisions thereof, except to the extent that - (1) statutes preclude judicial review; or (2)

agency action is committed to agency discretion by law."

Heckler, 470 U.S. at 828.  Unlike the petitioner is Heckler, Petitioner urges that the decision of

the U.S. Department of Education to refuse initiation of investigation is an action that is not

"committed to agency discretion by law" under 701(a)(2) and 28 C.F.R. § 35.172  *Id.*

28 C.F.R. § 35.171 provide:

a) The designated agency shall investigate each complete complaint, attempt informal
resolution, and, if resolution is not achieved, issue to the complainant and the public entity a
Letter of Findings that shall include –
(1) Findings of fact and conclusions of law;
(2) A description of a remedy for each violation found; and
(3) Notice of the rights available under paragraph (b) of this section.
(b) If the designated agency finds noncompliance, the procedures in {{35.173 and 35.174
shall be followed. At any time, the complainant may file a private suit pursuant to section
203 of the Act, whether or not the designated agency finds a violation.

*Id.*  In Dunlop, briefly, the Supreme Court noted that "[t]he Secretary shall investigate such

complaint and, if he finds probable cause to believe that a violation . . . has occurred . . . he shall

. . . bring a civil action . . . ."  Heckler, 470 U.S. at 833-34 *citing* Dunlop, 421 U.S. 560 (1975).

The Supreme Court upheld APA judicial review.    Justice Harlan's opinion in Abbott

Laboratories v. Gardner, 387 U.S. 136 (1967), made clear in interpreting the APA's judicial

review provisions:

"The legislative material elucidating [the APA] manifests a congressional intention that it
cover a broad spectrum of administrative actions, and this Court has echoed that theme by
noting that the Administrative Procedure Act's `generous review provisions' must be given a
`hospitable' interpretation. . . . [O]nly upon a showing of `clear and convincing evidence' of
a contrary legislative intent should the courts restrict access to judicial review." Id., at 140-
141 (citations omitted; footnote omitted).  *Id.*

In the Eighth Circuit's Appley Brothers v. United States, 164 F.3d 1164 (8th Cir. 1999), the

court noted that "although the inspector had discretion in selecting how he would investigate,"

under express regulations "he had no discretion not to undertake some investigation." *Id.* at 1172 (emphasis in original).

Notwithstanding, "[i]t is well settled that an agency … is legally bound to respect its own regulations, and commits procedural errors if it fails to abide them." P.'s Memo at 13 (citations omitted). As illustrated above, available evidence may reflect that Respondent fails to follow its own regulation in violation of due process, equal protection, and the APA. Discovery is needed to further develop this factual claim. *See* P.'s Memo. at 14-18.

Additionally, with regards to Counts 3-12 , Petitioner states that this Court has jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; the Mandamus Act, 28 U.S.C. § 1361; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq;* Declatory Judgment Act, 28 U.S.C. § 2201 *et seq* ; 28 C.F.R. Part 35; OCR [Office for Civil Rights] Compliance Manual (2005) ("Manual"); and the Fourteenth Amendment to the United States Constitution ("Fourteenth Amendment").

The Court states that "[t]he factual basis for Mr. West's complaint is his dissatisfaction with DOEd's investigation of his complaints of disability discrimination and retaliation allegedly committed by Webster University." Order at 1. Under Section 102 of Manual, Respondent provides that additional allegations of retaliation will either "be added to the open complaint or treated as a new complaint." *Id.* § 102(d). The Complaint fairly reflects that there are several allegations that were not treated in an even-handed manner. Complaint, Counts 3-12; *See* P's Mem. In Supp. of Rule 56(f) Mot. at 3-4; West's Decl. at 1-4. Respondent does not deny this unmistakable fact, and only addresses that the "university officials failed to provide him with prompt disbursement of Federal student financial aid because he filed a disability complaint with OCR; and …[a] teacher would not let him take the final test in a class he attended in January

2005, because he filed a disability complaint with OCR." Resp.'s Mot. to Dismiss at 7.

Respondent's attached evidence reflects that the cause of the failure to timely disburse Federal

student aid was due to the Respondent's failure, and not solely Webster University. Resp.'s Ex.

6 at 6-7; Ex. 7; West's Decl. at 2-4. For this reason, Respondent's reliance on *Cannon* may be

misplaced or readily distinguished with regards to the instant case.

Here the Petitioner's complaints, however, are not that limited with regards to the

Respondent's present discriminatory practices do not ensure equal access to education in

violation of federal law. *See* P.'s Mem. In other words, the heart of Petitioner's claims is that he

has been repeatedly discriminated against or harassed by *both* the University and the U.S.

Department of Education and has suffered injuries arising from the "Constitutional violations"

committed by the Respondent Secretary, U.S. Department of Education (emphasis added). *See*

Complaint at 1, Counts 1-13; West's Decl. at 2-4.

The Court of Appeals for the District of Columbia has on four occasions ruled explicitly that

they would meet the causation criterion if they could show that the agency's allegedly illicit

action was a "substantial factor" in bringing about the injurious conduct of the third parties.

Tozzi v. HHS, 350 U.S. App. D.C. 40, 271 F.3d 301, 308 (D.C. Cir. 2001); Competitive

Enterprise Inst. v. National Highway Traffic Safety Admin., 294 U.S. App. D.C. 35, 956 F.2d

321, 323 (D.C. Cir. 1992); Competitive Enterprise Inst. v. National Highway Traffic Safety

Admin., 284 U.S. App. D.C. 1, 901 F.2d 107, 114 (D.C. Cir. 1990); Community for Creative

Non-Violence v. Pierce, 259 U.S. App. D.C. 134, 814 F.2d 663, 669 (D.C. Cir. 1987). In two, the

Court of Appeals had implicitly applied that standard. Crete Carrier Corp. v. EPA, 361 U.S. App.

D.C. 54, 363 F.3d 490, 493 (D.C. Cir. 2004) (plaintiffs must show that it was "substantially

probable" that the challenged standard was "responsible" for the price increase injuring

plaintiffs); <u>Block v. Meese</u>, 253 U.S. App. D.C. 317, 793 F.2d 1303, 1308-09 (D.C. Cir. 1986) (finding plaintiffs have alleged a sufficient injury because government report "creates a disincentive" for third parties to obtain films from plaintiffs).

Specifically, as illustrated within Petitioner's Rule 56(f) motion, Petitioner contends that the Respondent maintains discriminatory practices by failing to timely disbarment of Federal student financial aid and suspending Petitioner without due process. *Id.* at 2-3, 13, 17; West's Decl. at 2-4. "The district court should possess jurisdiction over a matter where Secretary of Education decision to terminate student's participation in master's degree program because whether student was in compliance with terms and conditions of Federal Student loan program contract has to be decided on the basis of facts and law, and was not left to unfettered discretion of agency." *Id.* at 13 (citations omitted). "'Why could the defendant not disburse the plaintiff's Federal student financial aid before the last week of classes?' remains a question this district court should consider." *Id.* at 17-18. Under these facts, this may state a live Article III "case and controversy" under the authorities stated above. *See generally,* West's Decl. The Respondent's reliance on <u>Washington Legal Foundation v. Alexander</u>, 984 F.2d. 483 (D.C. 1993), <u>Cannon v. Univ. of Chicago</u>, 441 U.S. 677 (1979), Women's Equity Action League v. Cavazos, 906 F.2d 742 (D.C. Cir. 1991), and <u>Marlow v. U.S. Dept of Education</u>, 820 F.2d 581 (2nd Cir. 1987) are readily distinguished or misplaced because the instant complaint pertains to the Department's Constitutional violations, in which the University could not be found guilty. West's Decl. at 2.

As such, this may state a live Art. III case and controversy under the authorities stated above. And the Court can redress these injuries because with the Court's assistance Petitioner will be allowed to return to university to complete degree program, order Respondent to stop the harassing collection efforts on student loan since Respondent has turned Petitioner over to a

collection agency (since he is not presently attending University), order Respondent to provide

due process and follow controlling law as provided for under 28 C.F.R. Part 35 with regards to

disability discrimination investigations, restitution, and other administrative remedies. P's

Reply to Resp.'s Opp. at 2-4. Because of the Department's retaliatory action of referring

Petitioner to collection agency after filing the instant lawsuit, this Court may have additional

jurisdiction under 20 U.S.C. § 1082(a)(2).

Additionally, the same arguments and authorities provided for by Petitioner with regards to

Counts 1-2 immediately above may be applied to Counts 3-12.

## WANT OF ADMINISTRATIVE EXHAUSTION
## AND NO PRIVATE RIGHT OF ACTION

Second, the Respondent states that the Court should dismiss the FOIA claim because "for

want of administrative exhaustion"…and because "Petitioner has no private right of action,

suffered no harm and thus lacks Article III standing with respect to the other claim." Resp.'s

Mem. at 1.

In opposition, the Petitioner states that he complied with the controlling FOIA statutes. First,

Petitioner submitted a plain language written request for identifiable information. West's Decl.

at 2-3. Upon review of the original request, "please compile all of the retaliation and

discrimination allegations made against Webster University that you have received." Resp.'s Ex.

3 at 8. Additionally, the FOIA request stated for Respondent to "make a separate list of those

allegations that have not been investigated by this [F]ederal agency." *Id.*

In response, the Respondent states that it has complied with this request. However, as

illustrated within P's Mem. and P's Reply to Resp.'s Opp. both this Court and Petitioner can

plainly see that the materials provided for by this Respondent are inaccurate, misleading, or

untrue. For example, see Counts 3-12 as *none* of these filed allegations are fairly reflected on any of the materials provided for by Respondent (emphasis added). 28 C.F.R. Part 35 controls. *Cf.* Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 843, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984) [*14] ("If the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute"). The controlling statute states that the designated agency *shall* investigate (emphasis added). 28 C.F.R. §§ 35.171, 35.172. Upon information and belief, however, the decision to prosecute after a finding of non-compliance with 28 C.F.R. Part 35 may be left to the discretion of the Secretary because of available administrative conciliation remedy. 28 C.F.R. § 35.172; OCR Manual, Sec. 401; *See* Heckler v. Chaney, 470 U.S. 821 (1985).

Similarly, at a minimum, the Respondent had received additional allegations of retaliation that has not been fully and fairly investigated by Respondent – and now claims that Respondent "does not keep records of allegations that it has not investigated." Resp.'s Mem. at 5;  As illustrated above, if the Respondent logs the incoming allegations and also issues "closing" letters, a printout of the remaining incoming allegations that were filed but not acted upon may provide a response in compliance with the FOIA. *Supra.*

Contrary to Respondent's claim, no new records need to be created, if of course Respondent has been complying with its own controlling Manual and administrative due process. *See* Sections 103-110, OCR Manual. For these reasons, discovery may be needed to allow Petitioner a full and fair opportunity to develop this factual claim.

Nonetheless, Petitioner filed an appeal, after Respondent failed to provide the requested materials. *See* West's FOIA Appeal, attached as Exhibit 2. The Respondent states that "[t]he Department had not issued a determination on Petitioner's appeal prior to the commencement of

this action." Resp.'s Mem. at 5.

5 U.S.C. § 552 provides in relevant part:

Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(6)(C)(i). The Petitioner filed his appeal on March 1, 2006 because he was not satisfied with the responsive records. "I appeal the denial of my request and OCR's *continuing* administrative abuse practice. *Id.* (emphasis in original). "Here, compare the agency materials with the requests." Resp.'s Ex. 3 at 4. "Do these materials fully satisfy the requests? I think not." *Id.* The Respondent claims that "[y]our appeal seeks administrative review of the Department's initial decision dated March 9, 2006 concerning your above-referenced FOIA request but states no legal or factual basis for challenging that decision." Resp.'s Ex. 3 at 1. Here, the Respondent claims that it received the March 23, 2006 appeal correspondence which explicitly or implicitly provides that the materials received are not responsive to the FOIA requests. *Supra.* "The documents that were withheld must be disclosed under the FOIA because no statutory exemption reasonably supports the government's withholding of the available requested FOIA information." Resp.'s Ex. 3 at 7. The Respondent's Ex. 3 at 1-14 materials reflects that the Petitioner had appealed this matter from March 1 through 31, 2006. In light of these facts, this should reasonably suffice as a valid factual or legal basis for challenging the Respondent's decision to not release the requested FOIA materials. Here, the Respondent was put on fair notice that the materials sent by Respondent were not responsive to the original request.

Similarly, the Petitioner requested "all information and materials" that pertain to the October 3, 2005 OCR reconsideration matter. *See* Resp.'s Ex. 4. "Previously, this office

received request for reconsideration pertaining to several allegations of retaliation committed against me by Webster University." Resp.'s Ex. 6 at 1, Email to Weston, Bennett, & Nigro, dated Apr. 14, 2006. "Several months have passed. I have not received a substantiated reply [letter]." Resp.'s Ex. 6 at 1; West's Decl. *See* City of Waukesha v. EPA, 355 U.S. App. D.C. 100, 320 F.3d 228, 234 (D.C. Cir. 2003) (per curiam). "[T]he government act performed without the procedure in question will cause a distinct risk to [his] particularized interest," Wyo. Outdoor Council v. U.S. Forest Svc, 165 F.3d 43, 51 (D.C.Cir. 1999) (internal quotation marks and citation omitted). Remarkably, the Respondent falsely claims that it had not received the reconsideration request. Resp.'s Mem. at 6. However, Respondent's own proffered evidence reflects that "[my] request for reconsideration [was received and] ... has not been completed," according to OCR Staff Attorney, Brent Moerer. Resp.'s Ex. 6 at 12.

The statute provides twenty days for compliance with statute. 5 U.S.C. § 552(6)(A)(2). *See* Resp.'s Ex. 3 at 7-8 ("I look forward to receiving the requested materials within the statutory 20 day period provided for by federal law, but am not holding my breath because of the harassment by OCR officials.")

In contrast, Petitioner has a plethora of unanswered correspondence directed to Respondent, in which has never been answered or addressed. Upon information and belief, the Petitioner is not required to engage in futile actions or be continually subjected to Respondent's game of "charades." Resp.'s Ex. 3 at 4 ("... I have utilized this same agency's appeal process in which reconsideration actions were submitted to Washington DC Headquarters. These appeals have been buried somewhere because more than ten months have passed without a single responsive letter.")

The instant lawsuit was not commended until May 4, 2006. In light of these facts, the

Petitioner has substantially complied with "exhausting his administrative remedies."

As illustrated within Petitioner's arguments and evidence under Counts 1-2, and Counts 3-12, above, Petitioner has suffered harm with regards to Respondent's discriminatory, arbitrary and capricious practices, in which this Court can favorably redress under one or more of the jurisdiction authorities provided. *See* Owen M. Fiss, The Civil Rights Injunction 9 (1978); Griggs v. Duke Power Co., 401 U.S. 424, 91 S. Ct. 849, 28 L. Ed. 2d 158 (1971),

Additionally, this Court should not lightly presume the Congress intended to grant the U.S. Department of Education an unreviewable discretion to engage in otherwise noxious decision making. *See* Steenholdt v. FAA, 354 U.S. App. D.C. 192, 314 F.3d 633, 638 (D.C. Cir. 2003) (noting the "strong presumption of reviewability under the [APA]"). Significantly, the applicable regulations do not state that a complainant must exhaust the Complaint procedures promulgated under 29 U.S.C. 794(a) or 28 C.F.R. Part 35, or both, to enforce a due process violation in this Court.

In summary fashion, to date, the Respondent has not refuted its own evidence of Respondent's discriminatory, retaliatory practice of withholding Federal student financial aid until the last week of classes, its unfair collection agency practice, an unprecedented student suspension practice, arbitrary and capricious withholding of FOIA materials, etc.... West's Decl. at 1-4.

This motion to deny Resp.'s mot. to dismiss is based on the instant motion, P.'s Mem., P's Reply to Resp.'s Opp., attached West's Rule 56(e) Decl., and P.'s Statement of Disputed Facts.


**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny respondent's motion to dismiss and grant plaintiff the opportunity for discovery in support of his factual claims.

**\*\*\*\*\*\*\*\*\*\***

Respectfully submitted this ___3rd___ day of February 2007.


Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone


## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was placed in the U.S. mail, postage prepaid, first class this ___3rd___ day of February 2007, to:

Oliver McDaniel
AUSA, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Case No. 06-1012(RMC) |
| | ) | |
| MARGARET SPELLINGS, | ) | |
| | ) | |
| Respondent. | ) | |

### RULE 56(e) DECLARATION OF MICHAEL WEST

Michael West hereby declares as follows:

1.     that I have attended Webster University located in Webster Groves, Missouri.

2.     that I have been subjected to a variety of retaliation actions committed against me by this same University after I filed a disability discrimination complaint against said University.

3.     that I have reported more than ten incidents of retaliation committed against me by this University to Respondent's OCR authorities, since the recent filing of a verified disability discrimination complaint against the University.

4.     that Respondent has apparently investigated *only* two of these reported incidents. *See* Resp.'s Mem. at 7. *Cf.* Complaint, Counts 3-12.

5.     that I have been subjected to a garden variety of harassment and administrative abuse by Respondent's OCR authorities - as evidenced from several failures to respond to written inquiries, several failures to provide information, etc....

6.     In January 2005, I applied for Federal student financial aid.

7.     I did not receive Respondent's disbursement of said financial aid until the last week of classes towards the end of February 2005.

8.    The Respondent did not disburse the Federal student financial aid until "February 23, 2005." Resp.'s Ex. 5.

9.    I filed a request for reconsideration with the Respondent's higher level OCR officials, but to date no reasonable action has been taken in this separate matter.

10.   Previously, Kansas City OCR receptionist official stated that OCR records and logs-in all incoming allegations of discrimination and retaliation that they receive.

11.   Previously, Department's Sallie Mae representative stated that "it will only take one day to process and disburse student loan funds, once they received my application."

12.   Because of Respondent's failure to timely disburse said financial aid practice, I missed several classes and was precluded from taking the Final exam.

13.   Because of Respondent's failure to timely disburse said financial aid practice, I was indefinitely suspended from attending said University. Resp.'s Mem. at 7.

14.   Because of Respondent's failure to investigate the additional adverse retaliation acts committed against me by the University, the University repeatedly continues to harass me. *See* Complaint ¶ 4 at 1, Counts 3-12.

15.   Because of Respondent's failure to promptly and properly respond to administrative requests, I had filed plain language FOIA requests addressed to Respondent's OCR officials.

16.   The U.S. Department of Education's failure to provide the FOIA materials resulted in the filing of this instant lawsuit.

17.   The U.S. Department of Education's failure to timely disburse Federal student financial aid alone could therefore give rise to an inference of discriminatory

intent, in which resulted in the filing of this present lawsuit.

18.    Additionally, I believe the U.S. Department of Education's present practice has nullified or voided 29 U.S.C. § 794 *et seq.* or 28 C.F.R. Part 35 investigative proceedings without proper notice and hearing in violation of APA, in which resulted in the filing of this present lawsuit.

19.    As illustrated above, the U.S. Department of Education has established, promoted, maintained discriminatory practices in the Federal student loan program and other adverse agency actions against students with disabilities in violation of the First (right to petition and freedom to speak), Fifth (due process), and Fourteenth (due process and equal protection of law) Amendments, as well as disability discrimination laws, and these practices work to the detriment of students with disabilities. *Supra.*

20.    As such, I believe that the U.S. Department of Education's violations of these enumerated constitutional amendments *per se* constitute irreparable harm. *Supra.*

21.    As a result, the U.S. Department of Education's discriminatory practices may have a "chilling effect" on right to petition for redress under 28 C.F.R. Part 35 in violation of the First Amendment. *Supra.*

22.    Additionally, I believe these unreasonable discriminatory practices have a disparate impact or treatment on students with disabilities access to post-secondary education and career training, in which I have a protected property interest.

23.    Moreover, since the filing of the instant lawsuit, now the U.S. Department of Education has turned Petitioner's student loan account over to harassing GC

Service collection agency for collection, despite the discriminatory barriers it has created for Petitioner to complete master degree program at University.

24. To date, the U.S. Department of Education individually, or in concert with University, fails to articulate some legitimate, nondiscriminatory reasons for: (1) the prejudicial delays in disbursing Petitioner's Federal student financial aid , (2) the unprecedented student suspension, and (3) "cherry-picking" the receipt of several verified allegations of discrimination and/or retaliation in violation of 28 C.F.R. Part 35 and their own OCR Compliance Manual.

25. I also believe that the applicable statutes impose an affirmative, statutory duty for the Respondent to investigate allegations of discrimination and retaliation under 28 C.F.R. Part 35 as a "Designated Agency," which is not subject to the Respondent [Secretary's] discretion.

26. As a designated agency, DOE has violated my procedural-rights interest with regards to its present "failure to investigate" discriminatory practice, which has directly affected my protected property interest in both post-secondary education and career training..

27. In light of these facts, I believe the Department has retaliated against me because I engaged in a protected activity.

28. I further believe this Court can redress these injuries "but for" Respondent's discriminatory practices.

*******

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,              )
                            )
     Petitioner,         )
v.                       )    Civil Case No. 06-1012(RMC)
                            )
MARGARET SPELLINGS,   )
                            )
     Respondent.      )

### PETITIONER'S STATEMENT OF DISPUTED FACTS

Michael West hereby submits petitioner's statement of disputed facts in support of denying Resp.'s Mot. to Dismiss.

### DISPUTED FACTUAL ISSUES:

The parties agree that this case involves issues of law, and/or mixed questions of law and fact, in constitutional adjudication.

1.    whether this Court maintains jurisdiction over Petitioner's Constitutional and statutory claims.

2.    whether available evidence states an actionable claim against the Respondent for its discriminatory, and arbitrary and capricious practices.

3.    whether the Petitioner satisfactorily exhausted administrative remedy before proceeding to Federal court.

4.    whether the Respondent fully and fairly investigated *all* of Petitioner's allegations of retaliation and discrimination in accordance with 28 C.F.R. Part 35. Emphasis added.

5.    whether the Respondent promptly processed and properly considered Petitioner's

OCR "reconsideration" appeals.

6.    whether Respondent completely ignored, failed to consider, overlooked its own policies and procedures.

7.    whether Petitioner states a private right of action for Respondent's Constitutional and statutory violations practice.

8.    whether a reasonable person could understand plain language FOIA requests and appeals.

9.    whether the agency has considered the relevant factors and "articulated a rational connection between the facts found and choice made" with regards to verified allegations of over ten incidents of retaliation committed by University and against Petitioner. (Citations omitted).

10.    whether the agency's "failure to investigate" practice in violation of 28 C.F.R. Part 35 states a due process and equal protection violation.[1]

a.    whether the Department had jurisdiction to undertake the investigation actions requested;

b.    whether if the Department did have jurisdiction its refusal to take action those actions was subject to judicial review; and

c.    whether if reviewable its refusal was arbitrary, capricious, and an abuse of discretion in light of 28 C.F.R. Part 35.

11.    whether the agency's failure to promptly and properly process administrative reconsideration appeals states a due process and equal protection violation.

---

[1] This is not to be confused with agency's discretionary "enforcement" action after a properly conducted investigation provided with substantiated findings of facts and conclusions of law.

12.     whether DOE's interpretation of 28 C.F.R. Part 35's procedural rights,

enumerated Sections of OCR Manual, and hasty collection agency practice,

etc…within P's Answer to Resp.'s Mot. to Dismiss are reviewable under APA or

HEA.  5 U.S.C. 701; 20 U.S.C. § 1082(a)(2).

13.     whether there exists a "set of facts in support of his claim which would entitle him

to relief."

14.     whether the Court can redress the harm of DOE's continuing harassment,

disparate treatment, discriminatory practices, or procedural-rights violations

against Petitioner.

15.     whether Court monitoring of the U.S. Department of Education will be necessary

to ensure that no further violations occur.

Respectfully submitted this ___3rd___ day of February 2007.


Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone