UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary of Education, )<br>)<br>Defendant. ) | Case No. 06-cv-1012 (RMC) |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S MOTION FOR AN EXTENSION
OF TIME TO FILE A REPLY MEMORANDUM IN
FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff Michael West, *pro se*, and moves this Court with plaintiff's objections to defendant's motion for an extension of time to file a reply memorandum in further support of defendant's motion to dismiss. In support, the following is provided:

**PROCEDURAL HISTORY**

1. On May 4, 2006, Plaintiff filed suit against the Secretary for her "discriminatory practices." (Complaint at 1)

2. On June 30, 2006, Defendant filed defendant's motion for enlargement of time to answer or otherwise respond to complaint.

3. On this same June 30, 2006, remarkably, the Court granted defendant's motion above without permitting plaintiff to file any objections. (Doc. No. 9)

4. On July 31, 2006, Defendant (via Oliver W. McDaniel) filed both notice of substitution of counsel and defendant's second motion for an extension of time to answer or otherwise respond to complaint.

RECEIVED

MAR 8 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. On August 1, 2006, again, the Court granted defendant's second motion for extension without permitting plaintiff to file objection. (Doc. No. 12). The Court ordered the Defendant to file answer "on or before September 19, 2006." Id.

6. On September 19, 2006, Defendant filed respondent's motion to dismiss.

7. On October 3, 2006, the Court issued its order for Plaintiff to respond to Respondent's motion to dismiss.

8. On October 31st, 2006, Plaintiff filed plaintiff's Rule 56(f) motion for discovery.

9. On November 20, 2006, Defendant filed respondent's opposition to petitioner's Rule 56(f) motion.

10. On December 27, 2006, Plaintiff filed plaintiff's declaration and reply to respondent's opposition to petitioner's Rule 56(f) motion.

11. On January 11, 2007, the Court issued its order denying plaintiff's Rule 56(f) motion for discovery. And further ordered Plaintiff to file a response no later than February 12, 2007. (Doc. No. 18 at 1&4)

12. On February 3, 2007, Plaintiff re-newed his request for Rule 56(f) discovery and filed petitioner's answer to respondent's motion to dismiss. (Doc. No. 19)

13. On February 22, 2007, Defendant (via Oliver W. McDaniel) filed [third] motion for an extension of time to file a reply memorandum in further support of defendant's motion to dismiss ("D's Motion") under FED. R. CIV. P. 6(b) (Doc. No. 20)

**ARGUMENT**

14. After careful review and consideration, the Plaintiff objects to Defendant's third motion for an extension of time because it is untimely and it is not based on "excusable neglect."

15. Here, Defendant and/or Government's attorney, Mr. McDaniel, filed his first extension request on June 30, 2006, second extension request on August 1, 2006, and has since filed his responsive motions on September 19, 2006. See Above. By this act, it is undisputed that Defendant had received actual notice of, and was aware of, the deadline. Thus, the Court should not find that counsel's failure in fact resulted from the inadequacy of notice.

16. In relevant part, Federal Rule of Civil Procedure 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; ….

FED. R. CIV. P. 6(b) (2006).

17. The Defendant makes two central arguments in support of motion for an extension of time with regards to motion to dismiss: (1) Counsel needs additional time to confer with agency counsel concerning supporting submissions…, and (2) Counsel has a number of litigation in other cases. (D's Motion at 1)

18. First, the time for filing an extension under Fed. R. Civ. P. 6(b)(1) is not applicable because the expiration of the period extended by a previous order has expired.

19. Second, once the deadline has expired, the deadline can only be extended upon motion and a showing of excusable neglect. Fed. R. Civ. P. 6(b)(2). See e.g., Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005).

20. The U.S. Supreme Court examined the issue of excusable neglect in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), and held that

"inadvertence, ignorance of the rules, or mistakes" do not generally constitute excusable neglect. See also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990). Noting the DC Circuit or Court of Appeals has allowed exceptions for excusable neglect in several cases, the court said none of those fact situations apply here. Cf. In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1210 (D.C. Cir. 2003).

21. In Lujan v. National Wildlife Federation, 497 U.S. 871, 897 (1990), the U.S. Supreme Court concentrated exclusively on the asserted cause of the failure and the movant's culpability.

22. In the instant case, the attorney seeks a third extension of time – five (5) months after he filed his motion to dismiss. The Defendant's motion is clearly untimely.

23. Additionally, the Defendant's motion is silent as to why he did not approach agency counsel previously, in light of the fact that U.S. District Courts often convert a Rule 12 motion to dismiss into a Rule 56 motion for summary judgment, as part of its civil practice and procedure. See Rule 12(b)(6).

24. When considering Mr. McDaniel's litigation practice and experience, certainly this is not the first time he had been advised that a Rule 12 motion could be converted into a Rule 56 motion. See D's Motion at 1-2 (listing several cases that have survived either his motions to dismiss or for summary judgment).

25. In part, it was for this reason that this *pro se* Plaintiff timely filed his Rule 56 motion for discovery from the outset.

26. Here, none of the litigation cases enumerated herein Defendant's present motion reflect that he could not previously "confer with agency attorney" from September 19,

2006 (the deadline date established by Court order) to February 22, 2007 (the date he filed instant motion). D's Motion at 1.

27. In Pincay v. Andrews, 351 F.3d 947, 951 (9th Cir. 2003), the Ninth Circuit expressed:

> Not knowing the law governing one's practice is different from mere neglect, and it cannot be classified as excusable neglect. No axiom is more familiar than, "Ignorance of the law is no excuse." This ordinary rule is not a per se rule, but it ordinarily applies to those whose profession is the law.

28. The Government attorney's failure to read or misremember the rules governing Rule 12 and Rule 56 motions, resulting in his *professional* ignorance of the law, cannot be classified as excusable neglect. (Emphasis added)

29. In contrast, there is no evidence that reflects the problem of failing to file its complete answer on or before September 19, 2006 was that a paralegal misread a crystal clear rule and calendared the wrong date.

30. Significantly, the Government attorney's reasons in support of the instant motion are neither "unique or extraordinary circumstances." Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001) (referring to "'unique or extraordinary circumstances'") (citing Pontarelli v. Stone, 930 F.2d 104, 111 (1st Cir. 1991)); See Pioneer, 507 U.S. at 395. After all, "knowledge of the law is a lawyer's stock in trade." Pincay, 351 F.3d at 950.

31. Moreover, the prejudice to Plaintiff here is apparent when compared to the fact that the Defendant has successfully and unfairly delayed this matter from the date it was served with summons. Without prompt Court action, the Defendant will prejudicially continue to effectively

suspend this student without due process and otherwise subject Petitioner to its enumerated discriminatory practices.  See P's Answer to D's Mot. to Dismiss at 7-10.

32. This Court should wonder why a party allegedly acting diligently and in good faith would wait five additional months after filing his motion to dismiss to file a third request for extension, in light of already being alerted to the fact that a Rule 12 motion could be converted into a Rule 56 motion.

33. Notwithstanding, as partially illustrated above, the Government Mr. McDaniel's practice above reeks of conduct consisting of vexatious and unreasonable delays and harassing Plaintiff in violation of 28 U.S.C. § 1927.  Additionally, sanctions may be appropriate under this court's inherent authority, as well as this court's rules of disciplinary enforcement.

34. Here, the court should make a finding that D's present Motion represents a form of litigation by attrition, wherein the practitioner's intent was to force the opposition either to yield to its position or be crushed under a great weight of misstated factual assertions and drowned in a sea of bombast.  See Defendant's motion to dismiss, memorandum of points and authorities in support of motion to dismiss, and attached fifty-page exhibits.  Cf. P's Answer to D's Mot. to Dismiss, 02/03/07 ("The Court has taken proper notice that Respondent's 'appended documents altered the motion to dismiss with regards to Counts 1 and 2 such that the Court will treat DOEd's motion, as it relates to Counts 1 and 2, as one for summary judgment under Federal Rule of Civil Procedure 56.' Order at 2."

35. It remains undisputed that Mr. McDaniel's knew (or should have known) that when he attached fifty-pages of documentary evidence to his motion to dismiss that he would substantially alter his Rule 12 motion as "where matters outside the pleadings are presented in a

6

motion to dismiss, courts [regularly] treat the motion a for summary judgment under Rule 56."
Order 01/11/07 at 2 (Doc. No. 18)

36. Additionally, the Court should make a finding that Mr. McDaniel's failure to meet the September 19, 2006 deadline resulted at least in part from counsel's "indifference."

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Deny Defendant's motion for enlargement of time;

2. Issue a preliminary injunction to enjoin Defendant from maintaining its discriminatory practices against this Petitioner;

3. All costs, expenses, and fees be taxed against defendant's attorney;

4. Sanctions and disciplinary action be imposed against defendant's attorney for vexatious and unreasonable delay; and

5. For any other relief fit in the premises.

*******

Respectfully submitted this __3rd__ day of March 2007.


_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935
No phone

7

## CERTIFICATE OF SERVICE

    I hereby certify that a true and complete copy of the foregoing motion was placed in the U.S. mail, first class, postage prepaid, and mailed this 3rd day of March 2006 to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530

_____