UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-1012 (RMC) |
| ) | |
| MARGARET SPELLINGS, ) | |
| Secretary, ) | |
| U.S. Department of Education, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**REPLY MEMORANDUM TO PETITIONER'S
OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

The Respondent, through counsel, the United States Attorney for the District of Columbia, respectfully submits this legal memorandum in response to Petitioner's Opposition to Respondent's Motion to Dismiss and in further support thereof as to Petitioner's claims (Counts three through Twelve of the Complaint) concerning the Office of Civil Rights (OCR). Petitioner focuses primarily on his claims under the Freedom of Information Act (FOIA) (Counts One and Two) and does not appear to advance coherent arguments in support of the remaining counts of the Complaint. Accordingly, Respondent submits that the Court should dismiss Counts Three through Twelve of the Complaint for failure to state a claim.[1]

---

[1] After evaluating further the Department's response to Petitioner's FOIA requests, the Department will brief fully a motion for summary judgment on Counts One and Two, and submit a Vaughn index, as set forth in Respondent's Motion for Extension of Time filed contemporaneously with this Reply Memorandum.

## DISCUSSION

**I.     Petitioner Does Not Have a Private Right of Action Against the Department under Section 504.**

In her motion to dismiss, Respondent recognizes that Section 504 prohibits discrimination against individuals on the basis of disability in programs or activities receiving federal financial assistance. However, Respondent has clearly established that the statutory scheme under Section 504, as interpreted by the Supreme Court and certain Circuit Courts of Appeals, does not contemplate a private right of action for declaratory and injunctive relief against a federal funding agency for termination of funding assistance to an allegedly discriminatory entity or program receiving funds from that agency. Cannon v. University of Chicago, 441 U.S. 677, 745, 748 (1979); Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 65-76 (1992). Consequently, the Complaint fails to state a justiciable cause of action against the Department.

Neither Section 504 nor its implementing regulations, however, provide anyone with a mechanism to sue the Department in order to enforce the statute in a particular way. The Supreme Court in Cannon did not imply a private right of action directly against the alleged discriminating entity/recipient because complainants/beneficiaries – who may be complainants in the administrative scheme – are not participants in the administrative enforcement proceedings conducted by federal agencies, and "even if those proceedings result in a finding of a violation, a resulting voluntary compliance agreement need not include relief for the complainant." Id. at 706, n.41. So, it is clear that Petitioner here has no private right of action against the Department, apart from what claims he may have against Webster University.

As Respondent argued in her motion to dismiss, federal courts have expressly recognized the limited role that a complainant plays in the administrative enforcement process. Cannon, 441

U.S. at 706 n.41; Women's Equity Action League v. Cavazos, 906 F.2d 742 (D.C. Cir. 1991); NAACP v. Medical Center, Inc., 599 F.2d 1247, 1254 (3rd Cir. 1979). Section 504 does not provide the beneficiary of federal financial assistance, as a recipient of federal funding, a right to file an administrative complaint alleging discrimination. The beneficiary's right to file a complaint derives solely from the Department's regulations implementing Section 504. See 34 C.F.R. Part 104. Moreover, the statutory framework of Section 504 does not permit Petitioner here to proceed directly against the Department. Cf. Heckler v. Chaney, 470 U.S. 821, 832-33 (1985) (civil enforcement decisions committed to agency discretion).

Nothing Petitioner argues in his opposition overcomes the fact that the judicial review contemplated by the statute in no way encompasses Petitioner's present action. The extent of judicial review available under Title VI was carefully delineated by Congress in Section 603 of Title VI, 42 U.S.C. §2000d-2. Only when an entity's federal financial assistance has been terminated by an agency for failure to comply with Title VI may that entity seek judicial review of the agency's actions.

Respondent has firmly established that, consistent with the minimal administrative participation allowed to the "beneficiary" under the statutory framework, the implementing regulations do not permit a disappointed complainant to seek judicial review. Rather, the complainant may pursue a private right of action directly against the alleged discriminating recipient of federal funds under Section 504, even without exhausting available administrative procedures. See Cannon, 441 U.S. at 706-708. Nonetheless, if the investigation indicates non-compliance, and a voluntary resolution is not possible, the only action the Department can take directly is to initiate administrative fund termination proceedings or referral of the case to the Department of Justice for judicial enforcement. 34 C.F.R. §§100.8(a), 101.111-101.131 and 104.61.

The Court of Appeals for the District of Columbia Circuit considered the issue of whether the Secretary of Education is a proper defendant in an action under Title VI, and held that plaintiffs do not have a cause of action to sue the funding agency directly under Title VI in order to require the Secretary of Education to exercise enforcement authority. Washington Legal Foundation v. Alexander, 984 F.2d 483 (D.C. 1993); Women's Equity Action League, supra.

In Women's Equity Action League, a D.C. Circuit panel, in a unanimous decision, found no authority for "the continuing, across-the-board federal court superintendence of executive enforcement [that] plaintiffs seek" despite detailed allegations of complete abdication by an entire agency of its enforcement duty. Women's Equity Action League, 906 F.2d at 747. Instead, the Court concluded that the plaintiffs were entitled to sue the recipient of federal funds directly that had allegedly engaged in prohibited discrimination. The Court held that, while Congress could authorize legal actions against federal executive agencies, it had chosen not to do so in Title VI. Id. at 751.

## II. Petitioner Has Neither a Private Right of Action Against the Department under the APA nor the Mandamus Act.

As the D.C. Circuit has instructed, the Supreme Court's Cannon decision "suggests that Congress considered private suits [against individual educational institutions] to end discrimination not merely adequate but in fact the proper means to enforce Title VI and its sister anti-discrimination statutes." Women's Equity Action League, 906 F.2d at 751 (emphasis added). Here, Petitioner's ability to advance suit directly against Webster University, the educational institution that he claims discriminated against him, is the only remedy available to address the wrong he perceives. A collateral attack against the Department under the APA is simply not available. See id.[2] The APA

---

[2] Since the exercise of the agency's enforcement discretion is the subject of Petitioner's suit, the APA cannot provide him relief. Heckler, 470 U.S. at 832-33.

limits judicial review to those federal agency actions "for which there is no other adequate remedy in a court." See 5 U.S.C. § 704; Council of and for the Blind v. Regan, 709 F.2d 1521, 1532-33 (D.C. Cir. 1983) (*en banc*). Here, Petitioner has an adequate remedy under Section 504 directly against the allegedly discriminatory recipient of federal funds – *i.e.*, Webster University. See Cannon, supra, 441 U.S. at 696-701, 715-16 (1979) (recognizing implied private cause of action against recipient of federal funds under Title VI and IX); Alexander v. Sandoval, 532 U.S. 275, 279 (2001) (private individuals may sue to enforce Title VI and obtain both injunctive relief and damages).

Mandamus is an extraordinary remedy available only if other relief is inadequate. The fact that an APA action is barred by Petitioner's available 504 remedy against the University "demands the further conclusion that mandamus is not available." Women's Equity Action League, 906 Fd.2d at 752; see Council of and for the Blind, 709 F.2d at 1522.

### III. Petitioner Does Not Have a Cause of Action Against the Department under Title II of the ADA, the Fourteenth Amendment to the United States Constitution, or Department Regulations at 34 C.F.R. Part 105.

Respondent has also foreclosed Petitioner's access to Title II of the ADA as a basis for suit. No private right of action against the United States is available under the ADA, because it does not apply to federal executive branch agencies. See Raines v. U.S. Department of Justice, 424 F.Supp.2d 60, 65 (D.D.C. 2006). Additionally, the Fourteenth Amendment only applies to State action, not the action of the United States. Id.

Finally, because the discrimination alleged by Petitioner arises out of federally assisted programs or activities, *i.e.*, discrimination against Petitioner by Webster University, a recipient of federal financial assistance, such a cause of action could only be governed by Department regulations found at 34 C.F.R. Part 104. Department regulations at 34 C.F.R. Part 105, however,

do not apply, since Part 105 only applies to the enforcement of nondiscrimination on the basis of handicap in programs or activities conducted by the Department. Part 105 does not apply to the investigation or findings in Petitioner's administrative complaints against Webster University filed with OCR.

**IV.    Petitioner Does Not Have Article III Standing.**

Respondent has established that Petitioner cannot establish the three constitutional elements necessary to demonstrate standing to sue the federal government for failure to carry out its executive functions. Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982); see also NWCA v. U.S. Department of Education, 263 F. Supp. 82, 105-106 (D.D.C. 2003). Petitioner cannot show injury in fact, Defenders of Wildlife, 504 U.S. at 560; see also Bensenville v. FAA, 376 F.3d 1114, 1118-19 (D.C. Cir. 2004), cannot establish that the alleged injury is traceable to the challenged action, Defenders of Wildlife, 454 U.S. at 560 (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41-42 (1976), and cannot establish that the alleged concrete injury is "likely to be redressed by a favorable decision" of the court hearing the matter, Valley Forge, 454 U.S. at 472.

Respondent reiterates that the D.C. Circuit has held that a plaintiff's standing fails where it is "purely speculative that a requested change in government policy will alter the behavior of regulated third parties that are the direct cause of the plaintiff's injuries." See NWCA, 366 F.3d at 938. In this instance, Petitioner has not pled facts sufficient to show that a decision by this Court against the Department will affect Webster University and its alleged retaliation against Petitioner. Petitioner has offered nothing but "unadorned speculation" that an order requiring the Department to conduct an investigation of Petitioner's claims would redress the alleged retaliation committed against him by Webster University. See id. at 944. Such speculation is not sufficient to establish

Article III standing, and, accordingly, Petitioner cannot avoid the conclusion that there is no jurisdiction to maintain this action.

**V.      Petitioner's Arguments Are Unavailing**

In his opposition, Petitioner has failed to respond to the legal arguments asserted in Respondent's Motion to Dismiss. Instead, Petitioner appears to rehash the factual background of his underlying administrative complaints, matters deemed by the Court to be irrelevant to its disposition of Respondent's motion. For this reason, Petitioner has essentially conceded Respondent's Motion to Dismiss as to Counts Three through Twelve of the Complaint.

Petitioner further attempts to advance new factual and legal allegations not raised in the Complaint. For example, he states:

> Additionally, here the Department's failure to provide timely Federal student financial aid to an 'otherwise qualified individual' is not based on the fact 'that there were no funds available' in violation of 29 U.S.C. § 794(a). . . .
>
> As a matter of significance, here '[t]he Department retaliated against me because I engaged in a protected activity.'

Pet. "Answer" at 5. Petitioner contends further:

> Because of the Department's retaliatory action of referring Petitioner to collection agency after filing the instant lawsuit, this Court may have additional jurisdiction under 20 U.S.C. 1082(a)(2)

Id. at 10. Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. Henthorn v. Dept. of Navy, 29 F.3d 682, 688 (D.C.Cir.1994); cf. Behrens v. Pelletier, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

The Department's adverse administrative agency decision as to Petitioner's retaliation complaint was a proper exercise of administrative enforcement authority – authority committed to agency discretion. Petitioner has neither a private right of action nor standing to bring this action against the Department. As noted, Petitioner's remedy under Section 504 is a suit directly against the allegedly discriminatory recipient of federal funds – i.e., Webster University.[3]

---

[3] Plaintiff incorrectly argues that OCR is required to conduct an investigation under the ADA. Rather, the Title II regulations establish that the Department uses the same complaint procedures under Title II as under Section 504. See 28 C.F.R. § 35.190(b)(2) (2006) (designating this Department as the agency with implementation responsibility for processing Title II complaints for elementary and secondary systems and institutions, higher education, etc.) and 28 C.F.R. § 35.170(3)(i) (2006) ("If the agency that receives a complaint has section 504 jurisdiction, it shall process the complaint according to its procedures for enforcing section 504.)

**CONCLUSION**

WHEREFORE, Respondent submits that the Court should grant her motion to dismiss this action with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2007, I caused the foregoing Respondent's Reply Memorandum to Petitioner's Opposition to Respondent's Motion to Dismiss to be served on the Petitioner by mail, postage prepaid, addressed as follows:

Michael West
P.O. Box 1935
St. Charles, MO 63302

                                         /s/
                           OLIVER W. MCDANIEL, D.C. BAR # 377360
                           Assistant United States Attorney
                           Civil Division
                           555 Fourth Street, N.W.
                           Washington, D.C.  20530
                           (202) 616-0739