## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-1012 (RMC)** |
| | ) | |
| **MARGARET SPELLINGS, Secretary,** | ) | |
| **U.S. Department of Education,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## MEMORANDUM OPINION

Michael West, proceeding pro se, sued Margaret Spellings, Secretary of the U.S. Department of Education ("DOE"), in her official capacity. Counts 1 and 2 of the Complaint allege violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Counts 3 through 12 seek to compel DOE under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., the All Writs Act, 28 U.S.C. § 1691, and Mandamus, 28 U.S.C. § 1361, to use its enforcement authority in a manner favorable to Mr. West under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").[1] The factual basis for Mr. West's Complaint is his dissatisfaction with DOE's investigation of his complaints of disability discrimination and retaliation allegedly committed by Webster University.

DOE filed a motion to dismiss, in response to which Mr. West filed a motion to take limited discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. The Court denied Mr. West's motion for discovery and ordered him to respond to DOE's motion. Order filed Jan. 11, 2007 [Dkt. # 18]. He has now done so. The parties were advised that the Court would consider

_____

[1] Section 504 is effectuated by various regulations set forth in 34 C.F.R. Part 104.

DOE's motion as one for summary judgment because DOE appended documents to its motion.  *See* Fed. R. Civ. P. 12(b) (a motion to dismiss which presents matters outside the pleadings shall be treated as a motion for summary judgment).

## I. BACKGROUND

A.  Counts 1 and 2

In an e-mail dated November 25, 2005, Mr. West sent a request to DOE for "[a]ll information and materials that are responsive or pertain to a letter provided to this specific branch of the [DOE] for 'Reconsideration for 07052031' dated October 3, 2005."  Def.'s Mem. Ex. 4.  Mr. West's request apparently referred to an application for financial aid he had submitted to Webster University and Sallie Mae.  *Id.* Ex. 5.  DOE's Office of Civil Rights ("OCR") informed Mr. West that "Sallie Mae received certification from Webster University on February 8, 2005, and approval from USA Funds on February 9, 2005.  Sallie Mae disbursed the loan on the scheduled disbursement date of February 23, 2005."  *Id.*  OCR also requested that Mr. West clarify the specific documents he was requesting under FOIA.  *Id.*  Mr. West did not respond directly to OCR's inquiry, but instead, on April 21, 2006, complained of DOE's failure to process his request.  *Id.* Ex. 6.  Mr. West alleges that he filed an appeal of the agency's inaction.  Compl. ¶ 22.

Mr. West e-mailed a second FOIA request to OCR on February 8, 2006, seeking "all of the retaliation and discrimination allegations made against Webster University that you received or [are] aware."  Def.'s Mem. Ex. 1.  Mr. West also requested that OCR provide a list of allegations of discrimination not investigated by the agency.  *Id.*  On March 9, 2006, DOE responded to Mr. West's FOIA request.  *Id.* Ex. 2.  The agency provided four pages of documents listing the allegations made against Webster University since October 10, 1993. *Id.*  Mr. West was informed

that DOE does not maintain records of allegations against Webster University that have not been investigated by the agency. *Id.*

Mr. West appealed DOE's determination on March 23, 2006. *Id*. Ex. 3. On May 31, 2006, before DOE ruled on his appeal, Mr. West filed this action.

B. Counts 3 through 12

Mr. West alleges that between February 22, 2005, and June 2, 2005, he filed complaints with DOE alleging that Webster University had retaliated against him for filing a prior discrimination complaint. Compl. ¶¶ 35, 62, 65, 68, 71, 74, 81, 84, 87. He alleges that the University failed to disburse his student financial aid promptly and that he was not allowed to take the final exam in one of the classes he attended. Def.'s Mem. Ex. 7. Following its investigation, OCR concluded that Webster University had provided a legitimate, non-discriminatory reason for its action. *Id.*

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party

opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992).

### III. ANALYSIS

#### A.  FOIA

After DOE filed the pending motion to dismiss and the motion was fully briefed, DOE filed a motion for leave to file a motion for summary judgment on Counts 1 and 2, the FOIA claims. DOE indicated "Respondent has evaluated further its responses to Petitioner's FOIA requests. Respondent has determined that it needs to make an additional release of documents pursuant to those requests. . . . Respondent seeks more time to draft [a] motion for summary judgment . . . on Counts I and II." Def.'s Mot. [Dkt. # 22] at 2. The Court will grant DOE's motion for leave to file a motion for summary judgment. Further, because DOE at this time has chosen not to pursue its motion to dismiss with regard to Counts 1 and 2, the motion to dismiss will be denied without prejudice with regard to these Counts.

#### B.  Rehabilitation Act

Mr. West seeks a writ of mandamus compelling DOE to comply with Section 504 by investigating his allegations against Webster University. Compl. ¶¶ 37 & 90. Mr. West also asserts jurisdiction under the APA, 5 U.S.C. § 701 *et seq*., and the All Writs Act, 28 U.S.C. § 1691.

-4-

Section 504 of the Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified handicapped individual in the United States . . . shall solely by reason of his handicap . . . be subjected to discrimination under any program or activity receiving financial assistance." 29 U.S.C. § 794. The term "program or activity" includes a college, university, or a public system of higher education. 29 U.S.C. § 794(b)(2)(A). The "remedies, procedures and rights" of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*., apply to any act by a recipient of federal financial assistance under Section 504. 29 U.S.C. § 794a(a)(2).

Under DOE regulations, any person who believes he has been subjected to discrimination may file a written complaint with the agency. 34 C.F.R. § 100.7(b). DOE is then required to undertake a prompt investigation to determine if the program receiving federal funds is in compliance with the statute. 34 C.F.R. § 100.7(c). If DOE determines that the complaint is meritorious, DOE then directs the funds recipient to undertake various compliance efforts. 34 C.F.R. §§ 100.7(d) & 108; *see also Women's Equity Action League v. Cavazos*, 906 F.2d 742, 750 (D.C. Cir. 1990) (describing administrative process under Title VI); *Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 584 (2d Cir. 1987) (citing procedural steps in Section 504 cases). Noncompliance can result in the suspension or termination of federal funding. 34 C.F.R. § 108. A complainant also may bring an action under the statute against the alleged discriminating institution. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 709 (1979); *Women's Equity Action League*, 906 F.2d at 745 n.1.

DOE moves to dismiss the Section 504 claims on the grounds that Mr. West does not have a right to bring a private action against the agency. DOE is correct. Although a complainant has a private right of action against the allegedly discriminating recipient of federal funds, he cannot seek judicial review of the federal government agency's decision regarding his complaint against

-5-

such recipient. *Stimac v. Barr*, No. 93-15106, 1993 WL 483837, at *1 (9th Cir. Nov. 23, 1993);

*Clark v. Skinner*, 937 F.2d 123, 125 (4th Cir. 1991); *Women's Equity Action League*, 906 F.2d at

748-50; *Marlow*, 820 F.2d at 584; *see also El Rio Santa Cruz Neighborhood Health Ctr. v. HHS*, 396

F.3d 1265, 1271 (D.C. Cir. 2005) (prevailing legal doctrine disfavors suits directly against federal

enforcement authorities administering anti-discrimination laws).  Mr. West, therefore, has no cause

of action under the Rehabilitation Act to challenge DOE's decision regarding Webster University's

treatment of Mr. West.

      Mr. West also cites the APA as a basis for his claim.  A final agency action is subject

to judicial review under the APA unless there is no other adequate remedy.  5 U.S.C. § 704.  As

noted above, Mr. West has the right to bring an action against Webster University for the alleged

discrimination.  This right of action is adequate to redress discrimination and, therefore, precludes

a remedy under the APA.  *Washington Legal Found. v. Alexander*, 984 F.2d 483, 486 (D.C. Cir.

1993) (quoting *Women's Equity Action League*, 906 F.2d at 751)).

      Nor is mandamus a proper remedy for Mr. West's claims.  The mandamus statute

provides that "[t]he district court shall have jurisdiction of any action in the nature of mandamus to

compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff." 28 U.S.C. § 1361.  A writ of mandamus is an extraordinary remedy to be utilized

only under exceptional circumstances.  *Chaplaincy of Full Gospel Churches v. Johnson*, 276 F.

Supp. 2d 82, 83 (D.D.C. 2003) (citing *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291,

1296 (D.C. Cir. 1976)) (quotation marks omitted).

      In order to obtain mandamus relief, a plaintiff must show that (1) he has a clear right

to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available

to the plaintiff. *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996); *Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank*, 251 F. Supp. 2d 126, 131 (D.D.C. 2003). A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005). In the absence of a clear and certain duty to act by the public official, there can be no mandamus relief. *N. State Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997). Determining if a defendant has a clear duty to act depends on the nature of the duty at issue, whether it is ministerial or discretionary. Mandamus is only available where "the duty to be performed is ministerial and the obligation to act peremptory and clearly defined." *13th Reg'l Corp. v. Dep't of the Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). A ministerial duty is one that admits of no discretion, so that the official has no authority to determine whether to perform the duty. *Swan*, 100 F.3d at 977. Courts do not have authority under the mandamus statute to order a government official to perform a discretionary duty. *Id.*

Because an agency's enforcement decision is a matter of discretion, *Heckler v. Chaney*, 470 U.S. 821, 832 (1985), Mr. West cannot show that DOE had a clear duty to act. Further, as explained above, Mr. West has an adequate remedy under the Rehabilitation Act. *See Women's Equity*, 906 F.2d at 752. As a result, Mr. West is not entitled to mandamus relief.

The All Writs Act also is of no assistance to Mr. West. The All Writs Act provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This statutory language thus makes clear that the authority to issue writs is confined to the issuance of process "in aid of " jurisdiction which is created by some other source and not otherwise enlarged by the Act. *In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004). The statue "itself is not a grant of jurisdiction,"

*id.*, and does not provide a basis for Mr. West's cause of action here.[2]

## IV. CONCLUSION

For the reasons stated above, DOE's motion to dismiss [Dkt. # 13] is treated as a motion for summary judgment and will be granted in part and denied in part. DOE at this time has chosen not to pursue the motion with respect to Counts 1 and 2, and thus the motion is denied without prejudice on these Counts. Summary judgment is granted with respect to Counts 3 through 12 of the Complaint. DOE's motion for leave to file a summary judgment motion [Dkt. # 22] on Counts 1 and 2 of the Complaint (the FOIA claims) is granted. DOE shall file its motion no later than April 24, 2007. A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: March 29, 2007

---

[2] The federal regulations cited by Mr. West, 28 C.F.R. § 35.172 and 34 C.F.R. § 105.41, are not applicable here. Title 34 C.F.R. § 105.41 concerns programs and activities conduct by the Department of Education, and 28 C.F.R. § 35.172 pertains to DOE enforcement actions against state and local government services engaging in disability discrimination.

-8-