UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                            )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )    Case No. 06-1012 (RMC)
                                         )
MARGARET SPELLINGS, Secretary,           )
U.S. Department of Education,            )
                                         )
        Defendant.                       )

RECEIVED
APR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S RULE 52/59 MOTION

COMES NOW Plaintiff, Michael West, *pro se*, and moves this court with Plaintiff's Rule 52/59 Motion, FED. R. CIV. P. (2006). In support, the following is provided:

1. On April 3, 2007 this Court mailed its Memorandum Opinion and Order to the Plaintiff. See Doc. Nos. 24 & 25. A true and complete copy of the Court's mailing envelope is attached.

2. In support, the Court stated that "[b]ecause Defendant is not pursuing the dismissal of Counts 1 and 2 under this motion, the motion is DENIED without prejudice on these Counts." Doc. 25 at 1.

3. Remarkably, the Defendant conceded that "Respondent [Spellings] needs to make an additional release of documents pursuant to those [FOIA] requests," in which this Court may have originally and reasonably granted summary judgment to the Plaintiff. See Resp.'s Motions for Leave and For an Extension of Time to File a Motion for Summary Judgment as to the FOIA Claims (Counts I & II) of the Complaint, dated March 22, 2007, at 2.

4. Conversely, the Court also erroneously assumes and concluded that from the period of time March 23, 2006 through May 31, 2007, that Plaintiff did something wrong by filing the

1

instant lawsuit when it is undisputed that the Respondent failed to comply with the statutory deadlines promulgated under FOIA. See 5 U.S.C. 552a.

5.  Additionally, the Court granted summary judgment with regards to Counts 3 through 12 of the Complaint. Doc. No. 25 at 1; Cf. Petitioner's Statement of Disputed Facts.

6.  In support, the Court stated "[t]he factual basis for Mr. West's Complaint is his dissatisfaction with DOE's investigation of his complaints of disability discrimination and retaliation allegedly committed by Webster University.

7.  Significantly, Plaintiff promptly responded to Defendant's motion, as stated above. See Petitioner's Motion for Leave to File Amended Complaint to Conform to the Evidence Pursuant to Rule, dated March 30, 2007.

8.  Here, the gravaman of the instant Complaint is not *solely* based on the dissatisfaction with DOE's investigation, in which the Complaint may reasonably state a live Art. III "case and controversy." (Emphasis added.) Supra., at 2-5. See also Plaintiff's Declaration and Reply to Respondent's Opposition to Petitioner's Rule 56(f) Motion, dated Dec. 27, 2006 at 2 ("This court may 'redress that injury'..."

9.  Moreover, with regards to the alleged Dept.'s investigated findings, the Court fails to provide a meaningful analysis to the undisputed fact that the Respondent has not taken any meaningful action upon the receipt of the Petitioner's Reconsideration appeal filed with Dept.'s Headquarters, Washington D.C. – over two years ago, in which mandamus or APA would be reasonably available to this Petitioner, or any other party under these circumstances. 28 U.S.C. § 1361; 28 U.S.C. § 1331; National Assoc. of Criminal Defense Lawyers, Inc. v. United States Dep't of Justice, 182 F.3d 981, 987 (D.C. Cir. 1999); See Kim v. Ashcroft, 340 F. Supp. 2d 384

(S.D.N.Y. 2004) (noting that the section 555(b) of the APA requires the government to act within a reasonable amount of time)

10. For one of several examples within the Amended Complaint, it is reasonably alleged that the Respondent fails to provide timely student financial aid to an "otherwise qualified individual" violates 29 U.S.C. § 794(a) and is otherwise contrary to Federal law. Supra, at 2. See 34 CFR § 104.46.

11. Additionally, the Court erroneously assumes that 28 CFR Part 35 pertains only to enforcement action against state and local government services engaging in disability discrimination. Doc. 24 at 8.

12. 28 CFR 35.102(a) "applies to all services, programs, and activities provided or made available by public entities." Id.

13. The Court fails to provide a meaningful analysis as to whether an executive branch of the government may be considered a public entity under this statute or any other applicable provisions under federal law, i.e., *Bivens*.

14. In contrast, the Respondent conceded that "28 CFR 35.171(c)(1) (2006) provides that "[a] designated agency *shall* accept all complete complaints under this section and *shall* promptly notify the complainant and the public entity of the receipt and acceptance of the complaint." See Reply Memorandum to Petitioner's Opposition to Respondent's Motion to Dismiss, dated Mar. 22, 2007 at 8.

15. "The designated agency *shall* investigate each complete complaint, attempt informal resolution, and, if resolution is not achieved, issue to the complainant and the public entity a Letter of Findings that *shall* include--...." (Emphasis added.) 28 CFR 35.172(a).

16. The legislative use of the term of art "shall" indicates that this is a ministerial, nondiscretionary agency action, despite the Court's claim that a discrimination complaint investigation was a "discretionary duty." Doc. No. 24 at 5-8.

17. This Court held in <u>13th Regional Corp. v. Dep't of the Interior</u>, 654 F.2d 758 (D.C. Cir. 1980), that the word "duty" in § 1361 must be narrowly defined, and that a plaintiff's legal grounds supporting the government's duty to him must "be clear and compelling." <u>Id.</u> at 760. This does not mean that mandamus actions are ruled out whenever the statute allegedly creating the duty is ambiguous. <u>Id.</u>

18. In contrast, the Respondent is seeking to invalidate the Judicial Administration's affirmative statutory procedure for the proper mechanism for investigating disability discrimination and retaliation complaints – without following proper rule making procedures under APA.

19. Here, the Court failed to provide a meaningful analysis of 28 CFR Part 35's clear and unambiguous statutory authority. <u>See</u> Doc. 24 at 5-8.

20. In fact, the district court failed to interpret the underlying 28 CFR Part 35 statute. <u>See</u> Doc. 24 at 5-8.

21. The Court relies on 34 CFR § 100 in support of its partial summary judgment in favor of Respondent. Doc. 24 at 5.

22. However, a fair review of 34 CFR § 100.11 clearly provides for "judicial review."

23. Additionally, the Court can redress the Complaint by: 1) declaring invalid the regulations and policies of Respondent that express that its discrimination investigation practice is discretionary under 34 CFR § 100 *et seq.*, and 2) to direct the Respondent to retract those manual provisions that are contrary to 28 CFR Part 35.

4

24. Notwithstanding, in light of 28 CFR Part 35, the Petitioner may satisfy the three-prong requirements of mandamus under these circumstances. See Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting Council of and for the Blind of Delaware Cty. Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)).

25. First, plaintiff's right to relief and defendant's duty to act is clear-on the language of 28 CFR §§ 35.171; 35.172.

26. Second, there is no adequate remedy available to the plaintiff under these circumstances with regards to the Respondent's discriminatory "failure to investigate" practice and the explicit language of this statute. See Executive Order 13160 (holding "that the federal government should hold itself to at least the same principles of nondiscrimination in educational opportunities as it applies to the educational programs and activities of state and local governments or private entities receiving federal financial assistance.")

27. In contrast, the Respondent generally investigates similar employment discrimination complaints, but does not regularly investigate disability discrimination complaints -- which may state an equal protection of law claim. See 28 CFR Part 35.171(b); Greenhill v. Spellings, No. 06-5030 (DC App. Apr. 6, 2007).

28. Nevertheless, the Respondent states no reason for its departure from this standard promulgated under 28 CFR Part 35. See Amended Complaint, at 2.

29. In further support of this court's jurisdiction, Executive Order 13160 "is not intended, however, to preclude judicial review of final decisions in accordance with the Administrative Procedure Act, 5 U.S.C. 701, et seq." Id. at Sec. 8.

30. Additionally, the Respondent's own regulations may provide support for "judicial review" in further support of this court's jurisdiction, e.g., 34 CFR §§ 100.11; 100.106; 105.41; 104.46

31. "Section 504 of the Rehabilitation Act already prohibits discrimination on the basis of disability in all federally conducted education and training programs as Section 504 applies to all federally conducted activities." Supra.

32. This would reasonably include the Respondent's Federal student loan program. See Petitioner's Answer to Respondent's Motion to Dismiss, at 5, 8-10; Complaint, at 1; West's Decl. at 2-4; and Amended Complaint, at 2-4.

33. Additionally, when, as in the TRAC line of cases, an agency delays taking action that, if and when taken, would be within the court's jurisdiction, the All Writs Act confers authority to issue writs of mandamus "in aid of" that prospective jurisdiction.

34. Additionally, the Court failed to provide a meaningful due process and equal protection of law analysis under the Art. III, Fifth or Fourteenth Amendment. See Amended Complaint, at 2-3.

35. Additionally, the Plaintiff filed a motion to disqualify this Court from proceeding over this case. See Petitioner's Motion for District Court Judge's Imputed Disqualification, dated April 3, 2007.

36. The Court failed to consider these raised matters in a fair and equitable manner, despite its apparent bias and judicial disqualification over these proceedings.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its order and memorandum, that summary judgment be granted in favor of Plaintiff with regards to Counts I &

II, that the Court vacate its summary judgment with regards to the remaining Counts, and for any other relief fit in the premises.

*******

Respectfully submitted this 8th day of April 2007.



Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

8th I certify that a true and complete copy of the foregoing was mailed, postage prepared, this ___ day of April 2007, to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530



MICHAEL WEST
P. O. Box 1935
St. Charles, MO 63302

**CLERK'S OFFICE**
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS