UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 06-1012 (RMC) |
| | ) |
| MARGARET SPELLINGS, | ) |
| Secretary, | ) |
| U.S. Department of Education, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (COUNTS 1 AND 2)**

The Defendant, by and through counsel, the United States Attorney for the District of Columbia, respectfully moves, pursuant to Fed. R. Civ. P. 12 (b)(1) or 56, alternatively to dismiss, or for summary judgment of, Counts 1 and 2, alleged violations of the Freedom of Information Act. The Department is entitled to judgment, and there are no genuine issues of material fact. Defendant respectfully refers the Court to the accompanying memorandum of points and authorities and statement of material facts not in genuine dispute, and to an attached declaration and proposed order.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary, )<br>U.S. Department of Education, )<br>)<br>  Defendant. )<br>_____) | Civil Action No. 06-1012 (RMC) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (COUNTS 1 AND 2)**

The Defendant, Margaret Spellings, Secretary, United States Department of Education (hereinafter "the Department"), by and through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum of points and authorities in support of her motion, pursuant to Fed. R. Civ. P. 12 (b)(1) or 56, alternatively , to dismiss, or for summary judgment of,  Counts 1 and 2, alleged violations of the Freedom of Information Act ("FOIA"). Since, concerning Count 1, the Department has released in full to Plaintiff all requested documents, thus mooting the claim, and since, concerning Count 2,  Plaintiff failed to exhaust administratively, the Department is entitled to judgment as a matter of law.  There are no genuine issues of material fact.

## I.   INTRODUCTION

Count 1 of the Complaint relates to Plaintiff's February 8, 2006 request pursuant to the FOIA for a list of retaliation and discrimination allegations against Webster University filed with, but not

investigated by, Defendant's Office for Civil Rights ("OCR").[1] Plaintiff's claim in Count 1 is now moot because the Department has produced the existing responsive records in its possession to Plaintiff in releases dated March 9, 2006 and April 20, 2007 and is not required by FOIA to create new documents at Plaintiff's behest to save him the time and trouble of researching information available in existing documents. To the extent Plaintiff challenges the adequacy of the search for documents, the Defendant moves for summary judgment. The attached declaration attests to the efforts of the Defendant to locate records containing the information sought by Plaintiff, and Defendant's release of 100 pages of documents to Plaintiff. No genuine issue of material fact should remain regarding the adequacy of the Department's response to Plaintiff's February 8, 2006 request; therefore, Defendant is entitled to summary judgment with respect to Count 1 of the Complaint.

As noted previously in Defendant's motion to dismiss, Plaintiff failed to exhaust administrative remedies as to Count 2. Specifically, with respect to the November 25, 2005 FOIA request that is the subject of Count 2, Plaintiff failed to comply with FOIA's and Defendant's administrative processing requirement that he reasonably describe the records sought. This omission fatally impeded the administrative processing of the request, thus preventing him from satisfying a critical prerequisite to filing suit in district court, exhaustion of administrative remedies, depriving the Court of subject matter jurisdiction. In the alternative, there are no genuine issues of material fact concerning Count 2, and the Department is entitled to judgment as a matter of law.

---

[1] The Court's March 29, 2007 Order granted Defendant's motion for summary judgment as to Counts 3 through 12 of the Complaint, and granted Defendant's motion for leave to file a summary judgment motion on the FOIA claims (Counts 1 and 2 of the Complaint) on or before April 24, 2007.

## II.  FACTUAL BACKGROUND

The Department adopts, by reference, the attached Statement of Material Facts Not in Genuine Dispute.

## III.  LEGAL STANDARDS

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court] – that there is an absence of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find that he is entitled to relief.  In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In Anderson, the Supreme Court further explained that "[t]he mere existence of a scintilla of evidence in support of the [P]laintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff."  Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing evidence showing the Court that the documents in question were produced or are exempt from disclosure.  Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980); *see also* Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).[2]

---

[2] Alternatively, Defendant submits that one or more of Plaintiff's remaining claims may be subject to dismissal pursuant to Rule 12(b)(1) or (6).  In this connection, Defendant respectfully refers the Court to the statement of standards for considering motions to dismiss set forth in the Defendant's previously filed and considered motion to dismiss, which the Court granted in part on March 29, 2007.

## IV.    ARGUMENT

A.    **Count 1**

    1.    **Count 1 Should Be Dismissed As Moot Because FOIA Does Not Require Defendant to Create New Documents, and Defendant Has Produced to Plaintiff All Records Containing the Information Requested.**

In a FOIA action, courts have jurisdiction only when an agency has improperly withheld agency records.  5 U.S.C. § 552(a)(4)(B).  "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.' " Trueblood v. U.S. Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. United States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).  Because all records responsive to Plaintiff's February 8, 2006 FOIA request have been released to Plaintiff, Count 1 of the Complaint is now moot and should be dismissed.  See Declaration of William Dittmeier ("Dittmeier Decl.") at ¶ 12.

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984); see National Black Police Association v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997).  This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome.  See Richardson v. Ramirez, 418 U.S. 24, 36 (1974); see also City of Erie v. Pap's A.M., 529 U.S. 277, 305-06 (2000) (Scalia, J. concurring).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement subsists "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The effect of post-complaint changes in the facts or law on the continued existence of a particular controversy is assessed through the lens of mootness. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Pharmachemie B.V. v. Barr Laboratories, Inc., 276 F.3d 627, 631 (D.C. Cir.), *judgment vacated, appeal dismissed, as to second appellee, by*, 284 F.3d 125 (2002); Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41 (D.D.C. 2001) (further noting that no justiciable controversy is presented when the question to be adjudicated as been mooted by subsequent developments). In other words, the controversy must exist at the outset of the litigation and continue throughout the existence of the suit. See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing Arizonans for Official English, 520 U.S. 43). As the D.C. Circuit has explained,

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). See also Westmoreland v. National Transportation Safety Board, 833 F.2d 1461,

1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the appeal must be dismissed as moot.") (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)).[3]

In cases brought under the FOIA, once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no further judicial function for the Court to perform. See Crooker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); see also Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996). Similarly, an appeal from enforcement of a subpoena becomes moot once a party has come into compliance with the subpoena. See Office of Thrift Supervision v. Dobbs, 931 F.2d 956, 957-58 (D.C. Cir. 1991) (collecting cases).

Here, the Court is deprived of subject matter jurisdiction because events subsequent to the filing of the Complaint have satisfied Plaintiff's request and ended any live controversy between the parties. Count 1 of the Complaint asks the Court to order Defendant to produce to Plaintiff the records responsive to Item 2 of his February 8, 2006 FOIA request (i.e., a list of retaliation and discrimination allegations against Webster University filed with, but not investigated by, OCR). The undisputed facts make clear that such a response by the Court is now unnecessary.

The Department's March 9, 2006 initial decision released four pages of records responsive to Item 1 of the request, but advised Plaintiff, based on the fact that the Department does not

---

[3] Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

maintain lists of allegations not investigated by OCR and is not required by FOIA to create new documents, that it maintained no records responsive to Item 2 of the request. See Dittmeier Decl. at ¶¶ 5, 6. Plaintiff cannot dispute that the Department maintains no list of allegations made that were not investigated, which is the subject of Plaintiff's FOIA request. See id. at ¶ 6. Inasmuch as Plaintiff asks that the Department create such a list, the demand in Plaintiff's February 8, 2006 FOIA request that the Department "after [compiling] all of these allegations against Webster University . . . **then make a separate list** of those allegations that have not been investigated by [the Department]," see Dittmeier Decl. Exh. 1 (emphasis added), concedes as much. Moreover, the FOIA does not require the Department to create new documents such as the "separate list" sought by Plaintiff in order to respond to his FOIA request. See Students Against Genocide v. Dep't of State, 257 F.3d 828, 837 (D.C. Cir. 2001); Yeager v. DEA, 678 F.2d 315, 321 (D.C. Cir. 1982) ("It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request.") (citing N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 161-62 (1975); Krohn v. U.S. Dep't of Justice, 628 F.2d 195, 197-98 (D.C. Cir. 1980) (holding that FOIA did not require the production of "selective information" rather than designated agency records); 34 C.F.R. § 5.15 ("Records are not required to be created by compiling selected items from the [Department's] files….").

On April 20, 2007, in response to Plaintiff's March 23, 2006 administrative appeal under the FOIA, which was still pending at the time he filed the instant Complaint in district court, the Department advised Plaintiff, based on a supplemental search of its files, that it had located records from which the information sought by Plaintiff could be extrapolated (i.e., letters memorializing both the allegations contained in OCR complaints against Webster University and the Department's

disposition of those allegations) and released the records to Plaintiff.[4] See Dittmeier Decl. at ¶ 8, 9, 10. Since the Defendant has now disclosed to Mr. West all records found after a reasonable search containing the information he sought in his February 8, 2006 FOIA request, and did not deny him any of the information requested, see id. at ¶ 12, no controversy remains under the FOIA for the Court to resolve. Consequently, Defendant is entitled to judgment on Count 1, or, alternatively, the claim should be dismissed as moot.

    **2.**    **Defendant Is Entitled to Summary Judgment on Count 1 As It Conducted a Reasonable and Adequate Search for Records Responsive to Plaintiff's February 8, 2006 FOIA Request.**

To the extent Plaintiff challenges the adequacy of the Department's search for responsive records, Defendant is entitled to summary judgment. In order for an agency to prevail when a plaintiff challenges the nature and extent of its search for responsive documents, the agency must show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 2003) (quoting Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The declaration filed herewith establishes that Department personnel located and produced to Plaintiff all records currently in Defendant's possession that contain information responsive to Plaintiff's request (i.e., records from 21 of the 25 cases involving allegations against Webster University), but that the files concerning the four remaining 1997 cases could not be located by the

---

    [4] In all, the Department released 100 pages of records to Plaintiff in response to his February 8, 2006 FOIA request. See Dittmeier Decl. at ¶ 12; such records contain the information sought by Plaintiff with respect to 21 of the 25 cases involving allegations against Webster University; with respect to the remaining four complaints, all dating to 1997, the Defendant sought to retrieve the case files, archived in the Federal Records Center in Kansas City ("Kansas City"), but the FRC was unable to locate said files. See id. at ¶¶ 10, 11.

FRC where they had been previously archived.  See Dittmeier Decl. at ¶¶ 10, 11.  As regards the missing files, an agency is not obligated to document the fate of records it cannot find.  Roberts v. United States Dep't of Justice, No. 92-1707, 1995 WL 356320, at *2 (D.D.C. Jan. 28, 1993); Miller, 779 F.2d at 1385 ("the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found."); Coalition on Political Assassinations v. DOD, 12 Fed. Appx. 13, 14 (D.C. Cir. 2001) ("[t]hat responsive documents may have once existed [does] not establish that they remain in the [agency's] custody today").

The supporting declaration demonstrates that the Department put forth a "good faith effort to conduct a search for the requested records" by searching in the area where such records were likely to be found.  Olgesby, 920 F.2d at 68.  For this reason as well, Defendant is entitled to judgment on Count 1 of the Complaint.

**B.    Count Two**

    **1.    Count 2 Should Be Dismissed for Plaintiff's Failure to Exhaust Administrative Remedies Prerequisite to Suit.**

As to Count 2 of the Complaint, specifically concerning Plaintiff's November 25, 2005 request, the Department is entitled to judgment, or the claim is subject to dismissal, since Plaintiff failed to exhaust administrative remedies.  "Exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA."  Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (citing Oglesby, 920 F.2d at 61-64, 65 n.9).  The FOIA and the Department's implementing regulation, 34 C.F.R. Part 5, both only obligate the Department to respond to a request that "reasonably describes" the records sought.  5 U.S.C. § 552(a)(3); 34 C.F.R. § 5.51(c).  An agency is "under no obligation to release records that have not been reasonably described."  Marks v. U.S.

Department of Justice, 578 F.2d 261, 263 (9th Cir. 1978).  Moreover, when a requester fails to comply with the FOIA's administrative processing requirements – including the requirement that records sought be "reasonably described," he may be deemed to have failed to exhaust administrative remedies prior to suit.  See, e.g., Voinche v. U.S. Dep't. of the Air Force, 983 F.2d 667, 669 n.5 (5th Cir.) (concluding that administrative remedies on fee waiver request were not exhausted when requester failed to amend request to achieve specificity required by agency regulations), *cert. denied*, 510 U.S. 817 (1993).

      Plaintiff's November 25, 2005 request does not reasonably describe the records sought. Specifically, Plaintiff's request asked for "all information and materials that are responsive or pertain to a letter provided to this specific branch of the U.S. Dept. of Education Office [sic] for 'Reconsideration for 07052031' dated October 3, 2005."  See Dittmeier Decl., Exh. 4.  On December 14, 2005, the Department advised Plaintiff that his referenced October 3, 2005 letter to the Department concerned "Sallie Mae" rather than the matter referenced in Plaintiff's request (i.e., "reconsideration of 07052031") and, in view of the apparent discrepancy, asked Plaintiff to clarify what documents he was seeking under the FOIA.  See id., Exh. 5.  In the course of extensive follow-up electronic mail correspondence regarding Plaintiff's request, and despite the Department's repeated requests for clarification, Plaintiff never furnished additional information or clarification. See id., Exh. 6.  Plaintiff's failure to do so impeded the Department's efforts to complete the administrative processing of his request.  See id. at ¶ 16.

      In Gillin v. Internal Revenue Service, 980 F.2d 819 (1st Cir. 1992), the Court of Appeals for the First Circuit, on similar grounds, ruled that the Government was under no obligation to respond to a request that did not reasonably describe the records sought by the requester.  There, the requester asked for, inter alia, all documents used by the IRS as a basis to conclude that there was

11

a deficiency in the requester's tax return.  The IRS took the position that it had no documents responsive to this item of the request because it had in fact concluded that there was not a deficiency in the requester's return.  The Gillin Court stated:

> … [W]ithin a week after Mr. Gillin made [his FOIA request], the IRS informed him that it had not calculated a deficiency in his 1985 taxes.  This news should have alerted Mr. Gillin to the flaw in his request.  He should have recognized that the documents used in [the IRS's investigation] had not been "used as a basis to conclude there was a deficiency," and that consequently there was a discrepancy between what he actually said [in his request] and what he meant to say.  Since he, and not the IRS, was in a position to recognize and correct the ambiguity, we think it sensible that he bear the burden of clarification.  There is nothing in the record, however, to indicate that Mr. Gillin tried to amend or clarify his request at any time during his administrative dealings with the IRS.

Id.at 823.

Similarly, the Department informed Mr. West that it could have no records about an October 3, 2005 letter concerning "Reconsideration for 07052031" because this October 2005 letter concerned something else entirely – Sallie Mae.  Accordingly, Mr. West bore the obligation to amend, correct or clarify his request if he wanted the Department to process it under the FOIA, and his failure to do so relieved the Department of any obligation to respond. Id.  In the briefing on Defendant's motion to dismiss, Plaintiff could not respond to this argument, much less counter it.  Accordingly, Plaintiff essentially has conceded the issue so that Defendant is clearly entitled to judgment on Count Two, given the absence of genuine issues of material fact, or, alternatively, Count Two must be dismissed.

## V. CONCLUSION

WHEREFORE, Defendant submits that her motion for summary judgment of Counts 1 and 2 of the Complaint should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Of Counsel:

JOANNA DAILEY
Office of the General Counsel
U.S. Department of Education
Washington, D.C.  20202

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of April, 2007, I caused the foregoing Defendant's Motion for Summary Judgment, Statement of Material Facts Not in Genuine Dispute, Memorandum of Points and Authorities in Support Thereof, proposed order and exhibit, to be served on the Plaintiff by mail, postage prepaid, addressed as follows:

Michael West
P.O. Box 1935
St. Charles, MO 63302

              /s/
              OLIVER W. McDANIEL, D.C. BAR # 377360
              Assistant United States Attorney
              Civil Division
              555 Fourth Street, N.W.
              Washington, D.C.  20530
              (202) 616-0739