UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary, )<br>U.S. Department of Education, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 06-1012 (RMC) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Civil Rules 7(h) and 56.1, Defendant, through counsel, the United States Attorney for the District of Columbia, submits the following Statement of Material Facts Not in Genuine Dispute:

**Count One - February 8, 2006 Request**

1. By e-mail dated February 8, 2006, Plaintiff requested access under the FOIA to the following Department records: (1) a compilation of "all … retaliation and discrimination allegations made against Webster University [submitted or otherwise made known to the Department]"; and (2) a "list of those allegations … not … investigated by [the Department]." See Dittmeier Decl., ¶ 4 and Exh. 1.

2. By letter dated March 9, the Department released to Plaintiff four pages of records responsive to Item 1 of his request, comprising a two-page list of all allegations against Webster University received by OCR since October 10, 1993, a one-page document explaining the numeric resolution codes on the list of allegations, and a one-page document

explaining the numeric resolution types included on the list of allegations.[1] See Dittmeier Decl., ¶ 5 and Exh. 2.

3. The Department does not maintain a list of discrimination allegations filed with, but not investigated by, OCR. Thus, the Department's March 9, 2006 decision further advised Plaintiff that it had located no records responsive to Item 2 of his request, as OCR does not keep records of allegations that it has not investigated and federal agencies are not required to create new records in order to respond to FOIA requests. See Dittmeier Decl., ¶ 6 and Exh. 2.

4. Plaintiff appealed the Department's partial denial of his request by e-mail dated March 23, 2006, and in related correspondence, asserting that the records released to him with the Department's March 9, 2006 decision on his request "did not fully satisfy [sic] the requests." See Dittmeier Decl., ¶ 7 and Exh. 3.

---

[1] Specifically, the records released to Plaintiff on March 9, 2006 contain the following information:
Dittmeier Decl., Exh. 2, pp. 3-4: Columns 1 and 2: name and state of the recipient educational institution; Column 3: OCR code classifying allegations in complaints; Column 4: description of allegation; Column 5: OCR jurisdiction code; Column 6: description of issue; Column 7: OCR determination code; Column 8: OCR resolution code; Column 9: OCR processing office; Column 10: OCR complaint docket number; and Dittmeier Decl., Exh. 2, pp. 5-6: Key to OCR resolution and jurisdiction codes.

So, for example, the top two lines on Exh. 2, p. 3 are allegations made in complaint number 05042007. The complaint raised two issues, one related to the application requirements and one related to other admissions issues. Both allegations claimed discrimination based upon a disability. Both allegations were closed because OCR did not receive sufficient information, or the complainant did not provide consent for OCR to proceed to initiate complaint resolution activities.

5. As the result of a supplemental search conducted in April 2007, the Department located 96 additional pages of records containing information from which a list of retaliation and discrimination allegations made against Webster University and filed with, but not investigated by, OCR could be extrapolated. See Dittmeier Decl., ¶ 8. Specifically, for each of the 25 complaints filed with OCR against Webster University (see Dittmeier Decl., Exh. 2, pp. 3-4, Column 10), the Department manually searched for: (a) the initial letter from OCR to the complainant identifying all allegations in the complaint and, where OCR determined it would not initiate an investigation into the allegation(s), a statement of the basis for such determination; and (b) the allegations investigated by OCR, the letter to Webster University memorializing OCR's resolution of the complaint and any agreement reached with Webster regarding corrective action to be taken. See Dittmeier Decl., ¶ 9.

6. For 21 of the 25 complaints against Webster University, the Department was able to locate the letters described at ¶ 5 above. See Dittmeier Decl., ¶ 10. The Department transmitted these letters, comprising 96 pages of additional documents, to Plaintiff by letter dated April 20, 2007. See id. and Exh. 7.

7. The Department was unable, despite a diligent search, to locate its files for four of the complaints filed with OCR against Webster University (Complaint Nos. 07972007, 07972023, 07972076, and 07972090 – all 1997 complaints). See Dittmeier Decl., ¶ 11. Specifically, the Department sought to retrieve these files from the Federal Records Center in Kansas City ("FRC"); however, the after a search of its facilities, the FRC was unable to locate the files. See id.

8. The Department has produced – in the 100 pages released to Plaintiff on March 9, 2006 and April 20, 2007 – copies of all documents in its possession that are responsive to Plaintiff's

February 8, 2006 FOIA request.  See Dittmeier Decl., ¶ 12.  No information considered responsive to Plaintiff's request was denied him.  See id.

**Count Two - November 25, 2005 Request**

1. By e-mail dated November 25, 2005, Plaintiff requested access under the FOIA to the following Department records: "all information and materials that are responsive or pertain to a letter provided to this specific branch of the U.S. Dept. of Education Office [sic] for 'Reconsideration for 07052031' dated October 3, 2005." See Dittmeier Decl., ¶ 13 and Exh. 4.

2. By email dated December 14, 2005, the Department advised Plaintiff that the letter it had received from him dated October 3, 2005, concerned a matter other than reconsideration of 07052031, that Plaintiff had not, to date, completed the request for reconsideration referenced in his FOIA request, and that Plaintiff needed to clarify what documents he was seeking under the FOIA.  See Dittmeier Decl., ¶ 14 and Exh. 5.

3. In follow-up electronic mail correspondence in the time period from December 20, 2005 through April 21, 2006, the Department repeatedly sought clarification from Plaintiff concerning his FOIA request; Plaintiff never provided such clarification.  See Dittmeier Decl. at ¶ 15 and Exh. 6.  The Department could take no further action on Plaintiff's

November 25, 2005 FOIA request without the clarification requested from Plaintiff.  Id. at

¶ 16.

                    Respectfully submitted,

                    /s/
                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                    United States Attorney

                    /s/
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney

                    /s/
                    OLIVER W. McDANIEL, D.C. Bar #377360
                    Assistant United States Attorney
                    Civil Division
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 616-0739

Of Counsel:

JOANNA DAILEY
Office of the General Counsel
U.S. Department of Education
Washington, D.C.  20202