UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary, )<br>U.S. Department of Education, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 06-1012 (RMC) |

**RESPONDENT'S MEMORANDUM IN
OPPOSITION TO PETITIONER'S RULE 52/59 MOTION**

The Respondent, through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to Petitioner's Rule 52/59 motion. Petitioner seeks to reargue matters already resolved by the Court and has failed to proffer adequate grounds for reconsideration. The Court's March 29, 2007 order dismissing Counts three through twelve was just and proper. More fundamentally, the Court's order did not finally resolve all pending claims in the case. Thus, Petitioner cannot properly advance his motion pursuant to either Fed. R. Civ. P. 52 or 59, since final judgment has not been entered in this case.[1] Petitioner's reconsideration motion is properly considered under Fed. R. Civ. P. 54 (b). For all the reasons set forth in the Court's order, Petitioner's motion is without merit and should be denied.

---

[1] Fed. R. Civ. P. 52 concerns entry of judgment by the district court sitting as trier of fact.

**DISCUSSION**

**Standard of Review**

As stated by the Court in Singh v. George Washing Univ., 383 F.Supp.2d 99 (D.D.C. 2005),"[f]ederal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case." Id. at 101, citing Cobell v. Norton, 355 F.Supp.2d 531, 539 (D.D.C.2005). While the Rule 54 standard is less stringent than the Rule 60(b) standard and permits reconsideration as justice so requires, this standard is not without restriction. As the Singh Court explains,

> While the phrase, "as justice requires," is somewhat abstract, it is a shorthand for more concrete considerations. Justice may require revision when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." [Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C.2004)] (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990) (internal quotes omitted)). Errors of apprehension may include a Court's failure to consider "controlling decisions or data. that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).

Id.

Petitioner's reconsideration request asks the Court to consider arguments he either did advance or could have advanced in his original motion and his Rule 56 (f) motion. The issues have not changed, and the state of the law in this Circuit has not changed. So, reconsideration should be unavailable. Id. No fact or legal argument presented by Petitioner suggests that the Court's original

judgment was somehow unjust. Certainly, Petitioner clearly cannot satisfy any of the Singh factors quoted above.[2]

**FOIA Claims**

Petitioner's focus on the Order as it concerns his Freedom of Information Act ("FOIA") claims is totally misplaced. The Court did not resolve these claims and only required additional briefing. Moreover, it is well-settled that Petitioner cannot use the failure of the United States Department of Education ("the Department") to respond within 20 days as a basis for judgment in his favor. As the Court stated in Flowers v. IRS, 307 F.Supp.2d 60 (D.D.C. 2004),

> If the agency fails to answer the request within 20 days, FOIA deems the requester to have constructively exhausted administrative remedies and permits immediate judicial review. 5 U.S.C. § 552 (a)(6)(C); Judicial Watch, Inc. v. Rossetti ("Judicial Watch I"), 326 F.3d 1309, 1310 (D.C.Cir.2003) (citing [Oglesby v. U.S. Dept. of the Army, 920 F.2d 57, 64-65 (D.C. Cir. 1990)]. That said, "[i]f the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." Judicial Watch I, 326 F.3d at 1310.

---

[2] Because Petitioner seeks reconsideration of an interlocutory order, the law of the case doctrine does not automatically apply. See Moore v. Hartman, 332 F.Supp.2d 252, 256 (D.D.C. 2004), citing Langevine v. District of Columbia, 106 F.3d 1018, 1022-23 (D.C. Cir. 1997). However, "[a]s the D.C. Circuit has stated, '[i]nconsistency is the antithesis of the rule of law. For judges, the most basic principle of jurisprudence is that we must act alike in all cases of like nature.'" Id., quoting LaShawn v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (noting that the law of the case doctrine helps implement this principle).

Petitioner's approach, using the standard of Rule 59, would subject his motion to a more "stringent standard." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). To succeed on a Rule 59(e) motion, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. at 1208 (internal quotations omitted); see also U.S. v. Western Electric Co., Inc., 690 F. Supp. 22, 25 (D.D.C. 1988) ("A Rule 59(e) motion cannot be used as a vehicle to relitigate matters already argued and disposed of.").

Id. at 66-67. No other, more severe consequences flow from a failure timely to respond, unless the agency fails to explain its withholding of documents subject to a valid FOIA request. Consistent with the Court's holding in St. Andrews Park, Inc. v. U.S. Dept. of the Army, 299 F.Supp.2d 1264 (S.D.Fla. 2003), the Respondent's exceeding the prescribed 20-day time limit to adjudicate the FOIA request does not entitle Petitioner to judgment. Id. at 1269.

**Rehabilitation Act Claims**

Petitioner's challenge to the Court's conclusion that the gravamen of his Complaint is based solely on his dissatisfaction with the investigation of his discrimination complaints by the Department, see Recon. Mtn at ¶ 8, expressly rehashes arguments already advanced. In his motion, Petitioner cites references to his original arguments in filings that predate the Court's dismissal order.[3] Petitioner also claims that the Court's rejection of his mandamus claim was not supported by a "meaningful analysis." Id. at ¶ 9. The remainder of Petitioner's arguments essentially focus on this latter assignment of error, as well as the availability of judicial review under the Administrative Procedure Act (APA).

While the Court properly identified and explained the Department's statutory and regulatory obligation to enforce discrimination laws, the Court also properly concluded that the law does not afford Petitioner a private right of action to sue the Department for failure to enforce discrimination laws. See Dism. Memo. Op. at 5-6. The Court further properly rejected both the APA and the mandamus statute as a basis for judicial review. Id. at 6-7. Petitioner's motion for reconsideration does little more than regurgitate the same arguments that led to the Court's dismissal order.

---

[3] Plaintiff's arguments also implicate the Court's January 11, 2007 Order denying his Rule 56 (f) motion for discovery.

Petitioner, moreover, discusses supposed equal protection and due process claims. Recon. Mtn at ¶¶ 27 & 34. However, his Complaint cannot reasonably be read as setting forth constitutional claims. Petitioner cites Greenhill v. Spellings, ___ F.3d ___, 2007 WL 1029050, (D.C. Cir. April 06, 2007). However, Greenhill involved a claim of employment discrimination against the Department under Title VII, and its holding is not applicable to the circumstances involved here. Petitioner also discusses regulations and an Executive Order. See Recon. Mtn at ¶¶ 29-30. However, again, neither afford Petitioner the relief he seeks.

WHEREFORE, Respondent submits that Petitioner's Rule 52/59 motion should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2007, I caused the foregoing Defendant's Memorandum in Opposition to Petitioner's Rule 52/59 Motion, to be served on the Petitioner by mail, postage prepaid, addressed as follows:

Michael West
P.O. Box 1935
St. Charles, MO 63302

/s/
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739