UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 06-1012 (RMC) |
| | ) |
| MARGARET SPELLINGS, Secretary, | ) |
| U.S. Department of Education, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Michael West, proceeding pro se, sued Margaret Spellings, Secretary of the U.S. Department of Education ("DOEd"), in her official capacity. Counts 1 and 2 of the Complaint allege violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Counts 3 through 12 seek to compel DOEd under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, the All Writs Act, 28 U.S.C. § 1691, and Mandamus, 28 U.S.C. § 1361, to use its enforcement authority in a manner favorable to Mr. West under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").[1] The factual basis for Mr. West's Complaint is his dissatisfaction with DOEd's investigation of his complaints of disability discrimination and retaliation allegedly committed by Webster University.

On March 29, 2007, the Court granted summary judgment in favor of DOEd on Counts 3 though 12 and denied summary judgment without prejudice on Counts 1 and 2 based on the inadequacy of the agency's search for responsive records. *See* Mem. Op. and Order dated Mar. 29, 2007 [Dkt. Nos. 24 & 25]. Now, Mr. West has filed a motion to disqualify the Court [Dkt. Nos.

---

[1] Section 504 is effectuated by various regulations set forth in 34 C.F.R. Part 104.

26 & 31] and a motion for reconsideration of the order granting summary judgment in part to DOEd [Dkt. No. 27]. In addition, DOEd has moved to dismiss or for summary judgment on Counts 1 and 2 [Dkt. No. 28]. On April 26, 2007, the Court ordered Mr. West to respond to DOEd's motion to dismiss or for summary judgment no later than May 29, 2007, or the Court may deem the matter as conceded [Dkt. No. 29]. Despite the Court's order, Mr. West failed to file a response to DOEd's motion to dismiss or for summary judgment. Instead, he requested that his response be stayed until the issue of disqualification is resolved.

Mr. West moves for the Court to recuse because of prior rulings in *West v. Jackson*, Civil Case No. 05-1441, alleging that the Court cannot be impartial because that case is on appeal.[2] A judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge shall disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for disqualification under Section 455 is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality. *In re Brooks*, 383 F.3d 1036, 1043 (D.C. Cir. 2004); *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001). A judge's legal decisions are almost never grounds for a claim of bias or impartiality. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Taylor v. U.S. Marshal Serv.*, No. 06-1545, 2006 WL 3783245, at *2 (D.D.C. Dec. 21, 2006). Mr. West's dissatisfaction with the Court's ruling is not a proper basis for recusal in this case. Further, on March 6, 2007, the D.C. Circuit affirmed the Court's ruling in Case No. 05-1441. *West v. Jackson*, No. 06-5281, per curiam order (D.C. Cir. Mar. 6, 2007) (mandate issued May

---

[2] In *West v. Jackson*, Civil Case No. 05-1441, the Court granted Defendant's motion for summary judgment on September 15, 2006. Mr. West appealed.

25, 2007). Thus, upon careful consideration, the motion for disqualification will be denied, and the request to stay Mr. West's response to the motion to dismiss or for summary judgment will be denied as moot.

Mr. West also has moved for reconsideration of the Court's March 29, 2007, opinion and order granting summary judgment in favor of DOEd on Counts 3 through 12 of the Complaint. Federal Rules of Civil Procedure 59(e) and 60(b) govern motions for reconsideration. The resolution of a motion for reconsideration under Rule 59(e) is a matter of the Court's discretion and "need not be granted unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Id.* at 140 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Under Federal Rule of Civil Procedure 60(b)(5), a party may obtain relief from a judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or *it is no longer equitable that the judgment should have prospective application*." Fed. R. Civ. P. 60(b)(5) (emphasis added). For such a motion to be granted, there must be a "significant change in circumstances." *Hammond v.*

*Kempthorne*, 448 F. Supp. 2d 114, 119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)). Rule 60(b)(6) permits the amendment of a judgment for "any other reason justifying relief from the operation of the judgment." This catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949), but it should be sparingly used and should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

In his motion for reconsideration, Mr. West simply reasserts arguments he has previously made. He has not presented any change in controlling law, new evidence, need to correct a clear error or prevent a manifest injustice. Further, he has not shown any significant change in circumstances or extraordinary circumstances that would justify modifying the Court's earlier decision. Thus, the motion for reconsideration will be denied.

For the reasons stated above, the motion for disqualification [Dkt. Nos. 26 & 31] will be denied, and the request to stay Mr. West's response to the motion to dismiss or for summary judgment will be denied as moot. In addition, Mr. West's motion for reconsideration [Dkt. No. 27] will be denied. Mr. West shall file a response to Defendant's motion to dismiss or for summary judgment [Dkt. No. 28] no later than August 20, 2007, or the Court may treat Defendant's motion as conceded and dismiss the Complaint. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). A memorializing order accompanies this Memorandum Opinion.

DATE: July 18, 2007              _____/s/_____
                                 ROSEMARY M. COLLYER
                                 United States District Judge