UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL WEST,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action No. 06-1012 (RMC) |
| | ) |
| **MARGARET SPELLINGS, Secretary,** | ) |
| **U.S. Department of Education,** | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

## ORDER

Michael West, proceeding pro se, sued Margaret Spellings, Secretary of the U.S. Department of Education ("DOEd"), in her official capacity. On August 29, 2007, the Court granted Defendant DOEd's motion to dismiss or for summary judgment [Dkt. # 28] as conceded. The Court previously had ordered Mr. West to respond to the motion no later than August 20, 2007, and Mr. West had not done so. Subsequently, on September 4, 2007 Mr. West filed a motion for extension of time to respond to DOEd's motion to dismiss or for summary judgment because he did not timely receive the Court's Order requiring him to respond no later than August 20, 2007, to DOEd's motion to dismiss or for summary judgment. Mr. West states that he received the Order on August 21, 2007. Thus, the August 29, 2007 Opinion and Order will be vacated and Mr. West will be provided additional time to respond to DOEd's motion to dismiss or for summary judgment. Mr. West is advised of the following:

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . .

may result in the district court granting the motion and dismissing the case." *Id*. at 509.  In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The court in *Neal* also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant.  *Id*.  Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, parties, such as Mr. West, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient.  For these purposes, a

verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

Accordingly, the Court hereby

**ORDERS** that the August 29, 2007 Opinion and Order [Dkt. #34 & 35] are **VACATED** and the case is **REOPENED**; and it is

**FURTHER ORDERED** that Mr. West's motion for extension of time [Dkt. # 36] is **GRANTED**.  Mr. West shall file a response to DOEd's motion to dismiss or for summary judgment [Dkt. # 28] no later than November 21, 2007.  In the event that Mr. West fails to file a response, the Court may treat the motion as conceded and may dismiss this case. *See Neal*, 963 F.2d at 456; *Fox*, 837 F.2d at 509.

DATE: September 5, 2007                                 _____/s/_____
                                                                                    ROSEMARY M. COLLYER
                                                                                    United States District Judge