# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                          )
                                       )
       Petitioner,                 )
v.                                     )     Case No. 06-1012 (RMC)
                                       )
MARGARET SPELLINGS, Secretary,         )
U.S. Department of Education,          )
                                       )
       Respondent.                 )

## PETITIONER'S RESPONSE TO
## RESPONDENT'S MOTION TO DISMISS

COMES NOW Petitioner, Michael West, *pro se*, and moves this court with petitioner's reply to respondent's motion to dismiss pursuant to court's Order of September 5, 2007. In support of response, Petitioner states the following:

1. The court's Order originally granted summary judgment in favor of DOEd on Counts 3 through 12. Doc. No. 32 at 1.

2. Additionally, the court denied summary judgment on Counts 1 and 2 based on its finding of the "inadequacy of the agency's search for responsive records." Supra.

3. In fair contrast, the court should have reasonably and timely granted summary judgment in favor of Petitioner with regards to these same Counts 1 and 2 [of Complaint] above because the court found that the Respondent's search for FOIA materials was inadequate. Supra. Cf. Complaint at 1-4.

4. Subsequently, the court modified its Order to grant Petitioner an extension of time to file response by November 21, 2007. Doc. No. 37. Thus, this response is timely filed.

**RECEIVED**

NOV 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5.    As relevant, Respondent's motion to dismiss is premised on two main arguments: (1) "lack of jurisdiction," and (2) "failure to state an actionable claim." R.'s MTD.

6.    Remarkably, as this court noticed (or should have noticed), there were no affidavits or certified copies of any documents attached to its motion to dismiss provided by this Respondent with regards to specific details or activities conducted by this Dep't, in which this court should defer summary judgment or deny motion to dismiss based on this unmistakable fact. See Rule 56(e), Federal Rules of Civil Procedure. However, an exception should noted with regards to fact that Dep't had received both FOIA requests and appeal materials.

7.    Additionally, Respondent's attorney - Oliver W. McDaniel, provided no evidence that he has any "personal knowledge" of any of the underlying facts with regards to the instant case.

8.    Petitioner contends, nevertheless, that this court has jurisdiction over the present claims and that these claims state an actionable cause of action.


**Jurisdiction over Claims**

9.    First, this Court has jurisdiction over the present action pursuant to 28 U.S.C. Section 1331, Federal Question Jurisdiction; 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 702, the Administrative Procedures Act; and 28 U.S.C. Section 1361, regarding an action to compel an officer of the United States to perform his/her duty.

10.    28 U.S.C. § 1361 clearly provides that the District Courts shall have original jurisdiction of any action "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff". Id.

11.    28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his

2

official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides.

12.  Defendant Margaret Spellings, U.S. Department of Education (Dep't) is an agency which operates within this district.

13.  Prior to instant federal lawsuit, Petitioner filed disability discrimination complaints against both Dep't employees and Webster University pursuant 28 C.F.R. § 35.170. West's Decl. at 1-3. See Fifth Amendment.

14.  Under 28 C.F.R. Part 35, Petitioner is entitled to a reasonable investigation and due process for disability discrimination claims against a university that receives federal funding. 28 C.F.R. § 35.171; 5th amnd.

15.  After a careful and thorough review of Respondent's court-filed documents, Respondent conceded that Dep't is a "designated" agency under 28 C.F.R. § 35.190.

16.  As applicable, 28 C.F.R. § 35.171 provides:

> Any Federal agency that receives a complaint of discrimination on the basis of disability by a public entity *shall* promptly review the complaint to determine whether it has jurisdiction over the complaint under section 504.

Id. Emphasis added.

17.  The fair use and term of art "shall" indicates that this is a non-discretionary, ministerial duty. West's Decl. at 4.

18.  Similarly, Petitioner is entitled to a reasonable investigation and due process for retaliation claims. 28 C.F.R. § 35.134; West's Decl. at 4.

19.  To date, several disability or retaliation claims have not been fairly investigated by this Dep't. Complaint at 4-10; West's Decl. at 1, 4.

20.   Remarkably, in a prior investigative matter, the Dep't issued its final agency action letter providing for "reconsideration," which otherwise serves as an appeal to the Secretary. P.'s Motion for Leave to Amend, dated March 30, 2007; West's Decl. at 2.

21.   Here, the Dep't had received Plaintiff's motion for reconsideration two years ago under Dept.'s "Section 303 Request for Review of OCR Determinations" (OCR Compliance Manual). Supra.

22.   To date, however, the Dep't had not taken any reasonable action in that matter.  West's Decl. at 2.

23.   This evidence reflects that the Dep't fails to comply with its own regulations.

24.   A violation of governmental agency's own regulations may be basis for 28 U.S.C. § 1361 jurisdiction. See e.g., Andujar v Weinberger (1976 SO NY) 69 FRD 690.

25.   After a careful and thorough review of Respondent's court-filed materials, it appears that Respondent conceded that Petitioner maintains several protected interests in this case, which may state a "live case and controversy" under the Art. III redressability clause.  West's Decl. at 4.

26.   Under these circumstances, the court has jurisdiction over Petitioner's claims.

**Actionable Cause of Action**

27.   Second, in support of stating an actionable cause of action, Petitioner, again, relies on the statutory authorities enumerated above under "Jurisdiction over Claims."

28.   A "legal right" can be established by the Constitution or a statute.  The 5th Amendment and 28 CFR Part 35 are applicable here.

29. The facts and evidence reflect that this court has jurisdiction over Petitioner's claims and can provide relief to redress these injuries.

30. As expressed stated, Petitioner provided "a short and plain statement of the claim[s] showing that the pleader is entitled to relief" under Rule 8(a)(2) of Federal Rules of Civil Procedure. Complaint, as amended.

31. Specifically, in part, the relief sought is to compel Dep't to perform a non-discretionary administrative action which the existence of a duty that is owed by a federal agency to the Petitioner.

32. Additionally, in part, the Complaint fairly states a Due Process claim against Dep't for violations of the Fifth Amendment to U.S. Constitution. Complaint at 1.

33. Subsequently, the court-filed Motion for Leave to Amend Complaint, provides more details to these instances of Petitioner's referenced "DOE's discriminatory practices" with regards to violations of the Fifth Amendment. Id.; Complaint at 1.

34. Here, the Respondent provided *uncertified* documentary evidence, which may reflect that the Respondent was responsible for and failed to provide timely student financial aid to an "otherwise qualified individual" violative of 29 U.S.C. § 794(a), or is otherwise contrary to Federal law. R.'s Ex 6 at 4. Emphasis added.

35. As Petitioner believes, on one hand, the Respondent retaliated against Petitioner because Petitioner engaged in a protected activity by filing disability discrimination complaints against the Dep't itself. West's Decl. at 1-4.

36. On the other hand, the Dep't. retaliated against Petitioner by failing to investigate several substantial allegations of disability discrimination and retaliation committed by Webster University, after Petitioner filed a verified complaint. Supra.

37.  28 U.S.C. 1361 provides the court with authority to review these issues and compel this Dep't to perform its statutory duty to investigate the retaliation claims.

38.  28 U.S.C. 1361 provides the court with authority to review these issues and compel this Dep't to perform its statutory duty to comply with its own reconsideration administrative regulation(s).

39.  To date, the Dep't fails to fairly address those uninvestigated allegations in any written correspondence. As demonstrated above, the Dep't does not provide an adequate, effective, and meaningful administrative remedy to challenge this unconstitutional adverse agency action.

40.  To date, the Dep't fails to address Petitioner's requests for reconsideration letters addressed to Dept.'s Headquarters located in Washington, D.C. that have remained unanswered for over two years. Cf. R.'s Ex 6 at 4 (Email from OCR Brent Moerer, dated 12/14/2005) (Assuming arguendo, for arguments sake that this is a true and complete copy of original, "Your request for reconsideration … has not been completed"). Again, the Dep't does not provide an adequate, effective, and meaningful administrative remedy to challenge this unconstitutional adverse agency action or discriminatory practice.

41.  Moreover, a violation of a governmental agency's own regulations can be the bases for § 1361 jurisdiction because this Dep't proscribes the reconsideration appeals process but fails to act upon receipt for a higher level of review. To date, the Dep't has failed to provide satisfactory explanation for the substantial departure from due process standards as guaranteed by the Fifth Amendment to U.S. Constitution. Respondent's attorney attached no affidavits with regards to these controversies.

42.  Additionally, the Dep't. retaliated against Petitioner by *referring* Petitioner to a collection agency, despite Dept.'s unconstitutional and discriminatory practice enumerated

6

above, e.g. failure to provide Petitioner with timely Federal student financial aid. Emphasis added. See Rochon v. Gonzales, 438 F.3d 1211 (DC App 2006). The Dep't does not provide an adequate, effective, and meaningful administrative remedy to challenge this unlawful adverse agency action or discriminatory practices.

43.    To date, the Dep't. retaliated against Petitioner by actively suspending Petitioner from university without due process. See West Decl. Here, Petitioner was suspended by university because he did not have sufficient fund to complete the course and take final exam because Dep't originally failed to timely disburse federal student aid to Petitioner. The Dep't does not provide an adequate, effective, and meaningful administrative remedy to challenge these unlawful adverse agency actions or discriminatory practices.

44.    To date, the court may establish jurisdiction over this case and proceed under Due Process violation claims under the Fifth Amendment in lieu of the Fourteenth Amendment of the U.S. Constitution, as stated within the original Complaint. Cf. Resp.'s Reply Memo of Mar. 22, 2007 at 5.

45.    Here, the alleged discriminating party is this Dep't., and not any particular recipient of federal funds under Section 504. The Dep't does not provide an adequate, effective, and meaningful administrative remedy to challenge this Dept.'s unconstitutional adverse agency actions or its discriminatory practices.

46.    The court can provide relief and should issue an order of mandamus under 28 U.S.C. § 1361 against the Dep't for its "failure to investigate" practice, which is contrary to 28 CFR Part 35. See e.g. United States v. Gaubert, 499 U.S. 315, 327, 113 L. Ed. 2d 335, 111 S. Ct. 1267 (1991) (quoting Berkovitz v. United States, 486 U.S. 531, 540, 100 L. Ed. 2d 531, 108 S. Ct. 1954 (1988)); Love v. Johanns, 439 F.3d 723 (DC App 2006).

47. In <u>United States v. Gaubert</u>, 499 U.S. 315, 327 (1991) the Supreme Court set forth a two-part test for determining whether a challenged government action is protected as a discretionary function. <u>See</u> <u>Furby v. HUD</u>, 236 F.3d 756 (DC App 2001).

48. Here, 28 CFR Part 35 does not expressly preclude mandamus action or judicial review.

49. Alternatively, there is no adequate remedy under 28 CFR Part 35 for the Dept.'s "failure to investigate" practices, its unconstitutional practices in violation of the Fifth Amendment, or any other violations of provisions of Federal law, directly or indirectly related to this Dept.'s challenged discriminatory or retaliatory practices. <u>See</u> <u>e.g.</u>, <u>Garcia v. Johanns, Secretary, USDA</u>, 444 F.3d 625 (DC App 2006);

50. As relevant here, there is nothing speculative about the Petitioner's continuing injuries by this Dept.'s unconstitutional practices or the fact that this court can "redress theses injuries by a favorable decision" of the court, or both.

51. Petitioner West was damaged by Respondent's unconstitutional practices because during the period of the wrongful suspension, he is/was also prevented from completing post-secondary education, stifled career interests, interfered with obtaining any work derived from degree program, was further prevented from obtaining other work as a result of the wrongful suspension, and suffered in standing and professional reputation. <u>See</u> West's Decl at 2-3.

52. Notwithstanding, but for Dept.'s unfair practices, being suspended from a university without due process, as a direct and proximate result of Dept.'s unconstitutional practices, may reasonable state a concrete injury under Art. III.

53. But for Dept.'s unfair practices, being denied timely Federal student financial aid may reasonably state a due process and equal protection of law violation claim, in which Petitioner

maintains a property, liberty, education, association of peers, and career interests. West's Decl. at 3.

54. Here, it remains undisputed that the Dep't serves as a creditor with regards to Plaintiff's Federal student loan aid or application process, as part of this Dept.'s fiduciary duties. See R.'s Ex. 6 at 4. Cf. 15 U.S.C. § 1691 (ECOA creates a private right of action against creditors, including the United States, who violate its anti-discrimination provisions, and it makes such creditors "liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class."

55. Additionally, a favorable mandamus order pursuant to 28 U.S.C. § 1361 to compel this Federal agency to fairly investigate the uninvestigated allegations of discrimination and retaliation may likely affect Webster University in a manner favorable to this Petitioner. Significantly, the U.S. Supreme Court has never held that a Federal action be "certain" instead of the flexible "more likely" standard.

56. Additionally, the court may have jurisdiction over Petitioner's explicit or implicit "breach-of-contract" claim by the Dept.'s failure to provide Federal student aid funds to students with disabilities in a timely manner. West's Decl. at 1-3. See Shaffer v. Veneman, 355 U.S. App. D.C. 470, 325 F.3d 370, 373 (D.C. Cir. 2003) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)) (court may exercise ancillary jurisdiction "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent").

57. In fair contrast, the Dept.'s own 34 CFR Part 104.4(b)(4), in relevant part, provides that a recipient [of federal funding] may not, directly or through contractual or other arrangements, utilize criteria or methods of administration (i) that have the effect of subjecting qualified

9

handicapped persons to discrimination on the basis of handicap, (ii) *that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons*, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State. Emphasis added.

58.   After a careful and thorough review of Respondent's court-filed materials, the Dep't conceded that it maintains a contractual relationship with Plaintiff or university, or both.

59.   The Dep't, individually or in concert with university, and its failure to timely provide Federal student aid funds to students with disabilities in a timely manner is fairly traceable to government conduct.  Here, in part, the Dep't allegedly contends that it is responsible for its failure to provide timely disbursement of Federal student financial aid.  See R.'s Ex. 6 at 4.

60.   Remarkably, as this court noticed (or should have noticed), there were no affidavits or certified copies of any documents attached to its motion to dismiss provided by this Respondent with regards to these "live" issues enumerated above, which this court should deny summary judgment or motion to dismiss in favor of Dep't based on this unmistakable fact.  See Rule 56, Federal Rules of Civil Procedure.

61.   As similarly stated above, Respondent's attorney, Oliver W. McDaniel, provided no substantial evidence that he has any "personal knowledge" of any of the underlying facts with regards to the instant "case" and "controversy."

62.   And "but for" the challenged unconstitutional practices committed by this Dep't, the court can issue its Order against Dep't and provide substantial relief by directing Dep't to see that Petitioner receives timely receipt of federal student funding, in which then s/he can reasonably attend classes and take final examination(s) at university.

10

63. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Administrative Procedure Act.

64. Moreover, the "zone of interests" in which Petitioner seeks protection and relief is relatively straightforward, as illustrated above.

65. As demonstrated above, the court can surely issue its Order declaring that this Dept.'s practices are unconstitutional - or have the effect of defeating or substantially impairing Plaintiff's protected property interest in post-secondary education and career interest/opportunities. West's Decl. at 3. See Rule 57 of Federal Rules of Civil Procedure.

66. Moreover, the court can also surely issue its Order enjoining the Dep't to cease and desist from these unconstitutional, discriminatory practices enumerated above and stated within Complaint, as amended.

67. Under these circumstances, the court can redress these injuries by a favorable ruling in favor of Petitioner by abating current violations and preventing future ones.

For the foregoing reasons, Petitioner respectfully requests that this court enter its order denying Respondent's motion to dismiss, grant summary judgment for all counts and claims in favor of Petitioner West and against Respondent Spellings, and for any other relief fit in the premises.

Respectfully submitted this 13<u>th</u> day of November 2007.


Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was mailed, postage prepared, this 13th day of November 2007, to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530