UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MARGARET SPELLINGS, Secretary, )<br>U.S. Department of Education, )<br>)<br>Respondent. ) | Case No. 06-1012 (RMC) |

## PETITIONER'S SUPPLEMENTAL RESPONSE TO RESPONDENT'S MOTION TO DISMISS

COMES NOW Petitioner, Michael West, *pro se*, and moves this court with petitioner's supplemental reply to respondent's motion to dismiss pursuant to court's Order of September 5, 2007. In support of response, Petitioner states the following:

1. The court's Order originally granted summary judgment in favor of DOEd on Counts 3 through 12. Doc. No. 32 at 1.

2. Additionally, the court denied summary judgment on Counts 1 and 2 based on its finding of the "inadequacy of the agency's search for responsive records." Supra.

3. In fair contrast, the court should have reasonably and timely granted summary judgment in favor of Petitioner with regards to these same Counts 1 and 2 [of Complaint] above because the court found that the Respondent's search for FOIA materials was inadequate. Supra. Cf. Complaint at 1-4.

4. Subsequently, the court modified its Order to grant Petitioner an extension of time to file response by November 21, 2007. Doc. No. 37. Thus, this response is timely filed.

1

RECEIVED
NOV 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5.  Respondent filed its second defendant's motion to dismiss or, in the alternative, for summary judgment (counts 1 and 2), April 24, 2007 ("R.'s 2nd MTD").

6.  Respondent's motion to dismiss is premised on two main arguments: (1) "entitled to judgment," and (2) "there are no genuine issues of material fact." R.'s 2nd MTD.

7.  Petitioner contends, nevertheless, that this Respondent is not entitled to summary judgment because there are reasonably disputed genuine issues of material fact.

8.  Petitioner contends that the Respondent did not provide all materials responsive to specific FOIA requests, and this agency, again, failed to perform an adequate search. Cf. Doc. No. 32 at 1.

**West's First FOIA Request**

9.  The Respondent failed to provide all records responsive to Petitioner's two separate and reasonably described FOIA requests.

10. Here, the first FOIA specifically requested one set of records for "[a]ll information and materials [related to] Reconsideration [action] for 07052031." P.'s FOIA Request, dated November 25, 2005.

11. After a careful and thorough review of Respondent's proffered materials, several documents appear to be missing. West's Suppl. Decl.

12. Additionally, the Respondent conceded that it regularly maintains a reconsideration administrative process.

13. This fact shows that Respondent clearly and unambiguously uses and is familiar with the term of art "reconsideration." See Section 303 "Request for Review of OCR Decisions," OCR Compliance Manual (2005) ("OCR is committed to a high quality resolution of every case.

OCR affords an opportunity for reconsideration of resolution or closure decisions that include a determination adverse to the complainant.")

14. Conversely, the Respondent's attached exhibits from Mr. Dittmeier's office do not show any records responsive to the agency's OCR reconsideration action. See R.'s Exhibits 1-7.

15. Similarly, to date, the Respondent did not provide any reconsideration records responsive to West's FOIA request and remains only mentioned within the original FOIA request and appeal materials.

16. Under these circumstances, it is disingenuous for Respondent to claim that more information is needed to process this reasonably described FOIA request. Dittmeier Decl at 5, Ex. 6 at 15 ("Your request for reconsideration ...has not yet been complete.")

17. Despite Respondent's claim of "[in]complete" above, the Respondent nevertheless failed to provide or identify what reconsideration record materials were available at the time the FOIA request was originally filed with this Dep't. in violation of FOIA, 5 U.S.C. § 552, as none of statutory nine exemptions and three exclusions was ever claimed. West's Suppl Decl.; R's MTD at 1. See also FOIA definition of "record."

18. In turn, the Respondent's own evidence clearly suggests or reflects the existence of reconsideration records. See 5 U.S.C. § 552(a)(3)(A).

19. To date, Respondent failed to reasonably provide Petitioner with any responsive records with regards to Petitioner's "reconsideration" action filed with this Dep't. Supra.

20. Summary judgment in favor of Respondent would be unwarranted under these facts and available evidence presented above.

**West's Second FOIA Request**

21. On February 8, 2006, Petitioner West submitted a second FOIA Request. Id.

22. This second separate FOIA request reasonably described and specifically requested two sets of records: (1) a record of "all ... retaliation and discrimination allegations against Webster University that you have received or aware," and (2) records of "[all] of those allegations that have not been investigated by this federal agency." Id.

23. After a careful and thorough review of Respondent's proffered materials, available records appear to be missing. West's Suppl Decl.

24. To briefly illustrate this point, a fair review of Petitioner's counts "3" through "12" show several separately reported incidents of discrimination or retaliation committed by university. See Complaint, as amended.

25. Additionally, after a careful and thorough review of Respondent's court-filed materials, the Respondent conceded that it received these individually reported OCR Complaints. West's Suppl Decl.

26. During that relevant period of time, Petitioner had a prior telephone conference with an intake receptionist of the OCR Kansas City Region VII Office. West's Suppl Decl.

27. In relevant part, this same receptionist clearly stated that all incoming reports of discrimination are entered into her computer database to monitor the status of these events. West's Suppl Decl.

28. A fair review of Respondent's proffered materials does not show any affidavit(s) from any intake receptionist from this Region VII office or her computer was searched, or both. See Dittmeier Decl.; Cf. 5 U.S.C. § 552(a)(3)(D).

29. Significantly, none of the several reported incidents of discrimination and retaliation appear on any Respondent's proffered records. See Dittmeier Decl. "R.'s Ex. 2" (three pages, undated)

30. Nor does the Respondent claim that these several reported incidents of discrimination and retaliation were not properly entered into any of its computer information logging and retrieval database(s). Cf. Dittmeier Decl. at 3.

31. Here, the Respondent's own regulations provide that all incoming reports of discrimination and retaliation are recorded. See Section 103 "Assign a Case Number and Establish a File for Each Complaint," OCR Compliance Manual (2005). West's Supp Decl.

32. Under these circumstances, it may be reasonable to assume that the Respondent, again, failed to provide an adequate search or failed to provide a substantiated explanation for the missing record entry(s) with regards to count "3" through "12" on any responsive materials, or both. West's Suppl Decl. at 2. See 5 U.S.C. 552(a)(3)(A); Cf. Doc. No. 32 at 1.

33. To date, the Respondent had failed to provide complete records responsive to Petitioner West's FOIA requests.

For all of the foregoing reasons, Petitioner respectfully requests that this court enter its order denying Respondent's motion to dismiss, grant summary judgment for all counts and claims in favor of Petitioner West and against Respondent Spellings, and for any other relief fit in the premises.

*****

Respectfully submitted this 14th day of November 2007.

\[signature\]

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was mailed, postage prepared, this 14th day of November 2007, to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530

_[signature]_

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
|       Petitioner, | ) |
| v. | )    Case No. 06-1012 (RMC) |
| MARGARET SPELLINGS, Secretary, U.S. Department of Education, | ) |
|       Respondent. | ) |

**SUPPLEMENTAL DECLARATION OF MICHAEL WEST**

I, Michael West, declare as follows, pursuant to 28 U.S.C. § 1746:

1. Previously, a Rule 56 declaration (West's Decl.) was filed with this court, which may reasonably show specific incidents of Respondent agency's unfair, unconstitutional, and discriminatory practices.

2. To date, I have not received any evidence that indicates that this Dep't has taken any responsible and reasonable agency action to modify these challenged unfair practices or customs.

3. I had personally reported and filed several Complaints of retaliation committed by university. The instant Complaint shows this fact, as fairly represented by counts "3" through "12."

4. During or near this same time of reporting the several verified retaliation Complaints under Respondent's Section 103 of OCR Compliance Manual, I had personally telephoned and spoke to Region VII's intake receptionist. A female responded to several of my complaint intake questions.

1

5. One of the questions posed to the female intake receptionist pertained to the fact that I had not received any reply letters indicating that this office received these specific complaints. She had no answer and provided no explanation for this agency action.

6. To date, I do not believe that I have received any "acknowledgment" letters with regards to the instant Complaint counts "3" through "12" in violation of Respondent's own policy and procedures. See Section 102 "Acknowledge the Complaint", OCR Compliance Manual (2005). The Respondent's attorney did not provide any materials to refute these facts.

7. During the course of this same telephone conference, the intake receptionist clearly stated to me that all incoming complaints of discrimination and retaliation are logged into her computer so that this agency can retrieve pertinent information and track these matters.

8. After carefully reviewing all of Respondent's proffered FOIA record(s) materials, I did not locate any materials that fairly show information pertaining to counts "3" through "12."

9. Similarly, I did not locate any materials that reflect that counts "3" though "12" were not properly entered into Dept.'s computer system to track or retrieve information relevant to OCR Complaints.

10. Additionally, I did not locate any materials responsive to "reconsideration" materials, despite agency's explicit or implicit claim that it maintained these records.

11. Additionally, I did not locate any materials that fairly show that the intake receptionist was ever contacted or that her electronic files were ever searched, or both. See 5 U.S.C. § 552(a)(3)(A).

12. To date, it appears to me that this agency does not contend that it never received the several separately reported complaint of retaliation committed by university.

13. With regards to present case, it appears to me that the agency did not invoke any of the statutory nine exemptions and three exclusions justifying the withholding of FOIA materials.

14. To date, no reasonable or credible explanation was ever provided to me by this Respondent as to why these records enumerated above and within FOIA requests could not be reasonably released to me under these circumstances presented above.

*****

I declare under the penalty of perjury that the foregoing is true and correct, or is otherwise based upon my best information and belief.

Executed this 14th day of November 2007.

_____
Michael West