## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                          )
                                       )
    Petitioner,                    )
v.                                     )     Case No. 06-1012 (RMC)
                                       )
MARGARET SPELLINGS, Secretary,         )
U.S. Department of Education,          )
                                       )
    Respondent.                    )

## MOTION FOR SPECIFIC FACTUAL
## FINDINGS AND CONCLUSIONS OF LAW

Petitioner Michael West, *pro se*, respectfully moves this court pursuant Fed. R. Civ. P. 52(a) for specific factual findings and conclusions of law with regards to the following:

1. whether this court has jurisdiction to review Mr. West's Due Process constitutional claims under <u>Webster v. Doe</u>, 486 U.S. 592, 602-04 (1988) (listing line of cases) by him being: (1) denied timely federal student loan funds, (2) denied timely investigation procedure and process for handling discrimination/retaliation complaints under 28 C.F.R. Part 35 *et seq.* <u>See</u> <u>also</u> D.'s OCR Compliance Manual.

2. whether Defendant violated 28 CFR Part 35 *et seq.* and Due Process under the Fifth Amendment by failing to provide Mr. West with: (1) initial notification letter(s) under Defendant's OCR Compliance Manual provisions, (2) all documents related to Defendant's partially investigated discrimination/retaliation complaint allegations with regards to fair consideration of any substantial basis for agency *reconsideration* process, (3) denied Mr. West a fair opportunity to reply under *McDonnell Douglas* framework to federal agency factual findings and conclusions of law before Defendant issued its final report, (4) denied Mr. West a timely reconsideration process, and (5) Defendant's present

# RECEIVED

DEC 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 of 3

unconstitutional student suspension practice against Mr. West, as a direct result of Defendant denying Mr. West timely disbursement of federal student aid funding. Supra.

3. whether Defendant's modifications adopted by its HQs and/or its subordinate offices: (1) for Mr. West's untimely disbursement of federal student loans practice under 20 U. S. C. § 1071 et seq.; 34 CFR pt. 674 (1983) (National Direct Student Loans), (2) "failure-to-investigate" discrimination and retaliation investigation process under 28 CFR Part 35 et seq. -- directly violate the Administrative Procedure Act because the changes were not previously described in the Federal Register. See 5 U.S.C. § 552(a)(1)(C).

4. whether Mr. West maintains any protected interest in this case under Art. III, such as: (1) right to pursue higher education and career opportunities, (2) right to receive timely disbursement of federal student aid, as Mr. West was a "qualified" student/applicant under 20 U.S.C. § 1071 et seq., (3) right to due process for timely agency administrative investigative and review process under 28 C.F.R. Part 35 et seq., (4) right to academic freedom to personally choose coursework under First Amendment.

5. from the outset, whether Defendant, individually or in concert with its administering university agency, may have made "reasonable accommodations" under Title III by providing emergency or other appropriate temporary student loan proceeds pending the disbursement of federal student loan funds under 20 U.S.C. § 1071 et seq. in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

Is there anything found under Title 20 that clearly and unambiguously supports Defendant's practice to disburse Mr. West's federal financial assistance funding the last week of university classes - despite the fact that this Defendant was clearly apprised of his dire need for prompt disbursement of student aid to continue his coursework?

Significantly, Defendant was previously advised of Mr. West's disabilities and financial needs from prior OCR investigation, in which pertinent medical records information was provided to Defendant.

WHEREFORE, Petitioner respectfully requests that this district court enter its specific factual findings and conclusions of law enumerated above, and for any other relief fit in the premises.

*****

Respectfully submitted this 5th day of December 2007.

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was mailed, postage prepared, this 5th day of December 2007, to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530