UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                           )
                                        )
        Petitioner,                     )
v.                                      )    Case No. 06-1012 (RMC)
                                        )
MARGARET SPELLINGS, Secretary,          )
U.S. Department of Education,           )
                                        )
        Respondent.                     )

**PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SPECIFIC FACTUAL
FINDINGS AND CONCLUSIONS OF LAW**

Petitioner Michael West, *pro se*, respectfully moves this Court with petitioner's memorandum of law in support of motion for specific factual findings and conclusions of law pursuant Fed. R. Civ. P. 52(a). In support, the following is provided:

1. The instant complaint pertains to 28 CFR Part 35 discrimination and retaliation complaint process. In December 2007, the Court of Appeals for the District of Columbia may have provided additional authority to grant Petitioner requested relief.

2. The respondent claim this is unreviewable under APA. See generally Resp.'s MTD..

3. Conversely, on December 12, 2007 the Court of Appeals for the District of Columbia reviewed a similar claim of "unreviewability." Cody v. Cox, No. 06-5253 (DC Cir. 2007).

4. In Cody, the Court of Appeals explained:

> In 2006, Congress amended section 413, mandating specific measures regarding physicians, dentists, and transportation, and requiring the COO to issue uniform standards to ensure access to care. The district court found that these amendments rendered plaintiffs' claims moot and granted defendants' motion to dismiss the case. See Cody v. Rumsfeld, 450 F. Supp. 2d 5, 9-11 (D.D.C. 2006).

***

RECEIVED
DEC 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

> The mootness doctrine ensures that federal courts only decide ongoing cases and controversies. Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (en banc). For a case to become moot, it must be "impossible for the court to grant 'any effectual relief whatever.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).
>
> When plaintiffs filed their complaint, subsection 413(a) provided that a resident at the Home "shall receive the services authorized by the Chief Operating Officer." 24 U.S.C. § 413(a) (Supp. I 2001)). Subsection (b) was the only limitation on the COO's discretion and mandated that the Home "shall provide for the overall health care needs of residents in a high quality and cost-effective manner, including on site primary care, medical care, and a continuum of long-term care services." § 413(b) (emphasis added).
>
> ***
>
> Defendants claim subsection (b)'s "high quality and cost effective" health care requirement is exempted from judicial review under the Administrative Procedure Act because the COO's decision is "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2).3 To prevail, defendants must rebut the presumption that agency action is judicially reviewable by showing "the relevant statute 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" Lincoln v. Vigil, 508 U.S. 182, 191 (1993) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)). Defendants have failed to satisfy this burden.

Id. The Court of Appeals relied upon Heckler v. Chaney, 470 U.S. 821 (1985) to reach its conclusion in Cody above.

5. Petitioner relies on Heckler in support of this Court's reviewability with respect to the instant case. (Citing line of cases). Dunlop v. Bachowski, 421 U. S. 560 (1975).

6. In Heckler, the U.S. Supreme Court explained:

> Dunlop v. Bachowski, 421 U. S. 560 (1975), relied upon heavily by respondents and the majority in the Court of Appeals, presents an example of statutory language which supplied sufficient standards to rebut the presumption of unreviewability. Dunlop involved a suit by a union employee, under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481 et seq. (LMRDA), asking the Secretary of Labor to investigate and file suit to set aside a union election. Section 482 provided that, upon filing of a complaint by a union member,

> "[t]he Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation . . . has occurred . . . he shall . . . bring a civil action. . . ."

> After investigating the plaintiff's claims, the Secretary of Labor declined to file suit, and the plaintiff sought judicial review under the APA. This Court held that review was available. It rejected the Secretary's argument that the statute precluded judicial review, and, in a footnote, it stated its agreement with the conclusion of the Court of Appeals that the decision was not "an unreviewable exercise of prosecutorial discretion." 421 U.S. at 567, n. 7. Our textual references to the "strong presumption" of reviewability in Dunlop were addressed only to the § (a)(1) exception; we were content to rely on the Court of Appeals' opinion to hold that the § (a)(2) exception did not apply. *The Court of Appeals, in turn, had found the "principle of absolute prosecutorial discretion" inapplicable, because the language of the LMRDA indicated that the Secretary was required to file suit if certain "clearly defined" factors were present.* The decision therefore was not "beyond the judicial capacity to supervise.'" Bachowski v. Brennan, 502 F.2d 79, 87-88 (CA3 1974) (quoting Davis § 28.16, p. 984 (1970 Supp.)).

Heckler, 470 U. S. 833-34. (Emphasis added).

7. Under Heckler, here the respondent secretary should not be afforded absolute prosecutorial discretion under the "shall" provisions of 28 CFR Part 35 *et seq*. See Pet.'s Response to Resp.'s MTD, dated 11/13/2007 at 3-4.

8. Moreover, the respondent secretary fails to follow her own regulations. See Pet.'s Supp. Response to Resp.'s MTD, dated 11/14/2007 at 3-5.

9. Nevertheless, the "abuse of discretion" standard may be applied in this case against respondent under APA. 5 U.S.C. §§ 701-706 provides any person "adversely affected or aggrieved" by agency action, see § 702, including a "failure to act," is entitled to "judicial review thereof." Cf. Heckler, 470 U. S. at 829.

10. Here, in part, the instant case pertains to a reasonable "investigation" action claim invoked by DOJ's procedural rules promulgated under 28 CFR Part 35. Under these irrefutable facts, the likelihood and/or fair administration of secretary's agency "enforcement action" authorities is misplaced because the respondent is attempting "to put the cart in front of the

3

horse." For these reasons, Heckler's limiting language may be distinguished from the instant case. Id., 470 U.S. at 831. Under these circumstances, the instant respondent exceeded "its statutory powers." Id., 470 U. S. at 832

11. Moreover, Plaintiff contends that the present administrative practice is fundamentally unfair especially in light of the fact that the Secretary does not provide any evidence as to "whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all." Heckler, 470 U. S. at 831. Here, several allegations of discrimination and retaliation have not even been reasonably investigated in violation of both DOJ and secretary's own controlling regulations. See Complaint.

12. The Secretary's lack of factual claims and supporting evidence, with regards to paragraph 11 immediately above, deprive Plaintiff a reasonable opportunity to petition U.S. Congress -- if it were the case that the Federal agency did not have the financial resources to pursue the *separate* discrimination/retaliation enforcement action against University…after a proper 28 CFR Part 35 investigation. (Emphasis added)

WHEREFORE, Petitioner respectfully requests that this Court grant him summary judgment relief from respondent's affirmative discriminatory practices without any further delay, and for any other relief fit in the premises.

*****

Respectfully submitted this 20th day of December 2007.


_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone


## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was mailed, postage prepared, this 20th day of December 2007, to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530


_____