UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Petitioner, )<br>v. )<br>)<br>MARGARET SPELLINGS, Secretary, )<br>U.S. Department of Education, )<br>)<br>Respondent. ) | Case No. 06-1012 (RMC) |

### PETITIONER'S SUPPLEMENTAL REPLY AND MEMORANDUM OF LAW IN SUPPORT OF DENYING RESPONDENT'S MOTION TO DISMISS

COMES NOW Petitioner, Michael West, *pro se*, and moves this Court with petitioner's memorandum of law in support of respondent's motion to dismiss. Petitioner denies each and every claim made by the instant respondent within all her replies and responses, except as explicitly provided for below. In support, the following is provided:

1. Petitioner filed complaint and allegations, *inter alia*, against respondent for her "discriminatory practices." Complaint, as amended at 1. In contrast, the information provided by respondent and her attorneys is inaccurate, incomplete, misleading, and deceptive. A close review of the documents generated by the respondent reveal that this "Dep.'t fails to comply with its own regulations." See P.'s Reply to MTD, dated Nov. 1, 007 at 3-4; Supp. Decl. West, dated Nov. 14, 2007 at 1-2.

2. Moreover, Petitioner filed complaint and allegations for respondent's due process violations under the Fifth Amendment, Mandamus Act - 28 USC § 1361, or Administrative Procedure Act (APA), as illustrated in Counts 3 through 12. Cf. Doc. No. 32 at 1.



RECEIVED

DEC 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. Here, in part, Counts 3 through 12 shows that respondents fail to provide ministerial duty owed to Petitioner under 28 CFR Part 35. The law promulgated by the U.S. Department of Justice pertains to disability discrimination and retaliation complaint(s). See §§ 35.130, 35.134.

4. 28 CFR § 35.172(a), in relevant part, provides:

> The designated agency shall investigate each complete complaint, attempt informal resolution, and, if resolution is not achieved, issue to the *complainant* and the public entity a Letter of Findings that shall include –
>
> (1) Findings of fact and conclusions of law;
> (2) A description of a remedy for each violation found; and
> (3) Notice of the rights available under paragraph (b) of this section.

5. Respondent claims subsection 172(a)'s "shall investigate" and "shall issue findings of fact and conclusions of law" requirement is exempted from judicial review under the Administrative Procedure Act because the Secretary's decision is "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2). See Resp.'s MTD.

6. To prevail, however, respondent must rebut the presumption that agency action is judicially reviewable by showing "the relevant statute 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" Lincoln v. Vigil, 508 U.S. 182, 191 (1993) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)).

7. Respondent has failed to satisfy this burden.

8. First, section 172(a)'s does not fall into one of the narrow categories that usually satisfy the strictures of subsection 701(a) (2). See Lincoln, 508 U.S. at 191-92. This case does not involve "second-guessing executive branch decision[s] involving complicated foreign policy matters." Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, 104 F.3d 1349, 1353 (D.C. Cir. 1997). Nor does it relate to an agency's refusal to undertake an enforcement

action, Heckler, 470 U.S. at 831, or its determination about how to spend a lump-sum appropriation, Lincoln, 508 U.S. at 192.

9. Second, while subsection 172(a) gives the Secretary broad discretion in administering its investigation, it does not qualify that discretion with and phrase of "exception" upon a finding of section 504 jurisdiction. 28 CFR § 35.171. Plainly, DOJ's intended subsection 172(a)'s "shall investigate" standard is buttressed to section 504 to limit the Secretary's discretion under subsection 172(a). "If the agency that receives a complaint has section 504 jurisdiction, it shall process the complaint according to its procedures for enforcing section 504." 28 CFR § 35.171(a) (3) (i). Although the respondent may argue that "shall investigate" a discrimination and retaliation complaint is a tricky standard for this Court to apply, that difficultly is not unique to this statute when compared to section 504 and well-established Supreme Court precedent. For example, in determining whether a public entity is immune from voluntary compliance agreement action while taking part in discrimination investigation into educational related activities, courts and juries must decide, under an objective standard, whether the public entity offender(s) acted with a "legitimate, non-discriminatory reason" that their actions were in furtherance of equal access to education under 34 C.F.R. § 104.43 *et seq.* McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Sindram v. Cox, No. 07-cv-0222 (U.S.D.C. Pa. 2007) (OCR case). Furthermore, 5 U.S.C. § 701(a) (2) provides a "very narrow exception" that applies only in "rare instances." Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971). The respondent's apparent difficulty of defining the boundaries of "section 504" and *McDonnell Douglas* framework is insufficient to make subsection 172(a) one of those rare instances.

10. Similar to 28 CFR § 35.173 - which clearly and unambiguously provides a voluntary compliance agreement procedure - "[w]here appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including . . . arbitration, is encouraged to resolve disputes" of Title VII claims. Pub. L. No. 102-166, § 118, 105 Stat. 1071 (codified as Notes to 42 U.S.C. § 1981 (2000)) ("§ 118"). In either case of § 35.173 or Title VII, this language clearly establishes intent to encourage rather than preclude arbitration of discrimination claims. Seus v. John Nuveen & Co., Inc., 146 F.3d 175, 182 (3d Cir. 1998). Under these circumstances, it appears that the purpose of the 28 CFR Part 35 was to relieve congestion in courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation. Importantly, the instant subsection 172(a)'s administrative remedy may be better suited for "low-income", which may be the only adjudicative forum which the instant Plaintiff can access as a reasonable, practical matter. The respondent does not contest these facts.

11. Moreover, the D.C. Circuits have regularly found Congress (or DOJ) has not committed decisions to agency discretion under far more permissive and indeterminate language. For example, in Dickson v. Secretary of Defense, 68 F.3d 1396 (D.C. Cir. 1995), the D.C. Court found judicial review was available for abuse of discretion when the statute stated that a board "may excuse a failure to file [a request to correct an error in a military record] within three years after discovery if it finds it to be in the interest of justice." Id. at 1399-1404. If language that a board "may" take an action if it "finds it to be in the interest of justice" provides a "meaningful standard against which to judge the agency's exercise of discretion," Lincoln, 508 U.S. at 191, surely wording mandating that the Federal agency "shall" provide "findings of fact and conclusions of law" when it maintains section 504 jurisdiction over a discrimination and retaliation complaint does so as well.

12. In relevant part, Section 504 of the Rehabilitation Act of 1973:

> "No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of his or her disability, be excluded from then participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. Chapter 16, § 794.

Id.

13. The Petitioner complains that the respondent does not provide equal protection of law for administrative investigations consistent with due process or the standard set out in McDonnell Douglas and § 35.172(a) *et seq.* ("factual findings and conclusions of law"), not that the Secretary has violated any obligations to promulgate more specific standards pursuant to § 35.172(a) and to provide a direct referral to the U.S. Attorney General's Office for the enforcement action against a public entity pursuant to § 35.174. Whatever the role of those provisions, they do not displace the mandate of § 35.172(a).

14. To date, the respondent Secretary fails to fully and fairly investigate Counts 3 – 12. In addition, the same respondent fails to proffer any evidence that her continuing discriminatory practice to deny individuals with disability(s) timely disbursement of Federal student assistance has ceased. Conversely, the respondent fails to obtain the University's reassurance that it will modify its present policies or procedures to *reasonably accommodate* and ensure that individuals with disabilities receive disbursement of Federal student aid in a timely, expedited fashion (emphasis added). See P.'s Reply to Resp.'s MTD, dated Nov. 13, 2007 at 7-11. Here, the record in this case reflects concrete, negative effects on either the ability to receive an education or the enjoyment of equal access to educational programs or opportunities.

15. On one hand, if a student with disability requires immediate disbursement of Federal student aid in order to have access to coursework, and "programs and activities" of post-secondary education, the respondent should provide such Federal financial aid in a timely and

effective manner. The respondent's present practice "flies-in-the-face" of free speech, due process, and her own acceptable default reduction activities under 20 U.S.C. § 1072(h)(8)(A). Setting all disability matters aside, significantly, it is undisputed that the Petitioner did not receive Federal financial aid until the end of course (effectively, the end of enrollment period), which denied him a fair and full opportunity to attend classes and take final examination in direct contravention with the spirit and intent of 20 U.S.C. § 1078-7(b)(2); 20 U.S.C. § 1087 b (c); 20 U.S.C. § 1087 d (a)(1)(d); 20 U.S.C § 1070 a (e), etc.... The respondent does not see a problem with her discriminatory practices...how absurd. See. ¶ 23, below.

16. To "add" salt to these wounds, the Secretary then unfairly authorized or instituted a default loan action against Petitioner knowing that Petitioner was being denied "reasonable accommodations" by her failure to provide timely disbursement of Federal funds further injuring Petitioner. Cf. 20 U.S.C. § 1081(b) ("Secretary shall provide that attempts to make recovery on such loans *shall be fair and reasonable, and do not involve harassment, intimidation, false or misleading representations*, or unnecessary communications concerning the existence of any such loan to persons other than the student borrower.") Emphasis added. The Secretary may be sued, as her practice is unfair and unreasonable, to say the least. See e.g. 28 U.S.C. § 2679.

17. On the other hand, the respondent claims a private cause of action exist against the separate, underlying University. However, the respondent remains silent as to whether a private cause of action applies to cases other than "intentional discrimination"...versus a "disparate impact" practice. Alexander v. Sandoval, 532 U.S. 275 (2001). See generally Resp.'s MTD.

18. Under these circumstances, available evidence shows that respondent has, and repeatedly continuing on a daily basis, to deny Mr. West's First and Fifth Amendment rights as guaranteed by the U.S. Constitution.

19. The Administrative Procedure Act, 5 U.S.C. § 701 et seq., ("APA") "waives federal sovereign immunity in certain circumstances to allow equitable relief from agency action or inaction." Am. Disabled for Attendant Programs Today v. U.S. Dep't of Housing & Urban Dev., 170 F.3d 381, 383 (3d Cir. 1999). Agency decisions "whether to undertake investigative or enforcement actions" are presumptively not judicially reviewable. Id. at 384 (citing Heckler v. Chaney, 470 U.S. 821, 838 (1985)). However, "even where agency action is 'committed to agency discretion by law,' review is still available to determine if the Constitution has been violated." Padula v. Webster, 822 F.2d 97, 101 (3d Cir. 1987). Here, Petitioner West alleges violations of the First Amendment, Due Process and Equal Protection Clauses, so review of the agency's action is not foreclosed by the strictures of the APA. See e.g., Complaint, as amended at 1, & Counts 3 – 13; P.'s Reply to Resp.'s MTD. Respondent is incorrect that these claims are barred by the APA. See Resp.'s MTD.

20. Accordingly, it can be said from this Court's record that Counts 3 – 12 under subsection 35.172(a) are neither moot nor "committed to agency discretion by law." See P.'s Reply to D.'s MTD, West's Supp. Decl. dated 11/14/2007.

21. Nor can it be said that Mr. West failed to exhaust administrative remedies before proceeding to file suit against respondent with regards to his FOIA requests. See Complaint, as amended; P.'s Supp. Response to Resp.'s MTD dated 11/14/2007; West's Supp. Decl. dated 11/14/2007.

22. A favorable ruling by this Court may reasonably redress Petitioner's injuries caused by respondent's discriminatory practices. For a few of several examples, the Court may reasonably declare respondent's current disbursement practices under 20 U.S.C. 1078-7 (b) (1) are

discriminatory and unconstitutional ... and further direct disbursement of Federal financial aid prior to enrollment period. See e.g. 20 U.S.C. § 1078-7 (b) (2).

23.   20 U.S.C. § 1078-7 (b) provides:

Disbursement and endorsement requirements

(1) First year students

> The first installment of the proceeds of any loan made, insured, or guaranteed under this part that is made to a student borrower who is entering the <u>first year of a program of undergraduate education</u>, and who has not previously obtained a loan under this part, shall not (regardless of the amount of such loan or the duration of the period of enrollment) be presented by the institution to the student for endorsement <u>until 30 days after the borrower begins a course of study</u>, but may be delivered to the eligible institution prior to the end of that 30-day period.

(2) Other students

> The proceeds of any loan made, insured, or guaranteed under this part that is made to any student other than a student described in paragraph (1) shall not be disbursed more than 30 days prior to the beginning of the period of enrollment for which the loan is made.

Id. (Emphasis added). It appears from Petitioner's experiences as a first year student at University, that respondent employs generally uses 20 U.S.C. § 1078-7(b) (1) against him by respondent withholding disbursement until at least 30 days after Petitioner begins a course of study, despite the irrefutable fact that Petitioner is in a <u>first year graduate program</u>. (Emphasis added). As illustrated in both Respondent's and Petitioner's materials filed in this case, it is undisputed that Petitioner is not receiving disbursement of Federal financial aid until <u>after 30 days</u> have passed - after coursework begins. See ¶ 15, above.

24.   Moreover, the University does not maintain discretion with regards to respondent's regulations, which substantially distinguishes this case from respondent's reliance on <u>Nat'l Wrestling Coaches Ass'n v. United States Dep't of Educ.</u>, 263 F. Supp. 2d 82 (D.D.C. 2003). In other words, the respondent's procedures in question directly threaten Petitioner's equal access

to University's "programs and activities" timely disbursement of Federal financial aid, coursework, access to final examination, and the like. See ¶ 23, above. In light of these facts, the underlying University's decisions are not "independent decisions" but may be controlled by respondent's policies with regards to the disbursement issue raised in the instant case. College Sports Counsel v. Department of Education, Civil Case No. 03-2588, Memorandum Opinion dated March 1, 2005 (D.D.C. 2003)

For all of these reasons, it is respectfully requested that the Court deny respondent's motion to dismiss, or in the alternative, for summary judgment, and grant any other relief fit in the premises.

*****

Respectfully submitted this 26th day of December 2007.

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was mailed, postage prepared, this ___ day of December 2007, to:

Oliver W. McDaniel
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530

_____