UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MARGARET SPELLINGS, )<br>Secretary, )<br>U.S. Department of Education, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 06-1012 (RMC) |

DECLARATION OF WILLIAM DITTMEIER

I, William Dittmeier, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am employed as Chief Civil Rights Attorney for the Kansas City Enforcement Office of the Office for Civil Rights (OCR), United States Department of Education (Department). I have worked for OCR continuously since 1998 and have served in my present position since December, 2002.

2. As I stated in my declaration dated April 24, 2007, I have become personally knowledgeable of the circumstances related to OCR's processing of allegations of discrimination and Freedom of Information Act requests submitted to OCR by Mr. Michael West, the Plaintiff in the above-captioned action, and of the administrative records relating to these matters. I certify that the documents attached hereto as Exhibits A - G are true copies of original records created by the Department in the ordinary course of government business.

3. In Petitioner's Supplemental Response to Respondent's Motion to Dismiss filed November 19, 2007 (Plaintiff's Response), Plaintiff stated that Counts 3 through

12 of his Complaint "show several reported incidents of discrimination or retaliation committed by university."[1]  Plaintiff's Response at ¶ 24.

4. Plaintiff's Response further asserts that the documents released to him in response to his February 8, 2006 FOIA request are incomplete, apparently because, according to Plaintiff, "none of the several reported incidents of discrimination and retaliation appear on any [of] Respondent's proffered records." See id. at ¶¶ 23, 29, 32, 33.

5. I have directed a staff review of OCR records to determine what, if any, information OCR received from Plaintiff on the dates specified in Complaint Counts 3 through 12, for the purposes of: (a) ascertaining whether Plaintiff in fact filed separate complaints of discrimination or reprisal on each of the specified dates; and (2) ensuring that each of Plaintiff's allegations of discrimination or reprisal by Webster University received by OCR was accounted for in the materials the Department released to Plaintiff in response to the February 8, 2006 FOIA request.

6. The results of the review described in ¶ 5 above are summarized below:

    a. The dates Plaintiff identified in Complaint Counts 7 and 9 are April 17, 2005, and March 24, 2005, respectively.  OCR has located no record of any communication it received from Plaintiff on either of those dates.

    b. In Complaint Count 3, Plaintiff identified May 18, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR.  OCR received an email from Plaintiff on May 18, 2005.  See Exhibit A. That

---

[1] In each of the referenced Complaint Counts 3 through 12, Plaintiff identified a specific date that he alleges he submitted an allegation of discrimination or retaliation committed against him by Webster University.  Complaint at 3-10.

2

email references OCR complaint number 07052011. The email also contends that Webster had not provided timely financial aid to Plaintiff in the past; OCR addressed these issues in its investigation of the allegations in OCR Complaint Number 07052011.

c. In both Complaint Counts 4 and 12, Plaintiff identified May 31, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR. OCR received an email from Plaintiff on May 31, 2005. See Exhibit B. That email provides Plaintiff's responses to questions OCR had asked regarding allegations being investigated in OCR Complaint Number 07052011.

d. In Complaint Count 5, Plaintiff identified June 2, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR. OCR received email communications from Plaintiff on June 2, 2005. See Exhibit C. Those emails address concerns regarding issues OCR investigated in OCR Complaint Number 07032032.

e. In Complaint Count 6, Plaintiff identified April 20, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR. OCR received an email from Plaintiff on April 20, 2005. See Exhibit D. That email addresses Plaintiff's concerns regarding the case file in OCR Complaint Number 07032032, but does not contain any complaint of discrimination or retaliation.

f. In Complaint Count 8, Plaintiff identified April 4, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR. OCR received

an email from Plaintiff on April 4, 2005. <u>See</u> Exhibit E. That email provides Plaintiff's response to a March 29, 2005 letter from John Nigro, an OCR team leader, regarding OCR's investigation of OCR Complaint Number 07052031. OCR investigated the allegations identified in Plaintiff's email in OCR Complaint Number 07052031.

g. In Complaint Count 10, Plaintiff identified March 8, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR. OCR received email communications from Plaintiff on March 8, 2005. <u>See</u> Exhibit F. Those communications contain a number of Plaintiff's allegations of discrimination by Webster University; OCR investigated these allegations in OCR Complaint Number 07052031.

h. In Complaint Count 11, Plaintiff identified February 22, 2005 as a date on which he filed a complaint or allegation of retaliation with OCR. OCR received email communications from Plaintiff on February 22, 2005. <u>See</u> Exhibit G. Those communications concerned issues raised by Plaintiff in a February 22, 2005 letter to Webster University's Director of Financial Aid (investigated by OCR Kansas City in complaint number 07052031); and an information request to OCR concerning OCR Complaint Number 07042051.

i. All of the instances of discrimination and retaliation Plaintiff identified in Counts 3, 4, 5, 6, 8, 10, 11, and 12 concern OCR Complaint Numbers 07052011, 07052031, 07042051, and/or 07032032. All of these complaints were identified in the documents provided to Plaintiff in

4

Defendant's response to the February 8, 2008 FOIA request. <u>See</u> Dittmeier Declaration of April 24, 2007, Exhibit 2.

7. The summary above demonstrates, contrary to the assertions otherwise in Plaintiff's Response, that all of the allegations contained in the communications identified in Complaint Counts 3 through 12 (exclusive of Counts 7 and 9, for which the Department has located no record) were accounted for in the Department's response to Plaintiff's February 8, 2006 FOIA request. Plaintiff's Response asserts, and I am otherwise aware of, no factual basis for the contention that the Department's response to the February 8, 2007 FOIA request was incomplete or that it failed to conduct a reasonable and adequate search for records responsive to the request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Kansas City, Missouri, this  15  day of February, 2008.

_____
William J. Dittmeier