UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1012 (RMC) |
| ) | |
| MARGARET SPELLINGS, Secretary, ) | |
| U.S. Department of Education, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Michael West, proceeding pro se, sued Margaret Spellings, Secretary of the U.S. Department of Education ("DOEd"), in her official capacity. Counts 1 and 2 of the Complaint allege violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, while Counts 3 through 12 seek to compel DOEd under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, the All Writs Act, 28 U.S.C. § 1691, and Mandamus, 28 U.S.C. § 1361, to use its enforcement authority in a manner favorable to Mr. West under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").[1] The factual basis for Mr. West's Complaint is his dissatisfaction with DOEd's investigation of his complaints of disability discrimination and retaliation allegedly committed by Webster University.

The Court previously granted summary judgment in favor of DOEd on Counts 3 though 12 and denied summary judgment without prejudice on Counts 1 and 2 based on the

---

[1] Section 504 is effectuated by various regulations set forth in 34 C.F.R. Part 104.

inadequacy of the agency's search for responsive records. *See* Mem. Op. (Mar. 29, 2007) [Dkt. #24]. Now, DOEd has moved to dismiss or for summary judgment on Counts 1 and 2. Def.'s Mot. to Dismiss or for Summ. J. [Dkt. #28]. Mr. West responded [Dkt. ##39 & 45] and moved for reconsideration of the Court's dismissal of Counts 3 through 12 [Dkt. ## 38, 41, 43, 44]. DOEd replied [Dkt. ##48 & 49] and thus the matter is ripe and ready for decision. As explained below, Mr. West's motion to reconsider will be denied, and DOEd's motion for summary judgment will be granted.

## I.  MOTION TO RECONSIDER

Plaintiff's motion for reconsideration of the Opinion and Order dated March 29, 2007, which dismissed Counts 3 through 12 of the Complaint, is without merit. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). Plaintiff's request for reconsideration of the Court's March 29, 2007 Opinion and Order fails to meet this standard. Plaintiff points to no intervening change in controlling law, no new evidence, and no need to correct a clear error or prevent manifest injustice. He merely reargues points that the Court already ruled upon. In fact, this is his second request for reconsideration. Mr. West filed a previous motion for reconsideration on April 13, 2007. *See* [Dkt.

#27]. In an Opinion and Order dated July 18, 2007, the Court denied Mr. West's April 2007 motion for reconsideration. The Court similarly will deny Mr. West's latest motion for reconsideration.

## II. MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### A. Facts

On February 8, 2006, Plaintiff submitted a FOIA request by email to DOEd's Office for Civil Rights ("OCR") requesting the following records: (1) "all . . . retaliation and discrimination allegations made against Webster University [submitted or otherwise made known to the [DOEd]" and (2) a "list of those allegations . . . not investigated by [DOEd]." *See* Def.'s Mot. to Dismiss or for Summ. J., Ex. 1, Dittmeier Decl. ¶ 4.[2] On March 9, 2006, DOEd responded to the first request and provided Plaintiff with four pages of records: a two page list of all allegations against Webster University received by OCR since October 10, 1993, a one page document defining the resolution codes on the list of allegations, and a one page document explaining the numeric resolution/jurisdiction types included on the list of allegations. *Id.* ¶ 5. DOEd notified Mr. West that it does not maintain a list of discrimination allegations filed with OCR that were not investigated by OCR and thus it had located no records in response to the second request. *Id.* ¶ 6.

Mr. West appealed, and DOEd conducted a supplemental search for records. As a result, DOEd located 96 additional pages containing information from which a list of retaliation and discrimination allegations against Webster that had not been investigated could be extrapolated. *Id.* ¶ 9. These 96 pages consisted of complaints filed with OCR against Webster University and Mr. Dittmeier directed a manual search of the complaint records as follows:

---

[2] In support of its motion, DOE submitted the Declaration of William Dittmeier, the Chief Attorney of the Kansas City Enforcement Office of the Office for Civil Rights, DOEd.

> Specifically, for each of the 25 complaints filed with OCR against Webster University . . . , I directed a manual search for: (a) the initial letter from OCR to the complainant and, where OCR determined it would not initiate an investigation into the allegations(s), a statement of the basis for such determination; and (b) for allegations investigated by OCR, the letter to Webster University memorializing OCR's resolution of the complaint and any agreement reached with Webster regarding corrective action to be taken.

*Id*. DOEd located the letters for 21 of the 25 complaints described above and forwarded them to Mr. West on April 20, 2007. *Id*. ¶ 10. DOEd was unable to locate four of these complaints, although it had the Federal Records Center in Kansas City look for them. *Id*. ¶ 11.

The year before Mr. West's February 2006 FOIA request, Mr. West had submitted a different FOIA request to DOEd. Namely, on November 25, 2005, Mr. West submitted a FOIA request by email seeking "[a]ll information and materials that are responsive or pertain to a letter provided to this specific branch of the U.S. Dept. of Education Office for 'Reconsideration for 07052031' dated October 3, 2005." Because OCR personnel could not decipher what documents Mr. West was seeking, on December 13, 2005, OCR sent an email to Mr. West seeking clarification:

> The email OCR received on October 3 from you was about Sallie Mae. It was not a request for reconsideration. OCR subsequently wrote a letter to Sallie Mae asking them when they received the information concerning your financial aid from Webster University. Sallie Mae responded and stated the following: 'Sallie Mae received certification from Webster University on February 8, 2005, and approval from USA Funds on February 9, 2005. Sallie Mae disbursed the loan on the scheduled disbursement date of February 23, 2005.' We are unsure what specific documents you are requesting in your FOIA request. Your request for reconsideration of 07052031 has not yet been completed. Please let us know specifically what documents you are requesting.

*Id*. ¶ 14, Ex. 5. OCR repeatedly sought clarification, but Mr. West never provided any clarification. *Id*. ¶ 15 & Ex. 6.

Mr. West brought suit under FOIA, seeking the documents he had requested from DOEd. The February 8, 2006 request is the subject of Count 1 of Mr. West's Complaint, and the November 25, 2005 FOIA request is the subject of Count 2 of the Complaint. DOEd seeks dismissal of both counts.

### B. Standard of Review for Motion to Dismiss or for Summary Judgment

If, in considering a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). Because matters outside the pleadings are presented in this case, the court will treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b)(6).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere

existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted).

### C. Analysis Regarding Motion for Summary Judgment

To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly

(2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). A suit is only authorized under the FOIA against federal agencies and injunctive relief is only available to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Once the requested records have been produced there is no longer a case or controversy and the FOIA action becomes moot. *See Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996); *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996); *see also Associated Gen'l Contractors of Am. v. City of Columbus*, 172 F.3d 411, 419 (6th Cir. 1999) (no justiciable controversy is presented when parties seek an advisory opinion or when the question sought to be adjudicated has been mooted by subsequent developments).

Count I of Mr. West's Complaint must be dismissed as moot as DOEd produced the records requested. In response to Mr. West's February 8, 2006 FOIA request, DOEd released four pages of records, a two page list of all allegations against Webster University received by OCR since October 10, 1993, and two pages defining the numeric codes used on the list. Dittmeier Decl. ¶ 5. DOEd informed Mr. West that it does not maintain a list of discrimination allegations filed with OCR that were not investigated by OCR. *Id*. ¶ 6. Then, DOEd undertook a supplemental search, turning up 96 additional pages containing information from which a list of retaliation and discrimination allegations against Webster that had not been investigated by OCR could be extrapolated. *Id*. ¶ 9. These 96 pages consisted of letters from OCR to complainants indicating that OCR would not initiate an investigation into the allegations as well as letters to Webster University memorializing OCR's resolution of the complaints that OCR had investigated. DOEd released these

documents to Mr. West.  *Id*. ¶ 10.  Despite diligent search, DOEd was unable to locate four complaints that fell in this category.  *Id*. ¶ 11.

Accordingly, Count I of the Complaint is moot because DOEd released the records requested by Mr. West.  While DOEd does not maintain a list of uninvestigated complaints of discrimination and retaliation, it released to Mr. West documents from which he could make such a list.  DOEd's document release was sufficient, as DOEd is not required to create a new document such as the separate list of uninvestigated complaints requested by Mr. West.  *Yeager v. DEA*, 678 F.2d 315, 321 (D.C. Cir. 1982) ("It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request.").

To the extent Mr. West challenges the adequacy of DOEd's search, the Court will grant summary judgment in favor of DOEd as well.  The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case.  *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).  The question is not whether other responsive documents may exist, but whether the search itself was adequate.  *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).  Before it can obtain summary judgment in a FOIA case, "an agency must show, viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated to uncover all relevant documents."  *Id*.  There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information.  *Blanton v. U.S. Dep't of Justice,* 182 F. Supp. 2d 81, 84 (D.D.C. 2002).

DOEd submitted the Declaration of William Dittmeier, the Chief Attorney of the Kansas City Enforcement Office of OCR.  *See* Def.'s Mot., Ex. 1, Dittmeier Decl.  The Declaration

establishes that DOEd conducted a reasonable search. While four files were missing, FOIA does not require DOEd to account for them, so long as it reasonably attempted to locate them. *Miller v. Dep't of State*, 779 F.2d 1378, 1385 (8th Cir. 1985) (FOIA does not require an agency to account for documents identified so long as it made a diligent search in those places the documents would be expected to be found); *see also Coalition on Political Assassinations v. DOD*, 12 Fed. Appx. 13, 14 (D.C. Cir. 2001) ("[t]hat responsive documents may have once existed does not establish that they remain in the [agency's] custody today."). Mr. Dittmeier's Declaration indicates that DOEd searched where they expected the files to be found, seeking to retrieve them from the Federal Records Center in Kansas City. DOEd was not able to locate the four files. Even so, because DOEd conducted a diligent and reasonable search, summary judgment will be granted in its favor.

Mr. West contends that DOEd did not conduct an adequate search because his own complaints of discrimination and retaliation, as described in Counts 3 through 12 of the Complaint, did not appear in the documents released to him. This allegation lacks merit. While no documents exist with regard to Counts 7 and 9, the released documents include OCR Case Numbers 07052011, 07053031, 07042051, and 07032032, and these encompass Mr. West's allegations in Counts 3 through 6, 8, and 10 through 12. Def.'s Reply, Ex. 1, 2d Declaration of William Dittmeier ¶¶ 6-7.

Mr. West also alleges that an unnamed DOEd receptionist told him that DOEd maintains a computer log of all reports of discrimination in order to monitor such reports, and that DOEd's record production should have included this computer log. As noted above, an agency's affidavits must be accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard*, 926 F.2d at 1200. The Court must accord Mr. Dittmeier's Declaration a presumption of good faith. On behalf

of DOEd, Mr. Dittmeier indicated that DOEd does not maintain a list of complaints that were not investigated. Dittmeier Decl. ¶ 6. Mr. West's allegation that an unnamed employee, on an unspecified date, told him otherwise is insufficient to overcome this presumption of good faith.

Mr. West also seeks documents pursuant to his November 25, 2005, FOIA request. In this request, Mr. West sought "information and materials that are responsive or pertain to a letter provided to this specific branch of the U.S. Dept. of Education Office for 'Reconsideration for 07052031' dated October 3, 2005." OCR personnel could not decipher what documents Mr. West was seeking because Mr. West's October 3 communication asked about a Sallie Mae loan and was not related to Mr. West's request for reconsideration of case number 07052031, which had not yet been processed. Subsequently, in response to DOEd's motion to dismiss, Mr. West for the first time made clear what documents he was seeking. He indicated that he meant to request DOEd's file regarding his request for reconsideration of OCR's decision on his discrimination complaint, case number 07052031. *See* Pl.'s Supp. Resp. to Mot. to Dismiss [Dkt. #39] at 4-5. As a result, on February 14, 2008, DOEd released a copy of this file, totaling 209 pages, to Mr. West.[3] *See* Def.'s Reply, Ex. 2, Decl. of Dailey ¶¶ 5-7. Because DOEd released the documents that are the subject of Count 2 of the Complaint, Count 2 is moot. *See Trueblood*, 943 F. Supp. at 67.

## IV. CONCLUSION

As explained above, Plaintiff's motion to reconsider [Dkt. ##38, 41, 43, 44] will be denied, and Defendant's motion to dismiss or for summary judgment [Dkt. #28] will be granted.

---

[3] The only information withheld was the names of the persons referenced in the document. This information was withheld pursuant to FOIA Exemption 6, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(6).

Accordingly, the Complaint will be dismissed. A memorializing order accompanies this Memorandum Opinion.


DATE: March 5, 2008                             _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge